THE HONORABLE RICARDO S. MARTINEZ

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| EMANUEL D. FAIR,<br><br>  Plaintiff,<br><br>v.<br><br>KING COUNTY, a political subdivision of the State of Washington; et al.,<br><br>  Defendants. | NO. 2:21-cv-01706-RSM<br><br>**MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>NOTE ON MOTION CALENDAR:<br>MARCH 18, 2022 |

## I. INTRODUCTION

Plaintiff EMANUEL FAIR, by and through his undersigned counsel, hereby moves for leave to amend his Complaint. Mr. Fair's proposed amendments name newly-identified defendants, add a claim, limit a claim, and add a limited number of newly-discovered facts. This is Plaintiff's First Amended Complaint and is timely filed pursuant to the Scheduling Order issued by this Court on January 28, 2022.[1] Per LCR 15, a proposed Amended Complaint is attached.[2]

### 1. FACTUAL BACKGROUND

At the time of filing, the named Parties were the only responsible Parties within Mr. Fair's knowledge. Through the exchange of initial disclosures, after receipt of certain records pursuant

---

[1] Dkt. # 14.
[2] Declaration of Ryan D. Dreveskracht in Support of Plaintiff's Motion for Leave to Amend Complaint ("Dreveskracht Decl."), Exhibit A.

MOTION FOR LEAVE TO AMEND COMPLAINT - 1
(21-cv-01706-RSM)

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

to requests made under the Public Records Act, and Mr. Fair has discovered: (1) the identity of additional defendants; (2) that facts support a claim for damages for the unconstitutional depravations of Fair's Fourteenth Amendment right to safe, humane, nonpunitive conditions of confinement; (3) that some of Plaintiff's theories would likely be subject to dismissal if not narrowed; and (4) various corrections to the facts were in order.

On February 25, 2022, counsel for Mr. Fair emailed to counsel for Defendants: "Attached is our First Amended Complaint, in redline and final. Please let me know by close of business if you consent to our filing it without seeking leave."[3] Counsel for Defendant King County responded that they opposed the amendment.[4] This motion was filed immediately.

## 2. ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Further, Federal Rule of Civil Procedure 15(a)(2) directs a court to "freely give leave when justice so requires." In the Ninth Circuit, "[t]he standard for granting leave to amend is generous." *United States ex rel. Lee v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 701 (9th Cir. 1990)). In determining whether to grant leave to amend, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Id*. It should be noted that "[u]ndue delay by itself, however, is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F. 3d 752, 758 (9th Cir. 1999). Here, none of the factors considered by the courts are present, and, therefore, Mr. Fair should be granted leave to amend.

---

[3] *Id.*, Exhibit A.
[4] *Id.*

MOTION FOR LEAVE TO AMEND COMPLAINT - 2
(21-cv-01706-RSM)

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

First, the record does not indicate any evidence of bad faith. Bad faith exists, for example, where a plaintiff adds a defendant in order to interrupt a court's jurisdiction, *id.* at 187, or where a plaintiff "seek[s] to prolong the litigation by adding new but baseless legal theories." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999). If a record does not indicate bad faith, a plaintiff's motion for leave to amend should be granted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Here, Mr. Fair seeks to add the proposed defendants because they have been discovered as culpable parties previously unidentified. Amending into the Complaint previously unidentified defendants is commonplace and is generally allowed as a matter of course. *See*, *e.g.*, *Mahone v. Pierce Cty.*, No. C14-5665, 2015 WL 164121, at *2 (W.D. Wash. Jan. 12, 2015); *Brass v. Cty. of Los Angeles*, 328 F.3d 1192, 1195-1198 (9th Cir. 2003); *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013). In fact, failure to afford a plaintiff such opportunity is error. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). Plaintiff does not have any ulterior motive for bringing the current motion.

Second, there is no undue delay. A motion to amend should be granted where a "suit is still in its early stages, and [the party has] offered a satisfactory explanation for [the] delay in naming . . . a defendant." *DCD*, 833 F.2d at 187. Further, as previously indicated, undue delay, by itself, is not a sufficient reason to deny a motion for leave to amend. *Bowles*, 198 F.3d at 758. Here, Mr. Fair was not aware of the culpability of the proposed defendants when he submitted his initial Complaint. Mr. Fair was first made aware of the involvement of the proposed defendants upon receiving initial disclosures and records requests pursuant to the Public Records Act, which he could not have obtained sooner. Moreover, this Motion is timely filed pursuant to the deadline set forth in the Scheduling Order issued by this Court on January 28, 2022.[5] Accordingly, Mr. Fair

---

[5] Dkt. #14.

MOTION FOR LEAVE TO AMEND COMPLAINT - 3
(21-cv-01706-RSM)

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

has demonstrated a satisfactory explanation for his delay in naming the defendants; there was no undue delay.

Third, Defendants will not be prejudiced if Mr. Fair is allowed to amend his Complaint. The party opposing amendment bears the burden to show prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Where a party is being added, there is no prejudice as long as the party has timely notice to pursue and preserve facts relevant to its defenses. *Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397, 1400 (9th Cir. 1984). Here, the matter is still in the early stages of litigation. The discovery period is still open. In this stage of the proceeding, the Parties will suffer no prejudice by the addition of the proposed defendants and a new Fourteenth Amendment claim.

Fourth, the Amended Complaint is not futile. A plaintiff should be granted leave to amend when a court can "conceive of facts" that would render a plaintiff's claim viable and underlying facts provide proper grounds for relief. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 701 (9th Cir. 1990) (after plaintiff's complaint was dismissed, court granted leave to amend complaint where amendment was not futile, as court could "conceive of facts" that would constitute the claim alleged). Here, the Amended Complaint would not be futile. The facts already included in the Complaint constitute nearly all the claims alleged, there are more than sufficient facts plead for the added claim under the Fourteenth Amendment, and the Amended Complaint adds additional, previously unidentified, responsible parties.

Finally, Mr. Fair has not previously amended his Complaint.

### 3.   PRAYER FOR RELIEF

Given that the standard to grant leave to amend is generous and none of the factors precluding amendment are present, Mr. Fair respectfully requests that the Court GRANT Plaintiff's Motion for Leave to Amend Complaint.

MOTION FOR LEAVE TO AMEND COMPLAINT - 4
(21-cv-01706-RSM)

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

DATED this 25th day of February, 2022.

        GALANDA BROADMAN, PLLC

        s/Ryan D. Dreveskracht
        ―――――――――――――――――――
        Ryan D. Dreveskracht, WSBA #42593
        s/Corinne Sebren
        ―――――――――――――――――――
        Corinne Sebren, WSBA # 58777
        Attorneys for Plaintiff
        P.O. Box 15146 Seattle, WA 98115
        (206) 557-7509 Fax: (206) 299-7690
        Email: ryan@galandabroadman.com
        Email: corinne@galandabroadman.com

MOTION FOR LEAVE TO AMEND COMPLAINT - 5
(21-cv-01706-RSM)

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

# CERTIFICATE OF SERVICE

I, Ryan Dreveskracht, declare as follows:

1. I am now and at all times herein mentioned a legal and permanent resident of the United States and the State of Washington, over the age of eighteen years, not a party to the above-entitled action, and competent to testify as a witness.

2. I am employed with the law firm of Galanda Broadman PLLC, 8606 35th Avenue NE, Ste. L1, Seattle, WA 98115.

3. I served the foregoing on all counsel of record via the Court's ECF filing system.

The foregoing statement is made under penalty of perjury and under the laws of the State of Washington and is true and correct.

Signed at Seattle, Washington, this 25th day of February, 2022.

Ryan Dreveskracht, WSBA #42593
Attorney for Plaintiff
P.O. Box 15146 Seattle, WA 98115
(206) 557-7509 Fax: (206) 299-7690
Email: ryan@galandabroadman.com

MOTION FOR LEAVE TO AMEND COMPLAINT - 6
(21-cv-01706-RSM)

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509