The Honorable John H. Chun
United States District Court Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| EMANUEL D. FAIR,<br><br>Plaintiff,<br><br>vs.<br><br>KING COUNTY, a political subdivision of the State of Washington, CITY OF REDMOND, a municipal entity and political subdivision of the State of Washington; BRIAN COATS, in his personal capacity; JEFF BAIRD, in his personal capacity,<br><br>Defendants. | ) | No. 21-cv-01706-JHC<br><br>DEFENDANTS KING COUNTY AND JEFF BAIRD'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT |

Defendants King County and Jeff Baird (hereinafter "King County Defendants"), in answer to Plaintiff's Third Amended Complaint ("complaint"), admit, deny, and state as follows:

## I. INTRODUCTION

1. Answering paragraph 1, King County defendants admit that Emanuel Fair was held at the King County Correctional Facility from 2010 to 2019. Any remaining allegations are denied.

2. Answering paragraph 2, King County defendants make no response as it appears to contain only legal conclusions for which no response is required, and the complaint speaks for itself. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191

3. Answering paragraph 3, King County defendants admit only that Emanuel Fair was charged in 2010 with the November 1, 2008, murder of Arpana Jinaga and was found not guilty by a jury in June 2019. King County defendants make no response to the remaining allegations in this paragraph as it appears to contain only legal conclusions for which no response is required, and the complaint speaks for itself. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.

4. Answering paragraph 4, King County defendants make no response as it appears to contain only legal conclusions for which no response is required, and the complaint speaks for itself. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

## II. PARTIES

13. Answering paragraph 13, King County defendants admit Mr. Fair is a resident of King County.

14. Answering paragraph 14, King County defendants admit that King County is a home rule charter county and a political subdivision of the State of Washington. King County defendants



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191

also admit that King County operates two adult detention facilities: the Maleng Regional Justice Center in Kent and the King County Correctional Facility (KCCF) in downtown Seattle and that those facilities provide custody, control, and supervision for inmates in King County. King County defendants admit only that the King County Prosecuting Attorney's Office (KCPAO) is a department within King County. MDOP is a unit within the Criminal Division of the KCPAO. King County defendants further admit the description of MDOP excerpted in Paragraph 14 appears to be true and correct description derived from the King County website. Any and all remaining allegations contained in Paragraph 14 are denied.

15. Answering paragraph 15, King County defendants make no response as the allegations contained therein do not pertain to these defendants.

16. Answering paragraph 16, King County defendants make no response as the allegations contained therein do not pertain to these defendants.

17. Answering paragraph 17, King County defendants admit only that Jeff Baird was a Senior Deputy Prosecuting Attorney at the time of Arpana Jinaga's murder. King County defendants deny the remaining allegations contained in paragraph 17.

## III. FACTUAL ALLEGATIONS

18. Answering paragraph 18, King County defendants admit that Arpana Jinaga was murdered in her home at the Valley View Apartments in Redmond, Washington sometime after she hosted a Halloween party with other residents of her apartment complex on the night of October 31, 2008. King County defendants are without sufficient information to determine the truth or falsity of the remaining allegations therein and, therefore, deny the same.



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191

19. Answering paragraph 19, King County defendants admit that on October 29, 2010, Emanuel Fair was charged with the murder of Arpana Jinaga and that he was a Black man who had a criminal history.

20. Answering paragraph 20, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

21. Answering paragraph 21, King County defendants admit that Emanuel Fair remained in the King County Correctional Facility while awaiting trial for murder and that his first trial in 2017 ended with the jury deadlocked and his second trial in 2019 ended with the jury finding him not guilty. Any additional or remaining allegations are denied.

**THE HALLOWEEN PARTY**

22. Answering paragraph 22, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

23. Answering paragraph 23, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

24. Answering paragraph 24, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

25. Answering paragraph 25, King County defendants admit that Fair told police he had been in Jinaga's apartment at some point during the party and also told police he had been in her bedroom briefly. King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

26. Answering paragraph 26, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191

27. Answering paragraph 27, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

28. Answering paragraph 28, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

29. Answering paragraph 29, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

30. Denied.

31. Answering paragraph 31, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

32. Answering paragraph 32, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

33. Answering paragraph 33, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

34. Answering paragraph 34, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

35. Answering paragraph 35, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

36. Answering paragraph 36, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

**THE MURDER**

37. Admit.

38. Answering paragraph 38, King County defendants admit that Jinaga's father had asked Jay to look in on her after growing concerned she was not returning calls. King County



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191

defendants are without sufficient information to determine the truth or falsity of the remaining allegations therein and, therefore, deny the same.

39. Answering paragraph 39, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

40. Answering paragraph 40, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

41. Answering paragraph 41, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

42. Answering paragraph 42, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

43. Answering paragraph 43, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

44. Answering paragraph 44, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

45. Answering paragraph 45, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

46. Answering paragraph 46, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

47. Answering paragraph 47, King County defendants admit that the medical examiner ruled Jinaga's cause of death to be asphyxiation by strangulation. King County defendants are without sufficient information to determine the truth or falsity of the remaining allegations therein and, therefore, deny the same.



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191

## THE MURDER INVESTIGATION

48. Answering paragraph 48, King County defendants admit that the Redmond Police Department arrived on the scene to investigate on Monday, November 3, 2008, and that MDOP Prosecutor Jeff Baird came to the scene at some point on Monday, November 3, 2008. King County defendants are without sufficient information to determine the truth or falsity of the remaining allegations therein and, therefore, deny the same.

49. Answering paragraph 49, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

50. Answering paragraph 50, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

51. Answering paragraph 51, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

52. Answering paragraph 52, King County defendants admit that Prosecutor Jeff Baird was the MDOP prosecutor assigned to the investigation into Ms. Jinaga's murder, which included being kept apprised of the investigation by the Redmond Police Department and exchanging emails with the Redmond Police Department. King County defendants admit that Baird assisted in drafting search warrants and the certification for determination of probable cause. King County defendants also admit that Chuck Pardee, a former police officer and a King County employee, did some forensic analysis of electronic devices in the case. Any and all remaining allegations are denied.

53. Answering paragraph 53, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

54. Answering paragraph 54, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191

55. Answering paragraph 55, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

56. Answering paragraph 56, King County defendants admit that Cameron Johnson was a suspect in the murder of Arpana Jinaga. King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

57. Answering paragraph 57, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

58. Answering paragraph 58, King County defendants admit that Cameron Johnson drove to Canada and attempted to cross the border on November 1, 2008. King County defendants are without sufficient information to determine the truth or falsity of the remaining allegations therein and, therefore, deny the same.

59. Answering paragraph 59, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

60. Answering paragraph 60, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

61. Answering paragraph 61, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

62. Answering paragraph 62, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

63. Answering paragraph 63, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

64. Answering paragraph 64, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191

65. Answering paragraph 65, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

66. Answering paragraph 66, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

67. Answering paragraph 67, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

68. Answering paragraph 68, King County defendants admit that a motor oil bottle was found in a bag found in a dumpster and that the bottle contained a mixed DNA profile and that Cameron Johnson was a possible contributor to that mixed DNA profile.

69. Answering paragraph 69, King County defendants admit only that Johnson could not be excluded from a mixed partial Y-STR profile on a portion of duct tape. All remaining allegations are denied.

70. Answering paragraph 70, King County defendants admit that Johnson's latent palm prints were found on the exterior or Jinaga's sliding glass door. King County defendants are without sufficient information to determine the truth or falsity of the remaining allegations therein and, therefore, deny the same.

71. Answering paragraph 71, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

72. Answering paragraph 72, King County defendants admit only that a lighter with a sticky substance was found in Johnson's apartment and was not collected. King County defendants are without sufficient information to determine the truth or falsity of the remaining allegations therein and, therefore, deny the same.



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191

73. Answering paragraph 73, King County defendants admit that Johnson was not held in custody after his second interview with police and his phone was not collected. King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

74. Answering paragraph 74, King County defendants admit that communications occurred between Nat Gasperetti, a Seattle Police Detective, and the Redmond Police Department and that prosecutors Baird and Ehlert were told of these communications. King County defendants are without sufficient information to determine the truth or falsity of the remaining allegations therein and, therefore, deny the same.

75. Answering paragraph 75, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

76. Answering paragraph 76, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

77. Answering paragraph 77, King County defendants admit that Johnson retained attorney John Henry Browne. King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

78. Answering paragraph 78, King County defendants admit that Defendant Baird knew defense attorney John Henry Browne in a professional capacity and communicated with John Henry Browne in order to interview Cameron Johnson, that Johnson was offered "use immunity" to be interviewed by investigators and Defendant Baird, that emails were exchanged between Baird and John Henry Browne, including the excerpt from paragraph 78e and that Fair was not offered immunity. King County defendants deny any remaining factual allegations pertaining to defendant Baird.



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191

79. Answering paragraph 79, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

80. Answering paragraph 80, King County defendants admit that Aaron Gurtler was looked into by police and admitted a sexual relationship with Jinaga. King County defendants are without sufficient information to determine the truth or falsity of the remaining allegations

81. Answering paragraph 81, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

82. Answering paragraph 82, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

83. Answering paragraph 83, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

84. Answering paragraph 84, King County defendants admit that the mixed DNA profile on the shoelace found in the bag with motor oil was inconclusive as to whether it contained DNA from Josiah Lovett. King County defendants are without sufficient information to determine the truth or falsity of the remaining allegations therein and, therefore, deny the same.

85. Answering paragraph 85, King County defendants admit that Dennis Rabitoy committed suicide after Jinaga's murder. King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

86. Answering paragraph 86, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

87. Answering paragraph 87, King County defendants admit that Aaron Gurtler's DNA was not compared to all evidence collected in the case and that some lab work was paid for by the KCPAO. All remaining allegations are denied.



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191

88. Denied.

89. Denied.

90. Answering paragraph 90, King County defendants admit that Fair had criminal history, including convictions for two counts of Rape of a Child in the Second Degree. All remaining allegations are denied.

91. Denied.

92. Denied.

93. Answering paragraph 93, King County defendants deny the implication behind "MDOP's pursuit of Fair." King County defendants are without sufficient information to determine the truth or falsity of the remaining allegations therein and, therefore, deny the same.

94. Answering paragraph 94, King County defendants admit that a bloody tissue found on the side of Jinaga's bed on the opposite side of the door to the bedroom had a single male DNA source that was associated with Fair at a statistic of 1 in 550 trillion; that a partial Y-STR profile was found on a neck swab from Jinaga's neck that was observed in the population in one out of 3803 individuals, including Fair; that a swab taken from a portion of Jinaga's robe that had her blood on it, contained a partial DNA profile found in 1 in 340 individuals, including Fair; and that a portion of duct tape containing hairs from Jinaga and fiber from her underwear, and likely used as a gag during her murder, contained a partial DNA profile found in 1 in 3.4 million individuals, including Fair. King County defendants admit that a motor oil bottle was found in a bag found in a dumpster and that the bottle contained a mixed DNA profile and that Cameron Johnson was a possible contributor to that mixed DNA profile, that Cameron Johnson's latent palm print was found on the exterior of Jinaga's slider door, and that Johnson and Jinaga's balconies were next to



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191

each other. King County defendants are without sufficient information to determine the truth or falsity of the remaining allegations therein and, therefore, deny the same.

95. Answering paragraph 95, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

96. Denied.

97. Denied.

98. Answering paragraph 98, King County defendants admit that Defendant Coats was one of the lead investigators in the Jinaga investigation. King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

99. Answering paragraph 99, King County defendants deny that Defendant Baird was "way up there" on the chain of command or in any way led the investigation into the Jinaga homicide. King County defendants are without sufficient information to determine the truth or falsity of the remaining allegations therein and, therefore, deny the same.

100. Answering paragraph 100, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

101. Denied.

102. Answering paragraph 102, King County defendants deny that MDOP prosecutors ever took over the Jinaga investigation. King County defendants admit that there was evidence potentially implicating Johnson, although not to the exclusion of Fair. King County defendants are without sufficient information to determine the truth or falsity of the remaining allegations therein and, therefore, deny the same.



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191

103. Answering paragraph 103, King County defendants admit that at one point in the investigation, Fair became a prime suspect and that Leslie Potts told investigators that Fair was staying at her apartment the night of the party. King County defendants deny that Fair had an alibi or that Leslie Potts' statement provided an alibi to Fair. Any remaining factual allegations are denied.

104. Denied.

105. Denied.

106. Answering paragraph 106, King County defendants admit that a brown bath towel had a male DNA profile found in 1 in 89 quadrillion individuals, including Gurtler; that a partial DNA profile found on a light green fitted sheet in Jinaga's bedroom could be found in 1 in 36 individuals, including Gurtler; that Johnson could not be excluded from a mixed partial Y-STR profile on a portion of duct tape; and that a mixed DNA profile on a shoelace found in the bag with motor oil was inconclusive as to whether it contained DNA from Josiah Lovett. All remaining allegations are denied.

107. Answering paragraph 107, King County defendants admit that Fair's DNA was on a portion of the duct tape that contained Jinaga's hair and underwear fibers, suggesting it was used to gag her. All remaining allegations are denied.

108. Answering paragraph 108, King County defendants admit that a swab taken from a portion of Jinaga's robe that had her blood on it, contained a partial DNA profile found in 1 in 340 individuals, including Fair. All remaining allegations are denied.

109. Denied.

110. Answering paragraph 110, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191

111. Answering paragraph 111, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

112. Answering paragraph 112, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

113. Denied.

114. Denied.

115. Answering paragraph 115, King County defendants deny that Defendant Baird was an investigator or directed or supervised the Jinaga murder investigation. All remaining allegations are denied as well.

116. Answering paragraph 116, King County defendants deny that Defendant Baird or MDOP prosecutor operated as investigators in the Jinaga investigation. All remaining allegations are also denied.

117. Answering paragraph 117, King County defendants deny that Fair received disparate treatment or that MDOP acted as an investigator during the Jinaga investigation. All remaining allegations are also denied.

118. Answering paragraph 118, King County defendants admit only that Sue Peters authored two reports in this case and was deposed regarding this lawsuit. As to the remaining allegations contained in paragraph 118, King County defendants are without sufficient information to determine the truth or falsity of the allegations contained therein and, therefore, deny the same.

119. Answering paragraph 119, King County defendants admit only that Sue Peters authored two reports in this case and was deposed regarding this lawsuit. As to the remaining allegations contained in paragraph 119, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191

120. Answering paragraph 120, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

121. Answering paragraph 121, King County defendants deny that Jeff Baird was a "point person" in the investigation. King County defendants are without sufficient information to determine the truth or falsity of the remaining allegations therein and, therefore, deny the same.

122. Answering paragraph 122, King County defendants deny that Defendant Baird was responsible for maintaining the "case file." King County defendants are without sufficient information to determine the truth or falsity of the remaining allegations therein and, therefore, deny the same.

123. Answering paragraph 123, King County defendants admit only that Defendant Baird originated and responded to many emails regarding the Jinaga investigation. All remaining allegations are denied.

124. Answering paragraph 124, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

125. Answering paragraph 125, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

126. Answering paragraph 126, King County defendants admit that Defendant Jeff Baird communicated with RPD on many occasions during the Jinaga investigation and that Baird and MDOP did not have access to the RPD computer systems. All remaining allegations regarding MDOP are denied. King County defendants are without sufficient information to determine the truth or falsity of the remaining allegations therein and, therefore, deny the same.

127. Answering paragraph 127, King County defendants deny that MDOP prosecutors are required to write investigative reports as they are not investigators. King County defendants are



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191

without sufficient information to determine the truth or falsity of the remaining allegations therein and, therefore, deny the same.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

**PROBABLE CAUSE & ARREST**

136. Answering paragraph 136, King County defendants admit that Emanuel Fair was charged with the murder of Arpana Jinaga. All remaining allegations are denied.

137. Answering paragraph 137, King County defendants admit that Fair was arrested and questioned by RPD detectives. King County defendants are without sufficient information to determine the truth of falsity of the remaining allegations therein and, therefore, deny the same.

138. Answering paragraph 138, King County defendants admit that Fair was arrested on his birthday. All remaining allegations are denied.

139. Answering paragraph 139, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

140. Answering paragraph 140, King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191

141. Denied.

142. Answering paragraph 142, the Certification for Determination of Probable Cause speaks for itself. All remaining allegations are denied.

143. Answering paragraph 143, the Certification for Determination of Probable Cause speaks for itself. All remaining allegations are denied.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. Answering paragraph 148, King County defendants admit only that Defendant Baird's deposition testimony speaks for itself. King County defendants make no response to the remaining allegations contained in this paragraph as they do not pertain to these defendants.

149. Denied.

150. Denied.

151. Answering paragraph 151, the Certification for Determination of Probable Cause speaks for itself. King County defendants are without sufficient information to determine the truth or falsity of the allegations contained in this paragraph of the complaint and, therefore, deny the same.

152. Answering paragraph 152, the Certification for Determination of Probable Cause speaks for itself. King County defendants deny that any evidence was ignored. All remaining allegations are denied.



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191

153. Answering paragraph 153, the Certification for Determination of Probable Cause speaks for itself.

154. Answering paragraph 154, the Certification for Determination of Probable Cause speaks for itself.

155. Answering paragraph 155, the Certification for Determination of Probable Cause speaks for itself.

156. Answering paragraph 156, the Certification for Determination of Probable Cause speaks for itself.

157. Answering paragraph 157, the Certification for Determination of Probable Cause speaks for itself. All remaining allegations are denied.

158. Answering paragraph 158, the Certification for Determination of Probable Cause speaks for itself. All remaining allegations are denied.

159. Answering paragraph 159, King County defendants admit that Defendant Baird identifies as Caucasian and drafted the certification for determination of probable cause.

160. Answering paragraph 160, King County defendants make no response as the allegations contained therein do not pertain to these defendants.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

165. Answering paragraph 165, King County defendants admit that a partial Y-STR profile was found on a neck swab from Jinaga's neck that was observed in the population in one out



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191

of  3803 individuals, including Fair and that Johnson could not be excluded from a mixed partial Y-STR profile on a portion of duct tape.  All remaining allegations are denied.

166. Denied.

167. Answering paragraph 167, King County defendants admit that no eyewitness to the murder was identified other than Fair.  King County defendants are without sufficient information to determine the truth or falsity of the allegations therein and, therefore, deny the same.

168. Answering paragraph 168, the Certification for Determination of Probable Cause speaks for itself. King County defendants deny that any egregious misrepresentation or omission was made in the Certification.

169. Answering paragraph 169, the Certification for Determination of Probable Cause speaks for itself. All remaining allegations are denied.

170. Answering paragraph 170, the Certification for Determination of Probable Cause speaks for itself. All remaining allegations are denied.

171. Answering paragraph 171, defendant Baird's deposition testimony speaks for itself.

172. Answering paragraph 172, defendant Jeff Baird's deposition testimony speaks for itself.  Any remaining allegations, including that Baird was a lead detective on the case, are denied.

173. Answering paragraph 173, King County defendants admit that defendant Baird knew about the physical evidence in the case.  King County defendants are without sufficient information to determine the truth or falsity of the remaining allegations contained in this paragraph of the complaint and, therefore, deny the same.

174. Answering paragraph 174, King County defendants are without sufficient information to determine the truth or falsity of the allegations contained in this paragraph of the complaint and, therefore, deny the same.



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191

175. Answering paragraph 175, King County defendants are without sufficient information to determine the truth or falsity of the allegations contained in this paragraph of the complaint and, therefore, deny the same.

176. Answering paragraph 176, King County defendants admit that Fair was ultimately charged with the murder of Arpana Jinaga. All remaining allegations are denied.

177. Denied.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

182. Denied.

183. Denied.

184. Denied.

185. Denied.

186. Denied.

187. Answering paragraph 187, King County defendants are without sufficient information to determine the truth or falsity of the allegations contained in this paragraph of the complaint and, therefore, deny the same.

188. Answering paragraph 188, King County defendants admit that Dan Satterberg was consulted for approval of the final charging decision. All remaining allegations are denied.

189. Answering paragraph 189, King County defendants are without sufficient information to determine the truth or falsity of the allegations contained in this paragraph of the complaint and, therefore, deny the same.



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191

190. Denied.

191. Answering paragraph 191, King County defendants admit that Emanuel Fair was charged on October 29, 2010, with the murder of Arpana Jinaga and booked into the King County Correctional Facility, and as of this date is the only person charged with her murder.

**PRETRIAL DETENTION AND TRIALS**

192. Answering paragraph 192, King County defendants admit that Fair remained in custody until his first jury trial commenced.

193. Answering paragraph 193, King County defendants admit that Fair's first trial in 2017 ended with a jury deadlock. The remaining allegations are denied.

194. Answering paragraph 194, King County defendants admit that Fair's second trial occurred in May and June 2019.

195. Answering paragraph 195, King County defendants admit that Fair was found not guilty in his 2019 trial.

196. Denied.

197. Answering paragraph 197, King County defendants admit that Fair spent the majority of his time in custody in administrative segregation at his request. All remaining allegations are denied.

198. Denied.

199. Denied.

200. Denied.

201. Denied.

202. Denied.

203. Denied.



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191

## IV. JURISDICTION AND VENUE

204. Answering paragraph 204, King County defendants leave the issue of jurisdiction to the Court.

205. Answering paragraph 205, King County defendants leave the issue of venue to the Court.

## V. STATUTORY COMPLIANCE

206. Answering paragraph 206, King County defendants admit only that a Claim for Damages form (#72091) was received by King County on April 27, 2021.

207. Answering paragraph 207, King County defendants make no response to the allegations in paragraph 207 as it appears to contain only legal conclusions for which no response is required. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.

## VI. FIRST CAUSE OF ACTION – 42 U.S.C. § 1983 – CLAIMS RELATED TO MALICIOUS PROSECUTION AND JUDICIAL DECEPTION - INVESTIGATING DEFENDANTS

208. King County defendants reallege their previous responses to plaintiff's complaint as if fully set forth herein.

209. Denied.

### ***Monnell*** **Claims – Defendants King County and City of Redmond**

210. Denied.

### **Policy, Established Practice, and Custom (Defendant King County)**

211. Denied.

212. Denied.

213. Denied.



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191

214. Denied.

215. Answering paragraph 215, including subparagraphs a – j, King County defendants deny the allegations contained therein.

216. Denied.

217. Denied.

218. Denied.

219. Answering paragraph 219, including subparagraphs a. – j., King County defendants deny the allegations contained therein.

220. Answering paragraph 220, including subparagraphs a. – e., King County defendants deny the allegations contained therein.

221. Answering paragraph 221, including subparagraphs a. – c., King County defendants deny the allegations contained therein.

222. Denied.

**Ratification (Defendant King County)**

223. Denied.

224. Denied.

225. Answering paragraph 225, King County defendants admit only that Jeff Baird worked in, and was a supervisor in, the MDOP unit at all times material to this Complaint. All remaining allegations are denied.

226. Answering paragraph 226, King County defendants admit that at all times material to this Complaint, Prosecutor Satterberg was Jeff Baird's supervisor and Satterberg held the final decision making authority for the KCPAO. To the extent other allegations are alleged, they are denied.



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191

**Failure to Train (Defendants King County and Redmond Police Department)**

227. Answering paragraph 227, King County defendants make no response as it appears to contain only legal conclusions for which no response is required. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied as they pertain to King County defendants. King County defendants are not obligated to answer for City of Redmond defendants and, therefore, make no response.

228. Answering paragraph 228, King County defendants deny the allegations as they pertain to King County defendants. King County defendants are not obligated to answer for City of Redmond defendants and, therefore, make no response.

229. Answering paragraph 229, King County defendants deny the allegations as they pertain to King County defendants. King County defendants are not obligated to answer for City of Redmond defendants and, therefore, make no response to allegations pertaining to these defendants.

230. Answering paragraph 230, King County defendants are not obligated to answer for City of Redmond defendants and, therefore, make no response.

231. Answering paragraph 231, including subparagraphs a. – k., King County defendants deny that its employees, including Jeff Baird, were investigators and had to be trained to conduct investigations. King County defendants are not obligated to answer for City of Redmond defendants and, therefore, make no response to allegations pertaining these defendants.

232. Answering paragraph 232, King County defendants deny the allegations contained therein as they pertain to King County defendants. King County defendants are not obligated to answer for City of Redmond defendants and, therefore, make no response to allegations pertaining these defendants.



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191

233. Answering paragraph 233, King County defendants deny the allegations contained therein as they pertain to King County defendants. King County defendants are not obligated to answer for City of Redmond defendants and, therefore, make no response to allegations pertaining these defendants.

234. Answering paragraph 234, King County defendants deny the allegations contained therein as they pertain to King County defendants. King County defendants are not obligated to answer for City of Redmond defendants and, therefore, make no response to allegations pertaining these defendants.

235. Answering paragraph 235, King County defendants deny the allegations contained therein as they pertain to King County defendants. King County defendants are not obligated to answer for City of Redmond defendants and, therefore, make no response to allegations pertaining these defendants.

**Individual Capacity Claims – Defendants Jeff Baird and Brian Coats**

236. Answering paragraph 236, King County defendants make no response to the allegations in paragraph 236 as it appears to contain only legal conclusions for which no response is required. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied as they pertain to King County defendants. King County defendants are not obligated to answer for City of Redmond defendants and, therefore, make no response to allegations pertaining these defendants.

237. Answering paragraph 237, King County defendants deny the allegations contained therein as they pertain to King County defendants. King County defendants are not obligated to answer for City of Redmond defendants and, therefore, make no response to allegations pertaining these defendants.



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191

238. Denied.

239. Denied.

240. Answering paragraph 240, King County defendants make no response to the allegations in the first two sentences of paragraph 240 as they appear to contain only legal conclusions for which no response is required. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied. The remaining allegations in paragraph 240 are denied.

## VII. SECOND CAUSE OF ACTION – 42 U.S.C. § 1983 – CLAIMS RELATED TO FAIR'S CONDITIONS OF CONFINEMENT – DEFENDANT KING COUNTY

241. Answering paragraph 241, King County defendants make no response to the allegations in paragraph 141 as it appears to contain only legal conclusions for which no response is required. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.

242. Answering paragraph 242, King County defendants make no response to the allegations in the paragraph as it appears to contain only legal conclusions for which no response is required. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.

243. Answering paragraph 243, King County defendants make no response to the allegations as it appears to contain only legal conclusions for which no response is required. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.

244. Denied.



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191

245. Answering paragraph 245, King County defendants make no response to the first sentences of paragraph 245 as it appears to contain only legal conclusions for which no response is required. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied. The remaining allegations in paragraph 245 are denied.

246. Denied.

247. Denied.

248. Denied.

249. Denied.

250. Denied.

251. Denied.

252. Denied.

253. Denied.

## VIII. THIRD CAUSE OF ACTION – MALICIOUS PROSECUTION

254. Answering paragraph 254, King County defendants reallege their previous responses to plaintiff's complaint as if fully set forth herein.

255. Answering paragraph 255, King County defendants make no response as it appears to contain only legal conclusions for which no response is required. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged they are hereby denied.

256. Denied.



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191

257. Answering paragraph 257, King County defendants admit that the King County Prosecutor charged plaintiff with the murder of Arpana Jinaga.

258. Denied.

259. Denied.

260. Denied.

261. Denied.

## IX. FOURTH CAUSE OF ACTION – NEGLIGENCE – DEFENDANTS KING COUNTY AND CITY OF REDMOND

262. Answering paragraph 262, King County defendants reallege their previous responses to plaintiff's complaint as if fully set forth herein.

263. Answering paragraph 263, King County defendants make no response as it appears to contain only legal conclusions for which no response is required. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged they are hereby denied as pertains to King County defendants. King County defendants are not obligated to answer for City of Redmond defendants and, therefore, make no response to allegations pertaining these defendants.

264. Denied as to King County defendants. King County defendants are not obligated to answer for City of Redmond defendants and, therefore, make no response to allegations pertaining these defendants.

265. Denied as to King County defendants. King County defendants are not obligated to answer for City of Redmond defendants and, therefore, make no response to allegations pertaining these defendants.



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191

266. Denied as to King County defendants. King County defendants are not obligated to answer for City of Redmond defendants and, therefore, make no response to allegations pertaining these defendants.

267. Denied as to King County defendants. King County defendants are not obligated to answer for City of Redmond defendants and, therefore, make no response to allegations pertaining these defendants.

## X. FIFTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – DEFENDANTS KING COUNTY AND CITY OF REMOND

268. Answering paragraph 268, King County defendants reallege their previous responses to plaintiff's complaint as if fully set forth herein.

269. Denied as to King County defendants. King County defendants are not obligated to answer for City of Redmond defendants and, therefore, make no response to allegations pertaining these defendants.

270. Denied as to King County defendants. King County defendants are not obligated to answer for City of Redmond defendants and, therefore, make no response to allegations pertaining these defendants.

271. Denied as to King County defendants. King County defendants are not obligated to answer for City of Redmond defendants and, therefore, make no response to allegations pertaining these defendants.

## XI. SIXTH CAUSE OF ACTION – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – DEFENDANTS KING COUNTY AND CITY OF REDMOND

272. Answering paragraph 272, King County defendants reallege their previous responses to plaintiff's complaint as if fully set forth herein.



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191

273. Denied as to King County defendants. King County defendants are not obligated to answer for City of Redmond defendants and, therefore, make no response to allegations pertaining these defendants.

274. Denied as to King County defendants. King County defendants are not obligated to answer for City of Redmond defendants and, therefore, make no response to allegations pertaining these defendants.

275. Denied.

276. Denied as to King County defendants. King County defendants are not obligated to answer for City of Redmond defendants and, therefore, make no response to allegations pertaining these defendants.

## XII. PRAYER FOR RELIEF

King County defendants deny that plaintiff is entitled to recover any of the relief sought in Section XII. Prayer for Relief, including paragraphs 277 and 278 and it's subparts (a) – (e) on pages 65-66 of plaintiff's complaint.

King County defendants deny any remaining allegations contained in plaintiff's complaint not expressly admitted herein.

BY WAY OF FURTHER ANSWER and AFFIRMATIVE DEFENSES, and without admitting anything previously denied, King County defendants state as follows:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. King County defendants assert that the actions complained of in the complaint are protected by prosecutorial immunity.



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191

3. All or some of plaintiff's causes of action are barred by the statute of limitations.

4. Plaintiff has waived some or all of the claims in this lawsuit.

5. Plaintiff's claims are barred by the doctrine of laches.

6. Plaintiff's injuries and damages, if any, were proximately caused by the negligence and/or fault of the plaintiff and/or others.

7. The damages and/or injuries sustained, if any, were caused solely or in part by the fault of a third party or entity not within the control of King County defendants, and pursuant to RCW 4.22.070, fault must be apportioned.

8. Some or all of plaintiff's claims are barred by the preclusive findings of probable cause.

9. King County defendants have no role in establishing policy or practice of the Prosecuting Attorney's Office related to the prosecution of crimes.

10. King County defendants are not liable for pre-judgment interest because the State of Washington, of which King County is a political subdivision, has not consented to such pre-judgment interest. RCW 4.56.115.

11. Plaintiff's claims are barred by prosecutorial immunity.

12. Plaintiff's claims are barred by qualified immunity.

13. Plaintiff's claims are barred by State law qualified immunity.

14. Plaintiff may have failed to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997.

15. If Plaintiff sustained any injury or damage, the same was the result of reasonable and required conduct of defendant King County and its employees under the circumstances and was excusable and justifiable in connection with the detention.



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191

King County defendants reserve the right to amend this Answer, including these affirmative defenses, if and when additional facts are discovered which support such amendments.

WHEREFORE, King County defendants pray as follows:

That plaintiff takes nothing by his complaint, that the complaint be dismissed with prejudice, that King County defendants be awarded their costs and reasonable attorneys' fees incurred herein and for such other and further relief as the Court deems just and equitable.

DATED this 2nd day of December, 2024.

LEESA MANION (she/her)
King County Prosecuting Attorney

By: */s/ CARLA B. CARLSTROM*
CARLA B. CARLSTROM, WSBA #27521
KARISSA L. TAYLOR, WSBA #31563
Senior Deputy Prosecuting Attorneys
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 296-8820 / Fax (206) 296-0191
Carla.carlstrom@kingcounty.gov
karissa.taylor@kingcounty.gov
Attorneys for King County defendants

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on December 2, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF E-filing System which will send notification of such filing to the following parties:

Ryan Dreveskracht, WSBA No. 42593
Corinne Sebren, WSBA No. 58777
Rachel Tobias, WSBA No. 34111
Galanda Broadman, PLLC
8606 35th Avenue NE, Suite L1
Seattle, WA 98115
*Attorneys for Plaintiff*

Robert L. Christie, WSBA No. 10895
Salim D. Lewis, WSBA No. 52660
Baker Sterchi Cowden & Rice, LLC
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
*Attorneys for Defendants City of Redmond*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 2nd day of December, 2024, at Seattle, Washington.

Rodrigo Fernandez
Paralegal I
King County Prosecuting Attorney's Office



**Leesa Manion** (she/her), Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA, 98104
Phone: (206) 477-1120 / Fax: (206) 296-0191