THE HONORABLE JOHN H. CHUN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMANUEL D. FAIR,<br><br>Plaintiff<br><br>v.<br><br>KING COUNTY, a political subdivision of the State of Washington; CITY OF REDMOND, a municipal entity and political subdivision of the State of Washington; BRIAN COATS, in his personal capacity; and JEFF BAIRD, in his personal capacity,<br><br>Defendants. | NO. 2:21-cv-01706-JHC<br><br>ANSWER OF DEFENDANTS CITY OF REDMOND AND BRIAN COATS ("CITY DEFENDANTS") TO PLAINTIFF'S THIRD AMENDED COMPLAINT |

COME NOW defendants CITY OF REDMOND and BRIAN COATS, by and through undersigned counsel, and by way of Answer to Plaintiff's Third Amended Complaint, admit, deny and allege as follows:

## I. INTRODUCTION

1. The City Defendants admit that plaintiff was detained in the King County Correctional Facility. Except as so admitted, the City Defendants deny all allegations in Paragraph 1.



**BAKER STERCHI COWDEN & RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

2. Paragraph 2 contains no allegations to which an answer is required. To the extent an answer is required, the City Defendants deny all allegations in Paragraph 2.

3. The City Defendants admit the State of Washington, by and through Daniel Satterberg as the Prosecuting Attorney for King County, filed an Information on October 29, 2010, charging plaintiff with Murder in the First Degree of Arpana Jinaga. The City Defendants also admit that for some period prior to June 2019 plaintiff was detained in the King County Correction Facility. Except as so admitted, the City Defendants deny all allegations in Paragraph 3 for lack of information.

4. Paragraph 4 contains improper legal conclusions directed at other defendants to which no answer is required. To the extent an answer is required, the City Defendants deny all allegations contained in Paragraph 4 for lack of information.

5. The City Defendants deny all allegations contained in Paragraph 5.

6. The City Defendants admit a psychic medium was briefly consulted, but this consult was not integral to the investigation and did not change how detectives investigated the suspects in this case. Except as so admitted, the City Defendants deny all allegations contained in Paragraph 6.

7. The City Defendants deny all allegations contained in Paragraph 7.

8. The City Defendants deny all allegations contained in Paragraph 8.

9. The City Defendants deny all allegations contained in Paragraph 9.

10. Paragraph 10 contains both improper legal conclusions and allegations directed at other defendants, so no answer is required. To the extent an answer is required, the City Defendants admit that for some time prior to June 2019 plaintiff was detained in the King County Correction Facility. Except as admitted, the City Defendants deny all allegations in paragraph 10 for lack of



**BAKER STERCHI COWDEN & RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

information.

11. Paragraph 11 contains both improper legal conclusions and allegations directed at other defendants, so no answer is required. To the extent an answer is required, the City Defendants deny all allegations contained in Paragraph 11.

12. The City Defendants deny all allegations contained in Paragraph 12.

## II. PARTIES

13. The City Defendants deny all allegations in Paragraph 13 for lack of information.

14. Paragraph 14 contains allegations not directed at the City Defendants. To the extent an answer is required, the City Defendants deny all allegations in Paragraph 14 for lack of information.

15. The City Defendants admit the City of Redmond is a municipality within the State of Washington and that the Redmond Police Department is a department within the City. The City Defendants also admit that the Redmond Police Department provides training and supervision of its officers and has policies and procedures. Except as so admitted, the City Defendants deny all allegations in Paragraph 15.

16. The City Defendants admit Brian Coats was, at all times relevant, a detective with the Redmond Police Department and participated in the investigation of the murder of Arpana Jinaga. Except as so admitted, the City Defendants deny all allegations in Paragraph 16.

17. Paragraph 17 contains allegations not directed at the City Defendants. To the extent an answer is required, the City Defendants deny all allegations in Paragraph 17 for lack of information.



**BAKER STERCHI COWDEN & RICE, LLC**
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
206-957-9669

## III. FACTUAL ALLEGATIONS

18. The City Defendants admit Arpana Jinaga was murdered in her apartment at the Valley View Apartments in Redmond, Washington in the early morning hours of November 1, 2008, and further admit that there had been a Halloween party in multiple units of this complex, including Ms. Jinaga's unit, that began on October 31, 2008. Except as so admitted, the City Defendants deny all allegations in Paragraph 18 for lack of information.

19. The City Defendants admit that prior to 2010 plaintiff had a history of criminal convictions. The City Defendants further admit that the State of Washington, by and through Daniel Satterberg as the Prosecuting Attorney for King County, filed an Information on October 29, 2010, charging plaintiff with Murder in the First Degree of Arpana Jinaga. The City Defendants further admit that plaintiff is a Black man. Except as admitted, the allegations in Paragraph 19 are denied.

20. The City Defendants deny all allegations in Paragraph 20 for lack of information.

21. The City Defendants admit Mr. Fair's first trial in 2017 ended with a hung jury and he was acquitted following a second trial in 2019. The City Defendants also admit that for some time prior to June 2019 plaintiff was detained in the King County Correction Facility. Except as so admitted, the City Defendants deny all allegations in Paragraph 21 for lack of information.

22. The City Defendants deny all allegations in Paragraph 22 for lack of information.

23. The City Defendants deny all allegations in Paragraph 23 for lack of information.

24. The City Defendants deny all allegations in Paragraph 24 for lack of information.

25. The City Defendants deny all allegations in Paragraph 25 for lack of information.

26. The City Defendants deny all allegations in Paragraph 26 for lack of information.



**BAKER STERCHI COWDEN & RICE, LLC**
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
206-957-9669

27. The City Defendants admit that there was evidence gathered and produced to plaintiff's underlying criminal defense counsel pertaining to party attendance. Except as so admitted, the City Defendants deny all allegations in Paragraph 27.

28. The City Defendants admit that there was evidence gathered and produced to plaintiff's underlying criminal defense counsel pertaining to the level of drinking and the conduct of some of the attendees at the party. Except as so admitted, the City Defendants deny all allegations in Paragraph 28.

29. The City Defendants admit that there was evidence gathered and produced to plaintiff's underlying criminal defense counsel pertaining to when the party activities concluded and when Ms. Jinaga was in her apartment. Except as so admitted, the City Defendants deny all allegations in Paragraph 29.

30. The City Defendants admit that there was evidence gathered and produced to plaintiff's underlying criminal defense counsel pertaining to interaction between Cameron Johnson and plaintiff in the early morning hours of November 1, 2018, as well as evidence pertaining to Leslie Potts and her interactions with plaintiff in her apartment. The City Defendants deny that plaintiff "went back to his friend Leslie Potts' apartment and slept in her bed" as alleged in paragraph 30, something that Ms. Potts specifically denied. Except as so admitted, the City Defendants deny all allegations in Paragraph 30.

31. The City Defendants deny all allegations in Paragraph 31.

32. The City Defendants admit that there was evidence gathered and produced to plaintiff's underlying criminal defense counsel pertaining to who last saw Ms. Jinaga. The City



**BAKER STERCHI COWDEN & RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

Defendants otherwise deny all allegations in Paragraph 32.

33. The City Defendants admit that there was evidence gathered and produced to plaintiff's underlying criminal defense counsel pertaining to events and activities on the morning after the party. The City Defendants otherwise deny all allegations in Paragraph 33.

34. The City Defendants admit that there was evidence gathered and produced to plaintiff's underlying defense counsel pertaining to statements made by Ms. Potts. The City Defendants otherwise deny all allegations in Paragraph 34.

35. The City Defendants admit that there was evidence gathered and produced to plaintiff's underlying criminal defense counsel pertaining to events and activities on the morning after the party. The City Defendants otherwise deny all allegations in Paragraph 35.

36. The City Defendants deny all allegations in Paragraph 36 for lack of information.

37. The City Defendants admit that there was evidence gathered and produced to plaintiff's underlying criminal defense counsel pertaining to events and activities surrounding the discovery of Ms. Jinaga's body on Monday, November 3, 2008, including the involvement of Cameron Johnson in those activities. The City Defendants otherwise deny all allegations in Paragraph 37.

38. The City Defendants admit that there was evidence gathered and produced to plaintiff's underlying criminal defense counsel pertaining to events and activities leading up to and surrounding the discovery of Ms. Jinaga's body on Monday, November 3, 2008, including the involvement of Cameron Johnson in those activities. The City Defendants otherwise deny all allegations in Paragraph 38.



**BAKER STERCHI COWDEN & RICE, LLC**
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
206-957-9669

39. The City Defendants admit that there was evidence gathered and produced to plaintiff's underlying criminal defense counsel pertaining to events and activities surrounding the discovery of Ms. Jinaga's body, including the condition of her apartment door. The City Defendants otherwise deny all allegations in Paragraph 39.

40. The City Defendants admit that there was evidence gathered and produced to plaintiff's underlying criminal defense counsel pertaining to the location of and condition of Ms. Jinaga's body, including events and activities following the discovery her body. The City Defendants otherwise deny all allegations in Paragraph 40.

41. The City Defendants admit that there was evidence gathered and produced to plaintiff's underlying criminal defense counsel pertaining to the condition of Ms. Jinaga's body and her apartment. The City Defendants otherwise deny all allegations in Paragraph 41.

42. The City Defendants admit that there was evidence gathered and produced to plaintiff's underlying criminal defense counsel pertaining to statements on the part of Cameron Johnson about events and activities preceding the discovery of Ms. Jinaga's body on Monday, November 3, 2008, including statements that he made concerning what he claims to have heard in the early morning hours of November 1, 2008. The City Defendants otherwise deny all allegations in Paragraph 42.

43. The City Defendants admit that there was evidence gathered and produced to plaintiff's underlying criminal defense counsel pertaining to statements on the part of Kyle Rose about events and activities preceding the discovery of Ms. Jinaga's body on Monday, November 3, 2008, including statements that he made concerning what he claims to have heard in the early morning hours



**BAKER STERCHI COWDEN & RICE, LLC**
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
206-957-9669

of November 1, 2008. The City Defendants otherwise deny all allegations in Paragraph 43.

44. The City Defendants admit that there was evidence gathered and produced to plaintiff's underlying criminal defense counsel pertaining to statements on the part of Jeffrey Perras about events and activities preceding the discovery of Ms. Jinaga's body on Monday, November 3, 2008. The City Defendants otherwise deny all allegations in Paragraph 44.

45. The City Defendants admit that there was evidence gathered and produced to plaintiff's underlying criminal defense counsel pertaining to forensic analysis of Ms. Jinaga's computer. The City Defendants otherwise deny all allegations in Paragraph 45.

46. The City Defendants admit that there was evidence gathered and produced to plaintiff's underlying criminal defense counsel pertaining to Ms. Jinaga's last known activities. The City Defendants otherwise deny all allegations in Paragraph 46.

47. The City Defendants admit that an autopsy was performed on Ms. Jinaga, the written report of which speaks for itself. The City Defendants deny that the Autopsy Report contains any statement as alleged in Paragraph 47. The City Defendants otherwise deny all allegations in Paragraph 47.

48. The City Defendants admit that detectives from the Redmond Police Department arrived at the crime scene on Monday, November 1, 2008, and began their investigative work as detailed in writing, all of which was produced to plaintiff's underlying criminal defense counsel. The remaining allegations are not directed to the City Defendants. Except as admitted, the City Defendants deny all allegations in Paragraph 48.

49. The City Defendants admit that Detective Mains was involved in the investigation,



**BAKER STERCHI COWDEN & RICE, LLC**
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
206-957-9669

but otherwise deny the allegations in Paragraph 49.

50. The City Defendants admit that Detective Coats was involved in the investigation, but otherwise deny the allegations in Paragraph 50.

51. The City Defendants admit they solicited assistance from the Washington State Patrol Crime Lab to help with evidence collection. The City Defendants further admit WSP personnel located, labeled, and packaged evidence, which was stored in the Redmond Police Department Property & Evidence Room. In addition to collecting physical evidence, WSP processed the scene for latent prints. The City Defendants also admit the detectives on the case staffed the investigation with members of the FBI's behavioral science unit for opinions and case follow-up suggestions. Accordingly, the City Defendants deny that no other police departments assisted with this investigation as alleged in Paragraph 51.

52. The City Defendants admit emails were exchanged between Redmond police officers and Jeff Baird. Except as so admitted, the City Defendants deny all allegations in Paragraph 52 for lack of information.

53. The City Defendants admit that the investigation conducted on scene included interviewing witnesses, taking photographs and video, and collecting physical evidence, which was detailed in writing, fully documented, and produced to plaintiff's underlying criminal defense counsel. The City Defendants otherwise deny all allegations in Paragraph 53.

54. The City Defendants deny all allegations in Paragraph 54.

55. The City Defendants deny all allegations in Paragraph 55.

56-70. The City Defendants admit that Cameron Johnson was a subject of investigation and



**BAKER STERCHI COWDEN & RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

that all information related thereto was documented and produced to plaintiff's underlying criminal defense counsel. The City Defendants otherwise deny all allegations in Paragraphs 56 through 70.

71. The City Defendants deny all allegations in Paragraph 71 for lack of information.

72-76. The City Defendants admit that Cameron Johnson was a subject of investigation and that all information related thereto was documented and produced to plaintiff's underlying criminal defense counsel. The City Defendants otherwise deny all allegations in Paragraphs 72 through 76.

77. The City Defendants admit that Cameron Johnson retained attorney John Jenry Browne. The City Defendants otherwise deny all allegations in Paragraph 77.

78. The City Defendants deny all allegations in Paragraph 78.

79. The City Defendants deny all allegations in Paragraph 79.

80. The City Defendants deny all allegations in Paragraph 80.

81. The City Defendants deny all allegations in Paragraph 81.

82. The City Defendants deny all allegations in Paragraph 82.

83. The City Defendants deny all allegations in Paragraph 83.

84. The City Defendants deny all allegations in Paragraph 84.

85. The City Defendants deny all allegations in Paragraph 85.

86. The City Defendants deny all allegations in Paragraph 86.

87. The City Defendants admit that DNA evidence was collected at the direction of the Washington State Crime Lab and Washington State Patrol and analyzed by other individuals not associated with the Redmond Police Department. The City Defendants further admit that all evidence and analysis relating to DNA was produced to plaintiff's underlying criminal defense counsel. The



**BAKER STERCHI COWDEN & RICE, LLC**
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
206-957-9669

City Defendants otherwise deny all allegations in Paragraph 87.

88. The City Defendants deny all allegations in Paragraph 88.

89. The City Defendants admit that plaintiff "emerged as a person of interest" based on evidence and information gathered during the investigation, including his DNA located on items of crime scene evidence directly associated with the murder of Ms. Jinaga. The City Defendants further admit that all evidence implicating plaintiff was produced to plaintiff's underlying criminal defense counsel. The City Defendants otherwise deny all allegations in paragraph 89.

90. The City Defendants admit Mr. Fair had a criminal history. The City Defendants otherwise deny all allegations in Paragraph 90.

91. The City Defendants deny all allegations in Paragraph 91.

92. The City Defendants deny all allegations in Paragraph 92.

93. The City Defendants admit that Cameron Johnson was a subject of investigation and that all information related thereto was documented and produced to plaintiff's underlying criminal defense counsel. The City Defendants otherwise deny all allegations in Paragraph 93.

94. The City Defendants admit that Emmanuel Fair and Cameron Johnson were subjects of investigation and that all information related thereto was documented and produced to plaintiff's underlying criminal defense counsel. The City Defendants otherwise deny all allegations in Paragraph 94.

95. The City Defendants deny all allegations in Paragraph 95.

96. The City Defendants deny all allegations in Paragraph 96.

97. The City Defendants deny all allegations in Paragraph 97.



**BAKER STERCHI COWDEN & RICE, LLC**
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
206-957-9669

98. The City Defendants deny all allegations in Paragraph 98.

99. The City Defendants admit that Detective Coats' testimony speaks for itself. The City Defendants otherwise deny all allegations in Paragraph 99.

100. The City Defendants admit that Detective Coats' testimony speaks for itself. The City Defendants otherwise deny all allegations in Paragraph 100.

101. The City Defendants deny all allegations in Paragraph 101.

102. The City Defendants deny all allegations in Paragraph 102.

103. The City Defendants deny all allegations in Paragraph 103.

104. The City Defendants deny all allegations in Paragraph 104.

105. The City Defendants admit Detective Sowers' testimony speaks for itself. The City Defendants otherwise deny all allegations in Paragraph 105.

106. The City defendants admit the DNA evidence and reports thereof speak for themselves. The City Defendants otherwise deny all allegations in Paragraph 106.

107. The City Defendants deny all allegations in Paragraph 107.

108. The City Defendants deny all allegations in Paragraph 108.

109. The City Defendants deny all allegations in Paragraph 109.

110. The City Defendants deny all allegations in Paragraph 110.

111. The City Defendants deny all allegations in Paragraph 111.

112. The City Defendants deny all allegations in Paragraph 112.

113. The City Defendants deny all allegations in Paragraph 113.

114. The City Defendants deny all allegations in Paragraph 114.



**BAKER STERCHI COWDEN & RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

115. The City Defendants deny all allegations in Paragraph 115.

116. The City Defendants deny all allegations in Paragraph 116.

117. The City Defendants deny all allegations in Paragraph 117.

118. The City Defendants admit Sue Peters' expert reports speaks for themselves. The City Defendants otherwise deny all allegations in Paragraph 118.

119. The City Defendants admit Sue Peters' expert reports speaks for themselves. The City Defendants otherwise deny all allegations in Paragraph 119.

120. The City Defendants deny all allegations in Paragraph 120.

121. The City Defendants deny all allegations in Paragraph 121.

122. The City Defendants deny all allegations in Paragraph 122.

123. The City Defendants deny all allegations in Paragraph 123.

124. The City Defendants deny all allegations in Paragraph 124.

125. The City Defendants deny all allegations in Paragraph 125.

126. The City Defendants deny all allegations in Paragraph 126.

127. The City Defendants deny all allegations in Paragraph 127.

128. The City Defendants deny all allegations in Paragraph 128.

129. The City Defendants deny all allegations in Paragraph 129.

130. The City Defendants deny all allegations in Paragraph 130.

131. The City Defendants deny all allegations in Paragraph 131 for lack of information.

132. The City Defendants deny all allegations in Paragraph 132.

133. The City Defendants deny all allegations in Paragraph 133.



**BAKER STERCHI COWDEN & RICE, LLC**
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
206-957-9669

134. The City Defendants deny all allegations in Paragraph 134.

135. The City Defendants deny all allegations in Paragraph 135.

136. The City Defendants admit Mr. Fair was charged with the murder of Arpana Jinaga. Except as so admitted, the City Defendants deny all allegations in Paragraph 136.

137. The City Defendants admit Mr. Fair was arrested on an outstanding warrant which speaks for itself. The City Defendants otherwise deny all allegations in Paragraph 137.

138. The City Defendants admit that following his arrest, plaintiff was booked on the outstanding warrant for his arrest. The City Defendants otherwise deny all allegations in Paragraph 138.

139. The City Defendants admit that warrants were issued authorizing searches and seizures of evidence, that these warrants were executed, and that the evidence retrieved therefrom was documented and produced to plaintiff's underlying criminal defense counsel. The City Defendants otherwise deny all allegations in Paragraph 139.

140. The City Defendants admit that then Detective Coats executed a CERTIFICATION FOR DETERMINATION OF PROBABLE CAUSE on October 28, 2010. The City Defendants also admit that then Detective Coats is Caucasian. Except as admitted, the allegations in Paragraph 140 are denied.

141. The City Defendants admit the CERTIFICATION FOR DETERMINATION OF PROBABLE CAUSE that then Detective Coats signed is a written document that speaks for itself. Except as so admitted, the City Defendants deny all allegations in Paragraph 141.

142. The City Defendants admit the CERTIFICATION FOR DETERMINATION OF



**BAKER STERCHI COWDEN & RICE, LLC**
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
206-957-9669

PROBABLE CAUSE that then Detective Coats signed is a written document that speaks for itself. Except as so admitted, the City Defendants deny all allegations in Paragraph 142.

143. The City Defendants admit the CERTIFICATION FOR DETERMINATION OF PROBABLE CAUSE that then Detective Coats signed is a written document that speaks for itself. Except as so admitted, the City Defendants deny all allegations in Paragraph 143.

144. The City Defendants admit the CERTIFICATION FOR DETERMINATION OF PROBABLE CAUSE that then Detective Coats signed is a written document that speaks for itself. Except as so admitted, the City Defendants deny all allegations in Paragraph 144.

145. The City Defendants admit that plaintiff's DNA was found on crime scene evidence directly associated with the murder of Ms. Jinaga, which is described on the last page of the CERTIFICATION FOR DETERMINATION OF PROBABLE CAUSE. The City Defendants deny the characterization of this evidence as "circumstantial" and otherwise deny all allegations in Paragraph 145.

146. The City Defendants admit that the CERTIFICATION FOR DETERMINATION OF PROBABLE CAUSE contains a description of evidence supporting then Detective Coats's belief that there was probable cause to believe that plaintiff committed the crime of first-degree murder of Ms. Jinaga and the document speaks for itself. Except as so admitted, the City Defendants deny all allegation in Paragraph 146.

147. The City Defendants admit that Detective Coats' testimony speaks for itself. The City Defendants otherwise deny all allegations in Paragraph 147.

148. The City Defendants admit that Detective Coats' and Mr. Baird's testimony speaks



**BAKER STERCHI COWDEN & RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

for itself. The City Defendants otherwise deny all allegations in Paragraph 148.

149. The City Defendants admit the CERTIFICATION FOR DETERMINATION OF PROBABLE CAUSE that then Detective Coats signed is a written document that speaks for itself. The City Defendants otherwise deny all allegations in Paragraph 149.

150. The City Defendants admit the CERTIFICATION FOR DETERMINATION OF PROBABLE CAUSE that then Detective Coats signed is a written document that speaks for itself. The City Defendants otherwise deny all allegations in Paragraph 150.

151. The City Defendants admit the CERTIFICATION FOR DETERMINATION OF PROBABLE CAUSE that then Detective Coats signed is a written document that speaks for itself. The City Defendants otherwise deny all allegations in Paragraph 151.

152. The City Defendants admit the CERTIFICATION FOR DETERMINATION OF PROBABLE CAUSE that then Detective Coats signed is a written document that speaks for itself. The City Defendants otherwise deny all allegations in Paragraph 152.

153. The City Defendants admit the CERTIFICATION FOR DETERMINATION OF PROBABLE CAUSE that then Detective Coats signed is a written document that speaks for itself. The City Defendants otherwise deny all allegations in Paragraph 153.

154. The City Defendants admit the CERTIFICATION FOR DETERMINATION OF PROBABLE CAUSE that then Detective Coats signed is a written document that speaks for itself. The City Defendants otherwise deny all allegations in Paragraph 154.

155. The City Defendants admit the CERTIFICATION FOR DETERMINATION OF PROBABLE CAUSE that then Detective Coats signed is a written document that speaks for itself.



**BAKER STERCHI COWDEN & RICE, LLC**
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
206-957-9669

The City Defendants otherwise deny all allegations in Paragraph 155.

156. The City Defendants admit the CERTIFICATION FOR DETERMINATION OF PROBABLE CAUSE that then Detective Coats signed is a written document that speaks for itself. The City Defendants otherwise deny all allegations in Paragraph 156.

157. The City Defendants admit the CERTIFICATION FOR DETERMINATION OF PROBABLE CAUSE that then Detective Coats signed is a written document that speaks for itself. The City Defendants otherwise deny all allegations in Paragraph 157.

158. The City Defendants admit the CERTIFICATION FOR DETERMINATION OF PROBABLE CAUSE that then Detective Coats signed is a written document that speaks for itself. The City Defendants otherwise deny all allegations in Paragraph 158.

159. The City Defendants admit that Mr. Baird identifies as Caucasian and drafted the CERTIFICATION FOR DETERMINATION OF PROBABLE CAUSE. The City Defendants otherwise deny all allegations in Paragraph 159.

160. The City Defendants admit that then Detective Coats executed a CERTIFICATION FOR DETERMINATION OF PROBABLE CAUSE on October 28, 2010. The City Defendants also admit that then Detective Coats is Caucasian. The City Defendants otherwise deny all allegations in Paragraph 160.

161. The City Defendants deny all allegations in Paragraph 161.

162. The City Defendants deny all allegations in Paragraph 162.

163. The City Defendants deny all allegations in Paragraph 163.

164. The City Defendants deny all allegations in Paragraph 164.



**BAKER STERCHI COWDEN & RICE, LLC**
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
206-957-9669

165. The City Defendants deny all allegations in Paragraph 165.

166. The City Defendants deny all allegations in Paragraph 166.

167. The City Defendants deny all allegations in Paragraph 167.

168. The City Defendants admit the CERTIFICATION FOR DETERMINATION OF PROBABLE CAUSE that then Detective Coats signed is a written document that speaks for itself. The City Defendants otherwise deny all allegations in Paragraph 168.

169. The City Defendants deny all allegations in Paragraph 169.

170. The City Defendants deny all allegations in Paragraph 170.

171. The City Defendants deny all allegations in Paragraph 171 for lack of information.

172. The City Defendants deny all allegations in Paragraph 172 for lack of information.

173. The City Defendants deny all allegations in Paragraph 173.

174. The City Defendants deny all allegations in Paragraph 174 for lack of information.

175. The City Defendants deny all allegations in Paragraph 175 for lack of information.

176. The City Defendants deny all allegations in Paragraph 176 for lack of information.

177. The City Defendants deny all allegations in Paragraph 177.

178. The City Defendants deny all allegations in Paragraph 178.

179. The City Defendants deny all allegations in Paragraph 179.

180. The City Defendants admit Dr. Greenwald's expert report speaks for itself. The City Defendants otherwise deny all allegations in Paragraph 180 for lack of information.

181. The City Defendants deny all allegations in Paragraph 181.

182. The City Defendants deny all allegations in Paragraph 182 for lack of information.



**BAKER STERCHI COWDEN & RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

183. The City Defendants deny all allegations in Paragraph 183.

184. The City Defendants deny all allegations in Paragraph 184.

185. The City Defendants admit then Detective Coats wrote a report concerning his investigation, which speaks for itself. The City Defendants otherwise deny all allegations in Paragraph 185.

186. The City Defendants admit then Detective Coats wrote a report concerning his investigation, which speaks for itself. The City Defendants otherwise deny all allegations in Paragraph 186.

187. The City Defendants deny all allegations in Paragraph 187.

188. The City Defendants deny all allegations in Paragraph 188 for lack of information.

189. The City Defendants deny all allegations in Paragraph 189.

190. The City Defendants deny all allegations in Paragraph 190.

191. The City Defendants admit Mr. Fair was charged with the murder of Ms. Jinaga and booked into jail. The City Defendants otherwise deny all allegations in Paragraph 191.

192. The City Defendants admit Mr. Fair remained in custody until his first jury trial commenced. The City Defendants otherwise deny all allegations in Paragraph 192.

193. The City Defendants admit Mr. Fair's first trial ended in a mistrial due to a deadlocked jury. The City Defendants otherwise deny all allegations in Paragraph 193.

194. The City Defendants admit the second trial began in June 2019. The City Defendants otherwise deny all allegations in Paragraph 194.

195. The City Defendants admit the allegations in Paragraph 195.



**BAKER STERCHI COWDEN & RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

196-203. Paragraphs 196 through 203 contain allegations not directed at the City Defendants. To the extent an answer is required, the City Defendants deny all allegations for lack of information.

## IV. JURISDICTION AND VENUE

204. The City Defendants admit that this Court has jurisdiction over plaintiff's claims asserted under 42 U.S.C. § 1983 and supplemental jurisdiction over plaintiff's claims asserted under state law. The City Defendants otherwise deny all allegations in Paragraph 204.

205. This matter having been removed from State court, the City Defendants admit that venue is proper in the Western District of Washington. The City Defendants otherwise deny all allegations in Paragraph 205.

## V. STATUTORY COMPLIANCE

206. The City Defendants admit Plaintiff filed a tort claim with the City of Redmond. The City Defendants otherwise deny all allegations in Paragraph 206 for lack of information.

207. Paragraph 141 contains improper legal conclusions to which no answer is required. To the extent an answer is required, the City Defendants deny all allegations contained in Paragraph 207.

## VI. FIRST CAUSE OF ACTION – 42 U.S.C. § 1983 – CLAIMS RELATED TO MALICIOUS PROSECUTION AND JUDICIAL DECEPTION – INVESTIGATING DEFENDANTS

208. The City Defendants incorporate their answers contained in paragraphs 1-207 above, as if set out word-for-word.

209. The City Defendants deny all allegations contained in Paragraph 209.

### ***Monell* Claims – Defendants King County and City of Redmond**



**BAKER STERCHI COWDEN & RICE, LLC**
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
206-957-9669

210. The City Defendants deny all allegations contained in Paragraphs 210.

**Policy, Established Practice, and Custom (Defendant King County)**

211. Paragraph 211 contains allegations not directed at the City Defendants. To the extent an answer is required, the City Defendants deny all allegations contained in Paragraph 211.

212. The City Defendants deny all allegations contained in Paragraphs 212.

213. The City Defendants deny all allegations contained in Paragraphs 213.

214. The City Defendants admit Plaintiff's experts have submitted reports, which speak for themselves. The City Defendants otherwise deny all allegations in Paragraph 214.

215. Paragraph 215 contains allegations not directed at the City Defendants. To the extent an answer is required, the City Defendants deny all allegations contained in Paragraph 215, including those in subsections (a) through (j).

216. Paragraph 216 contains allegations not directed at the City Defendants. To the extent an answer is required, the City Defendants deny all allegations contained in Paragraph 216.

217. Paragraph 217 contains allegations not directed at the City Defendants. To the extent an answer is required, the City Defendants deny all allegations contained in Paragraph 217.

218. Paragraph 218 contains allegations not directed at the City Defendants. To the extent an answer is required, the City Defendants deny all allegations contained in Paragraph 218.

219. Paragraph 219 contains allegations not directed at the City Defendants. To the extent an answer is required, the City Defendants deny all allegations contained in Paragraph 219, including those in subsections (a) through (j).

220. Paragraph 220 contains allegations not directed at the City Defendants. To the extent



**BAKER STERCHI COWDEN & RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

an answer is required, the City Defendants deny all allegations contained in Paragraph 220, including those in subsections (a) through (e).

221. Paragraph 221 contains allegations not directed at the City Defendants. To the extent an answer is required, the City Defendants deny all allegations contained in Paragraph 221, including those in subsections (a) through (c).

222. Paragraph 222 contains allegations not directed at the City Defendants. To the extent an answer is required, the City Defendants deny all allegations contained in Paragraph 222.

**Ratification (Defendant King County)**

223. Paragraph 223 contains allegations not directed at the City Defendants. To the extent an answer is required, the City Defendants deny all allegations contained in Paragraph 223.

224. Paragraph 224 contains allegations not directed at the City Defendants. To the extent an answer is required, the City Defendants deny all allegations contained in Paragraph 224.

225. Paragraph 225 contains allegations not directed at the City Defendants. To the extent an answer is required, the City Defendants deny all allegations contained in Paragraph 225.

226. Paragraph 226 contains allegations not directed at the City Defendants. To the extent an answer is required, the City Defendants deny all allegations contained in Paragraph 226.

**Failure to Train (Defendants King County and Redmond Police Department)**

227. Paragraph 227 contains legal conclusions to which no answer is required. To the extent an answer is required, the City Defendants deny all allegations contained in Paragraph 227.

228. The City Defendants deny all allegations contained in Paragraph 228.

229. The City Defendants deny all allegations contained in Paragraph 229.



**BAKER STERCHI COWDEN & RICE, LLC**
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
206-957-9669

230. The City Defendants deny all allegations contained in Paragraph 230.

231. The City Defendants deny all allegations contained in Paragraph 231, including those in subparts (a) through (k).

232. The City Defendants deny all allegations contained in Paragraph 232.

233. The City Defendants deny all allegations contained in Paragraph 233.

234. The City Defendants deny all allegations contained in Paragraph 234.

235. The City Defendants deny all allegations contained in Paragraph 235.

**Individual Capacity Claims – Defendants Jeff Baird and Brian Coats**

236. The City Defendants deny all allegations contained in Paragraph 236.

237. The City Defendants deny all allegations contained in Paragraph 237.

238. Paragraph 238 contains allegations not directed at the City Defendants. To the extent an answer is required, the City Defendants deny all allegations contained in Paragraph 238.

239. Paragraph 239 contains allegations not directed at the City Defendants. To the extent an answer is required, the City Defendants deny all allegations contained in Paragraph 239.

240. Paragraph 240 contains allegations not directed at the City Defendants. To the extent an answer is required, the City Defendants deny all allegations contained in Paragraph 240.

## VII. SECOND CAUSE OF ACTION – 42 U.S.C. § 1983 – CLAIMS RELATED TO FAIR'S CONDITIONS OF CONFINEMENT – DEFENDANT KING COUNTY

241. Paragraph 240 contains allegations not directed at the City Defendants. To the extent an answer is required, the City Defendants deny all allegations contained in Paragraph 241.

242. Paragraph 242 contains allegations not directed at the City Defendants. To the extent an answer is required, the City Defendants deny all allegations contained in Paragraph 242.



**BAKER STERCHI COWDEN & RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

243. Paragraph 243 contains allegations not directed at the City Defendants. To the extent an answer is required, the City Defendants deny all allegations contained in Paragraph 243.

244. Paragraph 244 contains allegations not directed at the City Defendants. To the extent an answer is required, the City Defendants deny all allegations contained in Paragraph 244.

245. Paragraph 245 contains allegations not directed at the City Defendants. To the extent an answer is required, the City Defendants deny all allegations contained in Paragraph 245.

246. Paragraph 246 contains allegations not directed at the City Defendants. To the extent an answer is required, the City Defendants deny all allegations contained in Paragraph 246.

247. Paragraph 247 contains allegations not directed at the City Defendants. To the extent an answer is required, the City Defendants deny all allegations contained in Paragraph 247.

248. Paragraph 248 contains allegations not directed at the City Defendants. To the extent an answer is required, the City Defendants deny all allegations contained in Paragraph 248.

249. Paragraph 249 contains allegations not directed at the City Defendants. To the extent an answer is required, the City Defendants deny all allegations contained in Paragraph 249.

250. Paragraph 250 contains allegations not directed at the City Defendants. To the extent an answer is required, the City Defendants deny all allegations contained in Paragraph 250.

251. Paragraph 251 contains allegations not directed at the City Defendants. To the extent an answer is required, the City Defendants deny all allegations contained in Paragraph 251.

253. Paragraph 252 contains allegations not directed at the City Defendants. To the extent an answer is required, the City Defendants deny all allegations contained in Paragraph 252.

253. Paragraph 253 contains allegations not directed at the City Defendants. To the extent



**BAKER STERCHI COWDEN & RICE, LLC**
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
206-957-9669

an answer is required, the City Defendants deny all allegations contained in Paragraph 253.

## VIII. THIRD CAUSE OF ACTION – MALICIOUS PROSECUTION

254. The City Defendants incorporate their answers contained in paragraphs 1-253 above, as if set out word-for-word.

255. The City Defendants deny all allegations contained in Paragraph 255.

256. The City Defendants deny all allegations contained in Paragraph 256.

257. The City Defendants admit Mr. Fair was charged with the murder of Arpana Jinaga. The City Defendants otherwise deny all allegations in Paragraph 257.

258. The City Defendants deny all allegations contained in Paragraph 258.

259. The City Defendants deny all allegations contained in Paragraph 259.

260. The City Defendants deny all allegations contained in Paragraph 260.

261. The City Defendants deny all allegations contained in Paragraph 261.

## IX. FOURTH CAUSE OF ACTION – NEGLIGENCE – DEFENDANTS KING COUNTY AND CITY OF REDMOND

262. The City Defendants incorporate their answers contained in paragraphs 1-261 above, as if set out word-for-word.

263. Paragraph 263 contains legal conclusions to which no answer is required. To the extent an answer is required, the City Defendants deny all allegations contained in Paragraph 263.

264. The City Defendants deny all allegations contained in Paragraph 264.

265. The City Defendants deny all allegations contained in Paragraph 265.

266. The City Defendants deny all allegations contained in Paragraph 266.

267. The City Defendants deny all allegations contained in Paragraph 267.



**BAKER STERCHI COWDEN & RICE, LLC**
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
206-957-9669

## X. FIFTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – DEFENDANTS KING COUNTY AND CITY OF REDMOND

268. The City Defendants incorporate their answers contained in paragraphs 1-267 above, as if set out word-for-word.

269. The City Defendants deny all allegations contained in Paragraph 269.

270. The City Defendants deny all allegations contained in Paragraph 270.

271. The City Defendants deny all allegations contained in Paragraph 271.

## XI. SIXTH CAUSE OF ACTION – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – DEFENDANTS KING COUNTY AND CITY OF REDMOND

272. The City Defendants incorporate their answers contained in paragraphs 1-271 above, as if set out word-for-word.

273. The City Defendants deny all allegations contained in Paragraph 273.

274. The City Defendants deny all allegations contained in Paragraph 274

275. The City Defendants deny all allegations contained in Paragraph 275.

276. The City Defendants deny all allegations contained in Paragraph 276.

## XII. PRAYER FOR RELIEF

277. Paragraph 277 contains no allegations that require a response. To the extent a response is deemed required, the City Defendants deny all allegations and further denies that plaintiff is entitled to the relief requested.

278. Paragraph 278, including subparts (a)-(e), contains no allegations that require a response. To the extent a response is deemed required, the City Defendants deny all allegations and



**BAKER STERCHI COWDEN & RICE, LLC**
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
206-957-9669

further deny that the plaintiff is entitled to the relief requested.

FURTHER, AND BY WAY OF AFFIRMATIVE DEFENSES, defendants allege as follows:

FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims and causes of action are barred in whole or in part by the applicable statutes of limitation.

THIRD AFFIRMATIVE DEFENSE

Probable cause has been established as a matter of law in the underlying criminal case and plaintiff is barred from relitigating that issue here under the doctrines of res judicata and/or collateral estoppel. Probable cause is further established as a matter of law based on the undisputed presence of plaintiff's DNA on crucial crime scene evidence as described in the CERTIFICATION FOR DETERMINATION OF PROBABLE CAUSE. The existence of probable cause is a complete defense to all plaintiff's claims and causes of action asserted against the City Defendants.

FOURTH AFFIRMATIVE DEFENSE

Defendant Coats is entitled to qualified immunity under state and federal law.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims relating to the timing of his criminal trials and/or the length of his pretrial detention are not properly asserted against the City Defendants, who were not involved in these matters. Further, plaintiff's claims in this regard are barred by the doctrines of waiver and laches, plaintiff having foregone his Constitutional right to a speedy trial.

## SIXTH AFFIRMATIVE DEFENSE

All actions of the City of Redmond and then Detective Coats were performed in good faith, were reasonable, were based on probable cause, and were within their lawful authority.

## SEVENTH AFFIRMATIVE DEFENSE

The City of Redmond cannot be held liable under a *respondeat superior* theory pursuant to 42 U.S.C. § 1983. Plaintiff has failed to plead facts specific enough to state a claim against the City of Redmond under § 1983 based on the heightened pleading requirements for such a claim.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that plaintiff is asserting a cause of action alleging negligence on the part of the City Defendants in the investigation of the underlying murder, no such cause of action exists under Washington law and may be barred by the public duty doctrine.

## NINTH AFFIRMATIVE DEFENSE

The City Defendants did not proximately cause any of the plaintiff's claimed damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, were proximately caused by the plaintiff's own acts and omissions and plaintiff's recovery, if any, must be proportionately reduced.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent the plaintiff has failed to mitigate his damages, any recovery must be reduced. This includes any claim arising from the length of his pre-trial detention.

## TWELFTH AFFIRMATIVE DEFENSE

The City of Redmond is immune from liability for prejudgment interest on tort judgments and

is immune from punitive damages.

By reservation of rights, without waiver, defendants specifically reserve the right to amend their answer and affirmative defenses herein, as discovery or circumstances may warrant.

WHEREFORE, having fully answered the plaintiff's complaint and asserted affirmative defenses, defendants pray for relief as follows:

1. That Plaintiff's Complaint be dismissed with prejudice, and that he take nothing thereby;

2. That the City Defendants be awarded costs and attorneys' fees as allowed by law; and

3. That the City Defendants be awarded such other and further relief as the court deems just and equitable.

DATED this 27th day of December 2024.

**BAKER STERCHI COWDEN & RICE, LLC**

By *<u>/s/ Robert L. Christie</u>*
ROBERT L. CHRISTIE, WSBA #10895
SALIM D. LEWIS, WSBA #52660
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
Telephone: (206) 957-9669
Fax: (206) 352-7875
Email: bob.christie@bakersterchi.com
salim.lewis@bakersterchi.com

*Attorneys for City Defendants City of Redmond and Brian Coats*

**CERTIFICATE OF SERVICE**

I hereby certify that that on this 27th day of December 2024, I caused a true and correct copy of the foregoing document to be filed with the Clerk of Court using the Court's ECF system, which will give notice to all participating counsel of record below:

Ryan D. Dreveskracht, WSBA #42593
Corinne Sebren, WSBA #58777
Rachel R. Tobias, WSBA#34111
Galanda Broadman PLLC
8606 35th Ave. NE, Ste. L1
PO Box 15146
Seattle, WA 98115
T: 206-557-7509
F: 206-299-7690
ryan@galandabroadman.com
corinne@galandabroadman.com
rtobias@galandabroadman.com
*Attorneys for Plaintiff*

Carla Carlstrom, WSBA#27521
Karissa Taylor, WSBA #31563
Deputy Prosecutor, Civil Div.
King County Prosecuting Attorney's Office
701 5th Ave
1191 Second Ave., Ste. 1700
Seattle, WA 98101
T: 206-477-1862 (Carla)
206-477-1213 (Karissa)
Carla.carlstrom@kingcounty.gov
Karissa.taylor@kingcounty.gov
*Attorneys for Defendant King County*

By *\/s/ Laura M. Pfeifer*
LAURA M. PFEIFER
Paralegal
laura.pfeifer@bakersterchi.com