1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EMANUEL D. FAIR,

             Plaintiff,

      v.

KING COUNTY, a political subdivision of
the State of Washington; CITY OF
REDMOND, a municipal entity and political
subdivision of the State of Washington;
BRIAN COATS, in his personal capacity;
JEFF BAIRD, in his personal capacity,

           Defendants.

CASE NO. 2:21-cv-01706-JHC

ORDER RE: FAIR'S MOTIONS FOR
SUMMARY JUDGMENT ON
DEFENDANTS' AFFIRMATIVE
DEFENSES

# I

## INTRODUCTION

This matter comes before the Court on Plaintiff Emanuel D. Fair's motions for summary judgment on Defendants' affirmative defenses. Dkt. ## 166, 168. The Court has considered the materials filed in support of and in opposition to the motions, pertinent portions of the record, and the applicable law. For the reasons below, the Court GRANTS in part and DENIES in part the motions.

1
2

## II

### BACKGROUND

3
4
5
6
7

In 2010, Fair was charged with the murder of Arpana Jinaga.  After nine years in pretrial detention at King County Jail, Fair was acquitted.  In the Third Amended Complaint (TAC), Fair brings claims under 42 U.S.C. § 1983 and Washington law against Defendants King County, the City of Redmond, Senior King County Deputy Prosecutor Jeff Baird, and Redmond Police Detective Brian Coats.  Dkt. # 147 at 2 at ¶¶ 2–3.

8
9

On December 2, 2024, Defendants King County and Jeff Baird (collectively, the King County Defendants) answered the TAC.  Dkt. # 150.  They asserted 15 affirmative defenses:

10

(1)     Fair has failed to state a claim upon which relief can be granted;

11

(2)     The actions complained of in the complaint are protected by prosecutorial immunity;

12
13

(3)     All or some of Fair's causes of action are barred by the statute of limitations;

14

(4)     Fair has waived some or all of the claims in this lawsuit;

15
16

(5)     Fair's claims are barred by laches;

(6)     Fair's injuries and damages, if any, were proximately caused by the negligence and/or fault of Fair and/or others;

17
18

(7)     The damages and/or injuries sustained, if any, were caused solely or in part by the fault of a third party or entity not within the control of the King County Defendants, and pursuant to RCW 4.22.070, fault must be apportioned;

19
20

(8)     Some or all of Fair's claims are barred by the preclusive findings of probable cause;

21

(9)     The King County Defendants have no role in establishing policy or practice of the Prosecuting Attorney's Office related to the prosecution of crimes;

22
23

(10)    The King County Defendants are not liable for prejudgment interest because the State of Washington, of which King County is a political subdivision, has not consented to such prejudgment interest. (citing RCW 4.56.115);

24

(11)    Fair's claims are barred by prosecutorial immunity; [1]

(12)    Fair's claims are barred by qualified immunity;

(13)    Fair's claims are barred by state law qualified immunity;

(14)    Fair may have failed to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997;

(15)    If Fair sustained any injury or damage, the same was the result of reasonable and required conduct of defendant King County and its employees under the circumstances and was excusable and justifiable in connection with the detention.

Dkt. # 150 at 31–32.

On December 27, 2024, the City of Redmond and Brian Coats (collectively, the Redmond Defendants) answered the TAC. Dkt. # 162. They asserted 12 affirmative defenses:

(1)    The TAC fails to state a claim upon which relief may be granted;

(2)    Fair's claims are barred in whole or in part by the applicable statutes of limitation;

(3)    Probable cause has been established as a matter of law in the underlying criminal case and Fair is barred from relitigating that issue here under the doctrines of res judicata and/or collateral estoppel. Probable cause is further established as a matter of law based on the undisputed presence of Fair's DNA on crucial crime scene evidence as described in the CERTIFICATION FOR DETERMINATION OF PROBABLE CAUSE. The existence of probable cause is a complete defense to all Fair's claims and causes of action asserted against the Redmond Defendants;

(4)    Coats is entitled to qualified immunity under state and federal law;

(5)    Fair's claims relating to the timing of his criminal trials and/or the length of his pretrial detention are not properly asserted against the Redmond Defendants, who were not involved in these matters. Further, Fair's claims in this regard are barred by the doctrines of waiver and laches, Fair having foregone his Constitutional right to a speedy trial;

(6)    All actions taken by the Redmond Defendants were performed in good faith, were reasonable, were based on probable cause, and were within their lawful authority;

---

[1] Fair and the King County Defendants acknowledge that Defenses Nos. 2 and 11 are duplicative.

(7)     The City of Redmond cannot be held liable under a *respondeat superior* theory pursuant to 42 U.S.C. § 1983. Fair has failed to plead facts specific enough to state a claim against the City of Redmond under § 1983 based on the heightened pleading requirements for such a claim;

(8)     To the extent that Fair is asserting a cause of action alleging negligence on the part of the Redmond Defendants in the investigation of the underlying murder, no such cause of action exists under Washington law and may be barred by the public duty doctrine;

(9)     The Redmond Defendants did not proximately cause any of Fair's alleged damages;

(10)    Fair's alleged damages, if any, were proximately caused by Fair's own acts and omissions and Fair's recovery, if any, must be proportionately reduced;

(11)    To the extent Fair has failed to mitigate his damages, any recovery must be reduced. This includes any claim arising from the length of his pre-trial detention;

(12)    The City of Redmond is immune from liability for prejudgment interest on tort judgments and is immune from punitive damages.

Dkt. # 162 at 27–29.

On January 24, 2025, Fair moved for summary judgment on the King County and Redmond Defendants' affirmative defenses. Dkt. # 166, 168.

## III

### DISCUSSION

Summary judgment is warranted if the evidence, viewed in the light most favorable to the non-moving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party." *Far*

ORDER RE: FAIR'S MOTIONS FOR SUMMARY
JUDGMENT ON DEFENDANTS' AFFIRMATIVE
DEFENSES - 4

*Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson*, 477 U.S. at 248–49).

The moving party bears the initial burden of showing there is no genuine dispute of material fact and that it is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. To carry its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets its burden of production, the burden shifts to the nonmoving party to identify specific facts from which a factfinder could reasonably find in the nonmoving party's favor. *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 250.

A.    The King County Defendants' Affirmative Defenses

In response to Fair's motion, the King County Defendants withdraw their first, fifth, ninth, eleventh, thirteenth, and fourteenth affirmative defenses. *See* Dkt. # 182 at 3–10. They partially withdraw the portions of their sixth and seventh affirmative defenses that refer to "others" and "third party or entity." *Id.* at 5, 7. They also partially withdraw their fifteenth affirmative defense as it relates to Baird and the King County Prosecuting Attorney's Office (KCPAO). *Id.* at 10. Thus, the Court denies Fair's motion as moot regarding the defenses and partial defenses described above. This order addresses the remaining disputes below.

1.    Prosecutorial Immunity (No. 2)

Fair highlights that the Court's April 13, 2023 Order resolving Defendants' motions to dismiss the First Amended Complaint (FAC) stated that Fair "ma[de] no claim against [the King] County Defendants for protected prosecutorial functions." Dkt. # 166 at 7 (citing Dkt. # 85 at 9–10). He says that the Court "has already determined as a matter of law" that Baird does not

enjoy prosecutorial immunity.  Dkt. # 188 at 5.  He also says that because the TAC "has not added claims or asserted facts against [the King] County Defendants that seek accountability for protected prosecutorial functions," the Court should grant summary judgment on this affirmative defense.  Dkt. # 166 at 7.  Thus, according to Fair "[t]he Court's prior ruling remains binding here, where [Fair's] amended allegations merely expand, based on two years of discovery, on the same nature and effect as those plead" in the FAC.  Dkt. # 188 at 5.

The King County Defendants respond that Baird's decision to charge Fair led to Fair's incarceration.  Dkt. # 182 at 3.  They say that Baird's involvement in the Jinaga homicide investigation, including sitting in on interviews and discussing the crime scene with investigators are protected by prosecutorial immunity.  *Id.*  They assert that "Fair's disagreement with the actions . . . Baird took are material as they determine whether or not prosecutorial immunity applies*.*"  *Id.*  They also contend that the TAC alleges many new facts about Baird's involvement in the investigation and prosecution of Fair.  *Id.* at 4 (citing Dkt. # 147 ¶¶78(i)-(k), 87, 91, 92, 96, 97, 99, 100, 101, 102, 104, 105, 109, 113, 114, 115, 116, 119, 121, 122, 123, 129, 130, 131, 132, 133 (a)-135, 171-190).

In its April 13, 2023 Order resolving Defendants' motions to dismiss the FAC, the Court rejected the King County Defendants' argument that the claims against Baird should be dismissed because of prosecutorial immunity.  Dkt. # 85 at 9–10.  The Court said, "Nothing in the *operative pleading* suggests that . . . Baird [was] being sued for making a charging decision, seeking a high amount of bail ($5 million), or otherwise performing the 'traditional functions' of a prosecuting attorney."  *Id.* at 9 (emphasis added).  It also said, "the Amended Complaint *alleges* that DPA Baird engaged in investigative or administrative activities during the murder investigation, including providing advice to police officers, questioning residents of the

apartment complex, processing the crime scene, and making himself "an integral part of the investigative team." *Id.* at 10 (citing Am. Compl. ¶¶ 30, 64, 68 & 163) (emphasis added).

Fair cites no law or points to any evidence that would show that he is entitled to summary judgment on this affirmative defense. *See* Dkt. # 166 at 7. His assertion that the Court "already determined as a matter of law" that Baird's actions are not protected by prosecutorial immunity is misplaced given that the prior ruling was based on the plausibility of Fair's *allegations* in the FAC. At that time, the operative complaint was the basis for the Court's ruling. At the summary judgment phase, the Court must determine whether there is a "genuine dispute as to any material fact" and whether the moving party is "entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). Fair is now required to either confirm that he is not asserting any claim to which prosecutorial immunity is a defense or show that the King County Defendants do not have enough evidence of an essential element to carry their ultimate burden of persuasion at trial. *See Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d at 1102; *see also Glucksman v. First Franklin Fin. Corp.*, 601 F. Supp. 2d 511, 514 (E.D.N.Y. 2009) ("A motion for summary judgment typically involves consideration of a more fully-developed record and requires a determination whether there is a genuine issue of material fact for trial, whereas the key question on a motion to dismiss is the theoretical feasibility of a claim."). He does not do this.

Accordingly, the Court denies Fair's motion as to the King County Defendants' prosecutorial immunity defense.

2.    Statute of Limitations (No. 3)

Fair says that the King County Defendants' statute of limitations defense is "bald and conclusory." Dkt. # 166 at 9.[2] He also contends that the King County Defendants misconstrue

---

[2] The Court notes that Fair mislabeled the King County Defendants' statute of limitations defense (Defense No. 3) as Defense No. 5 in his motion. *See* Dkt. # 188 at 7 n.2.

the significance of the Court's April 13, 2023 Order resolving the King County Defendants'

argument that claim preclusion barred Fair from bringing claims related to his conditions of

confinement at King County Jail.  Dkt. # 188 at 7 (citing Dkt. # 85).  He asserts that the Court's

previous order did not discuss the statute of limitations.  *Id.*  According to Fair, under RCW

4.16.190, the limitations period for his claims related to his conditions of confinement tolled

while he was incarcerated.  Fair says that this affirmative defense is inapplicable because his

claims are timely.  *Id.* (citing *Bagley v. CMC Real Est. Corp.*, 923 F.2d 758, 762 (9th Cir. 1991)).

The King County Defendants respond that the statute of limitations defense concerns

Fair's second cause of action about his conditions of confinement at King County Jail.  Dkt.

# 182 at 4.  They say that the parties disagree about the meaning of the Court's April 13, 2023

Order.  *Id.* (citing Dkt. # 85 at 18).  They contend that Fair's confinement-related claims are

untimely because they rely on facts known to Fair "before and during the pendency of his

previous lawsuit against King County."  *Id.* at 5.  They assert that they "must be allowed to raise

statute of limitations for jail claims that don't comport with" the Court's April 13, 2023 Order.

*Id.*[3]

In their first motion to dismiss, the King County Defendants "accuse[d] [Fair] of bringing

another lawsuit against the same defendants for the same incarceration and argue[d] that [Fair]

[was] barred by the dismissal of his earlier lawsuit from pursuing the claims pleaded against it

(and its personnel) in this action."  Dkt. # 85 at 16.  The Court determined that the King County

Defendants' argument lacked merit because Fair

> remained in pretrial detention for more than two additional years after the previous
> case was dismissed with prejudice.  *See* Judgment in C16-273-JLR (Apr. 7, 2017)
> (App'x L); Verdict (June 11, 2019) (App'x H).  King County [] offered no evidence
> that [Fair] waived or somehow released it or its corrections officials from future

---

[3] The King County Defendants do not respond to Fair's arguments about RCW 4.16.190.  *See* Dkt. # 182 at 4–5.

claims. [Fair] may proceed on his claims relating to the conditions of confinement continuing, and events occurring, after August 1, 2016, when the operative pleading in Case No. C16-273 JLR was filed. *See* App'x I.

Dkt. # 85 at 18. The Court's April 13, 2023 Order resolved issues related to claim preclusion and concluded that Fair could bring claims related to "*the conditions of confinement continuing, and events occurring, after August 1, 2016.*" *Id.* (emphasis added). The order said nothing about the statute of limitations.

Fair brings Section 1983 claims and state-law claims against King County for his conditions of confinement at King County Jail. Dkt. # 157 at 2 ¶ 4. In Washington, personal injury torts have a three-year statute of limitations period. RCW 4.16.080(2). And the statute of limitations for federal civil rights claims under Section 1983 is established by the forum state's law for personal injury actions. *See Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 952 (9th Cir. 2022) (quoting *Bird v. Dep't of Hum. Servs.*, 953 F.3d 738, 743 (9th Cir. 2019)). Thus, in a Washington forum, the statute of limitations for Section 1983 claims is three years. *See A.T. v. Everett Sch. Dist.*, 300 F. Supp. 3d 1243, 1252 (W.D. Wash. 2018), *aff'd*, 794 F. App'x 601 (9th Cir. 2019); *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002).

Fair's confinement-related claims accrued while he was incarcerated (i.e., when he first learned of his injury), and under RCW 4.16.190, the limitations period tolled while he was in pretrial detention. *See* RCW 4.16.190 (tolling the statute of limitation for a "personal disability" including imprisonment " on a criminal charge prior to sentencing") (emphasis added); *see also Tschabold v. Pierce Cnty.*, No. 3:25-CV-05096-KKE-DWC, 2025 WL 896746, at *2 (W.D. Wash. Mar. 24, 2025) (describing RCW 4.16.190 as "a statute tolled by personal disability including *confinement in pretrial detention*") (emphasis added); *Thomas v. Fischer*, No. 2:24-CV-01056-JCC-DWC, 2024 WL 5126405, at *3 (W.D. Wash. Nov. 7, 2024), *report and recommendation adopted*, No. C24-1056-JCC, 2024 WL 5119804 (W.D. Wash. Dec. 13, 2024)

(same).[4]  Fair was acquitted and released from custody on June 11, 2019.  Dkt. # 169-3 at 2

(Judgment of Acquittal and Order for Immediate Release from Custody).  And he filed his

Complaint on December 2, 2021.  Dkt. # 1-2.  Thus, as a matter of law, he made his claims

within the limitations period.

Thus, the Court grants Fair's motion as to the King County Defendants' statute of

limitations defense.

### 3. Waiver (No. 4)

The King County Defendants' fourth affirmative defense asserts that Fair "has waived

some or all of the claims in this lawsuit."  Dkt. # 150 at 31.  Fair says that the King County

Defendants stated in their discovery responses that the basis for this defense is that Fair "failed to

fully grieve his complaints" against King County's Department of Adult and Juvenile Detention

(DAJD) about his conditions of confinement.  Dkt. # 166 at 8 (citing Dkt. # 167-4 at 6).  Fair

contends that this assertion is "too bald and conclusory" to provide him with fair notice or

withstand summary judgment.  *Id.* (internal citation omitted).  He says that to defend his claims,

he "must know precisely *which* claims it is that [the King] County Defendants assert he has

waived and *how* they were waived.'  *Id.* at 9 (emphasis in original).  The King County

Defendants merely respond that this affirmative defense is "similar" to their statute of limitations

defense.  Dkt. # 182 at 5.

As stated above, the Court's April 13, 2023 Order addressed the King County

Defendants' argument that Fair's 2016 lawsuit against King County precluded him from bringing

claims about the conditions at King County Jail in this matter.  The Court stated that "King

County [] offered no evidence that [Fair] *waived or somehow released it or its corrections*

---

[4] The King County Defendants do not respond to Fair's arguments about RCW 4.16.190.  *See*
Dkt. # 182 at 4–5.

*officials from future claims.* [Fair] may proceed on his claims relating to the conditions of confinement continuing, and events occurring, after August 1, 2016, when the operative pleading in Case No. C16-273 JLR was filed." Dkt. # 85 at 18 (emphasis added). In response to Fair's argument, the King County Defendants have not explained how Fair has purportedly waived any of his claims. Their cursory assertion that Fair "failed to fully grieve his complaints" against DAJD fails to create a genuine dispute of material fact. *See Totally Her Media, LLC v. BWP Media USA, Inc.*, No. CV 13-08379-AB (PLAx), 2015 WL 12659912, at *4 (C.D. Cal. Mar. 24, 2015) ("The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine issue of fact.") (quoting *Mende v. Dun & Bradstreet, Inc.*, 670 F.2d 129, 132 (9th Cir. 1982)).

Thus, the Court grants Fair's motion as to the King County Defendants' waiver defense.

4.    Proximate Cause (No. 6)

The King County Defendants' sixth affirmative defense states that Fair's injuries and damages were proximately caused by his own actions or negligence. Dkt. # 150 at 32.[5] Fair says that the King County Defendants asserted in their discovery responses that the basis for this defense is that Fair's "injuries were proximately caused by his actions of murdering Arpana Jinaga." Dkt. # 166 at 10. (citing Dkt. # 167-4 at 6). Fair says that this is not a basis on which the King County Defendants can mount a defense. *Id.* The King County Defendants respond that this defense is proper because Fair proximately caused his own injuries. Dkt. # 182 at 5.

Other district courts in this Circuit have reasoned that a defense that says a plaintiff proximately caused their own injuries is not a proper affirmative defense when proximate cause is a prima facie element of the plaintiff's claim. *Acasio v. Lucy*, No. 14-CV-04689-JSC, 2017

---

[5] The King County Defendants withdraw the portion of this defense that refers to "others." Dkt. # 182 at 5.

WL 1316537, at *16 (N.D. Cal. Apr. 10, 2017) (determining that the defendant's affirmative defenses that "allege that [the] [p]laintiff proximately caused . . . her own injuries . . . are not valid affirmative defenses"); *see also Quintana v. Baca*, 233 F.R.D. 562, 565 (C.D. Cal. 2005) (striking an affirmative defense that states, "the plaintiff caused the injuries he sustained by his own negligence and omissions" because "this is not a proper affirmative defense; rather it attacks the plaintiff's contentions that the defendant caused the injuries").[6]  These courts reasoned that such an affirmative defense is invalid because "[a] defense which demonstrates that [the] plaintiff has not met [their] burden of proof is not an affirmative defense."  *See Acasio*, 2017 WL 1316537, at *16 (quoting *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002)); *Hiramanek v. Clark*, No. 13-00228, 2015 WL 693222, at *2 (N.D. Cal. Feb. 18, 2015) (citing *Zivkovic* for the proposition that proximate causation "is not an affirmative defense").  This defense is improper to the extent that it simply provides a basis to negate Fair's prima facie case.

Furthermore, the King County Defendants argue that the proximate cause defense applies because Fair's "injuries were proximately caused by his actions of murdering Arpana Jinaga." Dkt. # 167-4 at 6.  If the King County Defendants are contending that, if Fair had not killed Jinaga, he would not have been arrested and prosecuted for her murder, the contention is misplaced.  The issues in this case concern whether Defendants violated Fair's rights, after the murder, in the manner alleged in the TAC.

---

[6] *Contra Estados Unidos Mexicanos v. Diamondback Shooting Sports Inc.*, No. CV-22-00472-TUC-RM, 2024 WL 4817651, at *8 (D. Ariz. Nov. 18, 2024) (declining to strike affirmative defenses related to proximate causation).  *But see Knights v. C. R. Bard Inc.*, No. CV 19-11911-FDS, 2023 WL 6142437, at *7 (D. Mass. Sept. 20, 2023) ("Because causation is a *prima facie* element of [the] plaintiff's claims, a defendants' direct challenges to actual or proximate causation are not affirmative defenses. See Fed. R. Civ. P. 8(c).  Instead, they are properly considered specific denials, even if they are initially mislabeled as 'defenses.") (citing 5 Wright & Miller, Fed. Prac. & Proc. Civ. § 1269 (4th ed. 2023)).

1

Thus, the Court grants summary judgment as the King County Defendants' sixth

2

affirmative defense.[7]

3

      5.      Apportionment of Fault (No. 7)

4

The King County Defendants' seventh affirmative defense states, "The damages and/or

5

injuries sustained, if any, were caused solely or in part by the fault of a third party or entity not

6

within the control of the King County Defendants, and pursuant to RCW 4.22.070, fault must be

7

apportioned." Dkt. # 150 at 32. [8] Fair contends that this affirmative defense is "too bald and

8

conclusory" for him to defend against. Dkt. # 166 at 11. The King County Defendants assert

9

that this defense is like their sixth affirmative defense (proximate cause) "but clarifies that there

10

must be apportionment of fault between [] [D]efendants and Fair for his state law claims." Dkt.

11

# 182 at 7. They say that Fair's actions "are the sole but-for and legal cause of his alleged

12

damages." *Id.*

13

Apportionment of fault is distinct from a court's determination of which actors caused of

14

an injury. As for Fair's state-law claims, under Washington law, "each tortfeasor is liable only

15

for damages corresponding to its proportionate share of fault as determined by the trier of fact."

16

*Barton v. Dep't of Transp.*, 178 Wash.2d 193, 308 P.3d 597, 602 (Wash. 2013) (citing RCW

17

4.22.070(1)); *see also Est. of Torres by & through Banda v. Kennewick Sch. Dist. No. 17*, No.

18

4:19-CV-05038-MKD, 2024 WL 1337180, at *8 (E.D. Wash. Mar. 28, 2024).[9] At this stage, the

19

---

20

    [7] "In attempting to controvert an allegation in the complaint, a defendant occasionally may label his denial as an affirmative defense rather than as a specific denial. But as long as the pleading clearly indicates the allegations in the complaint that are intended to be placed in issue, the improper designation should not operate to prejudice the pleader." 5 Wright & Miller, Fed. Prac. & Proc. Civ. § 1269 (4th ed. April 2025 update).

21

22

    [8] As stated above, the King County Defendants have withdrawn the portion of the affirmative defense that refers to a "third party" or other "entity." Dkt. # 182 at 7.

23

    [9] In their opposition brief, the King County Defendants do not contend that this affirmative defense applies to Fair's federal claims. *See* Dkt. # 182 at 7. The Court notes that district courts in this Circuit have declined to apply the apportionment of fault defense to Section 1983 claims. *See Est. of*

24

ORDER RE: FAIR'S MOTIONS FOR SUMMARY
JUDGMENT ON DEFENDANTS' AFFIRMATIVE
DEFENSES - 13

1    Court has not determined liability.  And Fair has put forth no evidence negating an essential

2    element of the King County Defendants' apportionment of fault defense, nor has he shown that

3    the King County Defendants do not have enough evidence of an essential element to carry their

4    ultimate burden of persuasion at trial.  *See Nissan Fire & Marine Ins. Co.*, 210 F.3d at 1102.

5         Thus, the Court denies Fair's motion as to the King County Defendants' seventh

6    affirmative defense.

7         6.    Probable Cause (No. 8)

8         In their eight affirmative defense, the King County Defendants allege that "[s]ome or all

9    of [Fair's] claims are barred by the preclusive findings of probable cause."  Dkt. # 150 at 32.

10   Fair says that the Court determined in its April 13, 2023 Order that he was not collaterally

11   estopped from challenging the probable cause rulings of the King County Superior Court during

12   his criminal prosecution for Jinaga's murder.  Dkt. # 166 at 13 (citing Dkt. # 85 at 13–15).  Fair

13   also says that to succeed on his malicious prosecution claim he must show that he was

14   prosecuted without probable cause.  *Id.*  Thus, according to Fair, this is not a proper affirmative

15   defense.  *Id.* (citing *Zhang v. EnergyAuth.*, 22-694, 2024 WL 3091848, at *10 (W.D. Wash. June

16   21, 2024)).

17        The King County Defendants respond that "the affirmative defense of probable cause

18   relates to the claims brought by Fair of malicious prosecution."  Dkt. # 182 at 7.  They say that

19   "a defense to malicious prosecution is the existence of probable cause."  *Id.* (citing *Peasley v.*

20   *Puget Sound Tug & Barge Co.*, 13 Wn.2d 485, 125 P.2d 681 (1942)).  The King County

21

22   *Moreno by & through Moreno v. Corr. Healthcare Companies, Inc.*, No. 4:18-CV-5171-RMP, 2019 WL
     10733237, at *2 (E.D. Wash. Aug. 5, 2019) ("While defendants to [S]ection 1983 actions may argue that
23   other people are responsible for the plaintiff's injuries, defendants may not ask the jury to apportion fault
     among parties and non-parties, including other defendants, under state comparative fault and
24   apportionment laws.") (citing *Logan v. City of Pullman Police Dep't*, No. CV-04-214-FVS, 2006 WL
     994759, at *2 (E.D. Wash. Apr. 14, 2006)).

ORDER RE: FAIR'S MOTIONS FOR SUMMARY
JUDGMENT ON DEFENDANTS' AFFIRMATIVE
DEFENSES - 14

Defendants also say that they will ask the Court in their forthcoming summary judgment motion "to determine whether probable cause existed, based on the evidence gathered during discovery in this case." *Id.*[10]

Under Washington law, a claim for malicious prosecution requires that "1) the defendant began or continued a prosecution; 2) without probable cause; 3) with malice; 4) in a proceeding terminated in the plaintiff's favor; 5) to plaintiff's injury." *Bethune v. City of Washougal*, 642 F. Supp. 3d 1246, 1258 (W.D. Wash. 2022) (quoting *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054 (9th Cir. 2009)).[11]  To succeed on this claim, Fair must show that the King County Defendants prosecuted him without probable cause.  As the Court stated above, "[a] defense which demonstrates that [the] plaintiff has not met [their] burden of proof [as to an element the plaintiff is required to prove] is not an affirmative defense." *Zivkovic*, 302 F.3d at 1088.  A proper affirmative defense under Federal Rule of Civil Procedure 8(c) "is a defense that does not negate the elements of the plaintiff's claim, but instead *precludes liability even if all of the elements of the plaintiff's claim are proven*." *E. & J. Gallo Winery v. Encana Energy Servs., Inc.*, No. CV F 03-5412 AWI LJO, 2008 WL 2489887, at *5 (E.D. Cal. June 18, 2008) (internal quotation omitted) (emphasis added).

Thus, the Court grants Fair's motion as to the King County Defendants' eight affirmative defense.

---

[10] The King County Defendants acknowledge that the Court's April 13, 2023 Order "addressed King County Defendants' argument that Fair's claims were barred entirely based on the doctrine of collateral estoppel because probable cause had been found by the judge upon filing of the criminal charges." Dkt. # 182 at 7.  They say that this affirmative defense specifically relates to Fair's malicious prosecution claim.

[11] "Federal courts rely on state common law for elements of malicious prosecution." *Mills v. City of Covina*, 921 F.3d 1161, 1169 (9th Cir. 2019).

1      7.      Prejudgment Interest (No. 10)

2          In their tenth affirmative defense, the King County Defendants assert that they are not

3 liable for prejudgment interest under RCW 4.56.115.  Dkt. # 150 at 32.  Fair contends that this

4 affirmative defense is "untenable" considering Ninth Circuit case law "holding precisely the

5 contrary."  Dkt. # 166 at 14 (citing cases).  He says that "that the Court has discretion on whether

6 to award prejudgment interest mak[ing] th[is] question an element of [his] claim(s), not an

7 affirmative defense."  Dkt. # 188 at 12.

8          The King County Defendants respond that the cases Fair cites in his motion simply say

9 that "whether prejudgment interest will be awarded is a question of fairness, lying within the

10 court's sound discretion, to by answered by balancing the equities."  Dkt. # 182 at 8 (quoting *S.*

11 *Coast Cab Co., Inc. v. City of Anaheim*, 2007 WL 9723540 *2 (C.D. Cal. Jan. 22, 2007)).  They

12 contend that, given the Court's discretion, they are entitled to this affirmative defense.  *Id.*

13         The cases Fair cites in his motion do not support his argument.  For example, in *Western*

14 *Pacific Fisheries*, the Ninth Circuit said that "the award of pre-judgment interest is within the

15 discretion of the trial judge" and that "this discretion must be exercised with a view to the fact

16 that pre-judgment interest is an element of compensation, not a penalty."  *See W. Pac. Fisheries,*

17 *Inc. v. SS President Grant*, 730 F.2d 1280, 1288 (9th Cir. 1984).  In *Golden State Transit Corp.*,

18 the court determined that it had the "discretion" to award prejudgment interest in a Section 1983

19 case.  *See Golden State Transit Corp. v. City of Los Angeles*, 773 F. Supp. 204, 212 (C.D. Cal.

20 1991).

21         And Fair cites no authority to support his argument that prejudgment interest is an

22 element of his claims.  Other district courts in this Circuit have allowed affirmative defenses

23 about prejudgment interest because the "allegation [is] 'unrelated to the plaintiff's prima facie

24 case that den[ies] the plaintiff's right to relief, even if all allegations in the complaint are true.'"

ORDER RE: FAIR'S MOTIONS FOR SUMMARY
JUDGMENT ON DEFENDANTS' AFFIRMATIVE
DEFENSES - 16

*Zelton v. FedEx Express Corp.*, No. 2:23-CV-01174-TL, 2024 WL 5169925, at *7 (W.D. Wash. Dec. 19, 2024) (quoting *Renn v. Otay Lakes Brewery, LLC*, No. C23-1139, 2024 WL 2116056, at *2 (S.D. Cal. May 10, 2024)) (alteration in original); *see also Hudson v. First Transit, Inc.*, No. C 10-03158 WHA, 2011 WL 445683, at *3 (N.D. Cal. Feb. 3, 2011) (allowing an affirmative defense about prejudgment interest because the defendant specified why prejudgment interest should not be awarded); *White v. King Cnty. Sheriff's Off.*, No. 2:23-CV-01761-JHC, 2024 WL 2802930, at *7 (W.D. Wash. May 31, 2024) (permitting an affirmative defense about prejudgment interest because the defendant said that it was not liable for prejudgment interest because it is a political subdivision).

Accordingly, the Court denies Fair's motion as to the King County Defendants' tenth affirmative defense.

8.    Qualified Immunity (No. 12)

Qualified immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  As for a claim brought under 42 U.S.C. § 1983, an individual defendant is entitled to qualified immunity if either of these criteria is satisfied: (1) the alleged facts do not show a constitutional violation; or (2) the constitutional right allegedly violated was not "clearly established" at the time of the events at issue.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009).  Fair contends that he is entitled to summary judgment as to the "clearly established" constitutional right prong of the qualified immunity analysis.  Dkt.      # 166 at 12. He says that a constitutional violation occurs when "exculpatory evidence is ignored that would negate a finding of probable cause." *Id.* at 11 (quoting *Broam v. Bogan*, 320 F.3d 1023, 1032 (9th Cir. 2003).  Fair argues that in its April 13, 2023 Order the Court determined that he alleged a clearly established right.  Dkt. # 188 at 12 (citing Dkt. # 85 at 16).

The King County Defendants respond that Fair "has failed to present undisputed evidence that Baird violated a constitutional right." Dkt. # 182 at 8. They assert that exculpatory evidence was not ignored or that any of the excluded evidence would have negated a finding of probable cause. *Id.* at 8–9. They say that genuine issues of material fact exist that preclude summary judgment on this affirmative defense. *Id.* at 9.

Fair has adduced no evidence entitling him to summary judgment on the "clearly established" constitutional right prong of the qualified immunity analysis. In its April 13, 2023 Order, the Court's qualified immunity analysis was based on Fair's *allegations* in the FAC. At the summary judgment phase, Fair as the moving party must either produce evidence negating an essential element of the King County's affirmative defense or show that the King County Defendants do not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *See Nissan Fire & Marine Ins. Co.*, 210 F.3d at 1102. Fair has not met this burden.[12]

9.    Any injuries or damages to Fair was the result of "reasonable and required conduct" of King County and its employees (No. 15)

In their fifteenth affirmative defense, the King County Defendants assert that "[i]f Fair sustained any injury or damage, the same was the result of reasonable and required conduct of [D]efendant King County and its employees under the circumstances and was excusable and justifiable in connection with the detention." Dkt. # 150 at 32.[13] Fair says that this is not a proper affirmative defense because the King County Defendants are simply seeking to negate elements of his claims, including his claims of negligence and negligent infliction of emotional

---

[12] In its April 13, 2023 Order, the Court stated that the King County Defendants' motion was denied without prejudice as to qualified immunity. Dkt. # 85 at 16. The Court specified that the King County Defendants could raise this issue again in a motion for summary judgment or at trial. *Id.*

[13] The King County Defendants partially withdrew this affirmative defense as it relates to Baird and the KCPAO.

ORDER RE: FAIR'S MOTIONS FOR SUMMARY
JUDGMENT ON DEFENDANTS' AFFIRMATIVE
DEFENSES - 18

distress.  Dkt. ## 166 at 7; 188 at 13.  The King County Defendants say that this affirmative

defense applies only to the "the factual allegations about Fair's treatment while in custody

pending the trial."  Dkt. # 182 at 9.  They contend that "DAJD responded appropriately to Fair's

mental health and physical needs, exercising reasonable care and fulfilling their duty of care."

*Id.* at 10.

The King County Defendants' assertion that their conduct was "reasonable under the

circumstances" is not a proper affirmative defense because it merely states that Fair has not met

the burden of proof on an element of his claim.  *See Zivkovic*, 302 F.3d at 1088.  Under

Washington law, liability in negligence actions "arises only where conduct does not conform to

the standard of reasonable care."  *Bishop v. Miche*, 137 Wash. 2d 518, 530, 973 P.2d 465, 471

(1999).  Thus, as to his negligence claim, Fair has the burden of showing that the King County

Defendants failed to exercise reasonable care.  *See, e.g.*, *Ramirez-Yanez v. Allstate Ins. Co.*, No.

C12-732 MJP, 2013 WL 1499199, at *4 (W.D. Wash. Apr. 11, 2013); *Hertog, ex rel. S.A.H. v.

City of Seattle*, 138 Wash. 2d 265, 276, 979 P.2d 400 (1999).  A proper affirmative defense is

one on which the defendant has the burden of proof—not the plaintiff.  *See, e.g.*, *Barnes v. AT &

T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010);

*Zivkovic*, 302 F.3d at 1088.

Thus, the Court grants Fair's motion as to this affirmative defense.

B.    The Redmond Defendants' Affirmative Defenses

In response to Fair's motion, the Redmond Defendants withdraw their first and sixth

affirmative defenses.  *See* Dkt. # 179 at 2.  They also withdraw their second affirmative defense

(statute of limitations) "as it relates to their part in the underlying facts of this case, which

include only the underlying investigation, and do not include [Fair's] criminal prosecution or his

incarceration."[14]  *Id.* at 3.  They also partially withdraw their fourth affirmative defense as to state-law qualified immunity.  Dkt. # 179 at 6.  They also partially withdraw their fifth affirmative defense as to laches.  *Id.*  They also partially withdraw their tenth affirmative defense as it related to the Section 1983 claim against Defendant Coats.  *Id.* at 8.  Thus, the Court denies Fair's motion as moot regarding the defenses and partial defenses as described above.  The Court addresses the remaining disputes below.[15]

    1.    Probable Cause (No. 3)

    The Redmond Defendants' third affirmative defense says that Fair is barred from relitigating probable cause under the doctrines of res judicata or collateral estoppel.  Dkt. # 162 at 27.  It also says that probable cause has been "established as a matter of law."  *Id.*  Fair contends that the Court's April 13, 2023 Order determined that Fair's claims were not barred

---

[14] In their opposition brief, the Redmond Defendants do not respond to any of Fair's arguments about the state of limitations defense.  Dkt. # 179 at 3.  Thus, to the extent that the Redmond Defendants' statement was not a complete withdrawal of the affirmative defense, they have waived it.  *See Pac. Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178 n. 7 (9th Cir. 2016) ("But the plaintiffs did not raise that argument to the district court in their motion for summary judgment or opposition to the defendants' motion for summary judgment, so the argument was waived."); *Hartranft v. Encore Cap. Grp., Inc.*, 543 F. Supp. 3d 893, 913 (S.D. Cal. 2021) ("[W]here a non-moving party fails to address an argument raised by the moving party in the opposition brief, the Court may consider any arguments unaddressed by the non-moving party as waived").

    In any event, as the Court stated earlier the statute of limitations for federal civil rights claims under Section 1983 is established by the forum state's law for personal injury actions.  *See Bonelli*, 28 F.4th at 952 (9th Cir. 2022) (quoting *Bird*, 953 F.3d at 743).  In Washington, personal injury torts have a three-year statute of limitations period.  RCW 4.16.080(2).  Thus, the statute of limitations for Fair's Section 1983 claims is three years.  *See A.T. v. Everett Sch. Dist.*, 300 F. Supp. 3d 1243, 1252 (W.D. Wash. 2018), *aff'd*, 794 F. App'x 601 (9th Cir. 2019); *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002).  Malicious prosecution claims brought under Washington law also have a three-year statute of limitations period.  *See Hawkins v. Douglas Cnty.*, No. 2:15-CV-0283-TOR, 2016 WL 347684, at *6 (E.D. Wash. Jan. 28, 2016) (citing RCW 4.16.080(2)).  And the statute of limitations "does not begin to run until the criminal proceedings against the defendant (*i.e.*, the § 1983 plaintiff) have terminated in his favor."  *McDonough v. Smith*, 588 U.S. 109, 114 (2019).  Fair was acquitted on June 11, 2019.  Dkt. # 169-3 at 2.  And he filed his Complaint on December 2, 2021.  Dkt. # 1-2.  Thus, his claims are within the limitations period.  As stated above, Fair also brought his claims about his conditions of confinement at King County Jail within the limitations period.  *See* Sec. III.A.2.

[15] Fair has withdrawn his summary judgment motion as to the Redmond Defendants' eleventh affirmative defense.  *See* Dkt. # 187 at 1.  Thus, the Court need not resolve this issue.

because of res judicata or collateral estoppel.  Dkt. # 182 at 7 (citing Dkt. # 85 at 13–15).  He also says that this is not a proper affirmative defense because probable cause is an element of his malicious prosecution claim.  *Id.* at 7–8; *see also* Dkt. # 187 at 4–5.

The Redmond Defendants respond that the Court's April 13, 2023 Order was based on Fair's allegations in the FAC and the parties have now engaged in "abundant discovery."  Dkt. # 179 at 3–4.  They say that in their upcoming summary judgment motion they will request that the Court determine whether probable cause existed.  *Id.*

The Court's April 13, 2023 Order says that Fair "is not collaterally estopped by the decisions of Judges Robinson, Spearman, or North from asserting that he was prosecuted without probable cause."  Dkt. # 85 at 13–15; *see also* Sec. III. A.6. n.10.  The Court determined that the "showing necessary for collateral estoppel ha[d] not been made" and that Fair "was twice tried and essentially twice acquitted, which substantially undermine[d] the persuasive effect of the state court's probable cause rulings."  Dkt. # 85 at 14–15 n. 9.  But the Court decided this issue at the Rule 12(b)(6) stage and assumed the truth of Fair's allegations and drew all reasonable inferences in his favor.

To succeed on a malicious prosecution claim, Fair must show that the Redmond Defendants prosecuted him without probable cause.  *See Bethune*, 642 F. Supp. 3d at 1258.  As stated above, "[a] defense which demonstrates that [the] plaintiff has not met [their] burden of proof [as to an element the plaintiff is required to prove] is not an affirmative defense." *Zivkovic*, 302 F.3d at 1088.  This is not a valid affirmative defense to the extent that it simply provides a basis to negate Fair's prima facie case for malicious prosecution.

Thus, the Court denies Fair's motion with regard to the defenses of res judicata and collateral estoppel.  But the Court grants Fair's motion with regard to the assertion of lack of probable cause as an affirmative defense.

ORDER RE: FAIR'S MOTIONS FOR SUMMARY
JUDGMENT ON DEFENDANTS' AFFIRMATIVE
DEFENSES - 21

1

2          **2.      Qualified Immunity (No. 4)**

3          Fair contends that he is entitled to summary judgment as to the "clearly established"

constitutional right prong of the qualified immunity analysis.  Dkt. # 168 at 8.  He says that the

4    Court already determined that he alleged a "clearly established right" in its April 13, 2023 Order.

5    *Id.* (citing Dkt. # 85 at 16).  The Redmond Defendants say that Fair does not provide any

6    admissible evidence, nor does he cite any authority to show that his rights were clearly

7    established.  Dkt. # 179 at 6.

8          Fair is not entitled to summary judgment on the "clearly established right" prong of the

9    qualified immunity analysis.  In its April 13, 2023 Order, the Court resolved the Redmond

10   Defendants' arguments about qualified immunity based on the plausibility of Fair's *allegations*

11   in the FAC.  As the party moving for summary judgment, Fair must produce evidence negating

12   an essential element of the Redmond Defendants' qualified immunity defense or show that the

13   Redmond Defendants do not have enough evidence of an essential element to carry their ultimate

14   burden of persuasion at trial.  *See Nissan Fire & Marine Ins. Co.*, 210 F.3d at 1102.  Fair has

15   failed to meet this burden.[16]

16         **3.      Waiver (Defense No. 5)**

17         The Redmond Defendants' fifth affirmative defense says that Fair's "claims relating to

18   the timing of his criminal trials and/or the length of his pretrial detention are not properly

19   asserted against the Redmond Defendants, who were not involved in these matters."  Dkt. # 162

20   at 27.  It also says that these claims are barred by waiver because Fair has "foregone his

21   Constitutional right to a speedy trial."  *Id.*  Fair contends that he is not asserting any claims about

22

23         [16] In its April 13, 2023 Order, the Court stated that the Redmond Defendants' motion was denied
without prejudice as to qualified immunity.  Dkt. # 85 at 16.  The Court specified that the Redmond
24   Defendants could raise this defense again in a motion for summary judgment or at trial.  *Id.*

ORDER RE: FAIR'S MOTIONS FOR SUMMARY
JUDGMENT ON DEFENDANTS' AFFIRMATIVE
DEFENSES - 22

the timing of his criminal trials.  Dkt. # 168 at 9–10 (citing Dkt. # 157 at ¶¶ 208–78).  Fair says that he is alleging that the Redmond Defendants "caused the severe harm he suffered as a result of being wrongfully incarcerated between 2010 and 2019." *Id.* at 10 (citations omitted).  He also argues that the affirmative defense is conclusory and does not provide him with any facts about which claims are purportedly waived or explain why they are "foregone." *Id.*

The Redmond Defendants say that even if Fair is not asserting any claims related to the timing of his criminal trials, he is still alleging that the Redmond Defendants caused the harm he suffered while incarcerated from 2010 to 2019.  Dkt. # 179 at 6.  They say that Fair admitted during his deposition that he was aware of his right to a speedy trial. *Id.*  They also say that Fair's admission establishes an issue of material fact as to whether Fair waived his right to sue the Redmond Defendants for damages associated with the time he spent incarcerated in King County Jail. *Id.* at 7.  They also say that "this is an element of damages [Fair] plans to argue at trial and is related to each of his claims." *Id.*

At this stage, the Court cannot conclude that summary judgment is warranted as to this affirmative defense.  Fair did not respond to the Redmond Defendants' argument about Fair's speedy trial rights and waiver of his claims for damages associated with the time he spent incarcerated. *See* Dkt. # 187 at 5–6 (calling the Redmond Defendants' argument "conclusory"); *see also McGrew v. Duncan*, 937 F.3d 664, 669 (6th Cir. 2019) ("A party may not present a skeletal argument, leaving the court to put flesh on its bones.").  Lastly, Fair has provided no evidence negating an element of the Redmond Defendants' defense, nor has he shown that they do not have enough evidence of an essential element to carry their burden of persuasion at trial.

4.      Liability under Section 1983 (No. 7)

The Redmond Defendants' seventh affirmative defense states, "The City of Redmond cannot be held liable under a *respondeat superior* theory pursuant to 42 U.S.C. § 1983.  Dkt.

# 162 at 28. It also says that "Fair has failed to plead facts specific enough to state a claim against the City of Redmond under § 1983 based on the heightened pleading requirements for such a claim." Fair contends that this is an "improper failure to state a claim defense." Dkt. # 168 at 11. He says that the Court has already determined that he has sufficiently alleged a Section 1983 claim against the City of Redmond. *Id.* (citing Dkt. # 85 at 18–20).

The Redmond Defendants respond that the Court's April 13, 2023 Order did not say that Fair proved his *Monell* claims. Dkt. # 179 at 11. They say that "the proper venue for this decision will be [their] forthcoming motion for summary judgment on this claim." *Id.*

This is not a proper affirmative defense because it simply says that Fair has failed to state a Section 1983 claim. *See, e.g.*, *Tapia v. NaphCare Inc.*, No. C22-1141-KKE, 2025 WL 296575, at *3 (W.D. Wash. Jan. 24, 2025) ("As a matter of law, 'failure to state a claim' is not an appropriate affirmative defense because it attempts to point out defects in Tapia's *prima facie* case."); *Fish, LLC v. Harbor Marine Maint. & Supply, Inc.*, No. C17-0245, 2018 WL 1792186, at *3 (W.D. Wash. Apr. 16, 2018) (dismissing the defense because "failure to state a claim is not a proper affirmative defense [and instead] should be brought by motion"). As stated above, "[a] defense which demonstrates that [the] plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic*, 302 F.3d at 1088. Thus, the Court grants Fair's motion as to this affirmative defense.

5.    Public Duty Doctrine (No. 8)

The Redmond Defendants' eighth affirmative defense says that to the extent that Fair is alleging negligence during the investigation of Jinaga's murder, "no such cause of action exists under Washington law and may be barred by the public duty doctrine." Dkt. # 162 at 8. Fair says that the Court addressed this issue in its April 13, 2023 Order and allowed the negligence claim to proceed. Dkt. # 168 at 11–12 (citing Dkt. # 85 at 20–24, n.7). The Redmond

Defendants say that this affirmative defense should not be dismissed because their forthcoming summary judgment motion "will include material facts that have been established through discovery and not the bald assertions in [Fair's] complaint that were at issue when the Court provided its April 23, 2023 Order." Dkt. # 179 at 7 (citing Dkt. # 85).

Whether the public duty doctrine applies here involves questions of law and fact. *See, e.g.*, *White*, 2024 WL 2802930, at *6. In its April 13, 2023 Order, the Court determined that the public duty doctrine did not prevent Fair from pursuing a negligence claim against the City of Redmond based on the *plausibility* of his allegations in the FAC. *See* Dkt. # 85 at 23 ("To the extent [Fair] alleges that the murder investigation was performed in a negligent manner (rather than with race-based malice), he has *plausibly pleaded* that a duty was owed specifically to him, as distinct from the public.") (emphasis added). At the summary judgment phase, the Court must determine whether there is a "genuine dispute as to any material fact" and whether the moving party is "entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). Fair has adduced no evidence negating an element of this defense nor has he shown that the Redmond Defendants do not have enough evidence of an essential element to carry their burden of persuasion at trial. *See Nissan Fire & Marine Ins. Co.*, 210 F.3d at 1102. Thus, the Court denies Fair's motion as to the Redmond Defendants' eighth affirmative defense.

6.    Proximate Cause (No. 9)

In their ninth affirmative defense, the Redmond Defendants say that they "did not proximately cause any of [Fair's] claimed damages." Dkt. # 162 at 28. Fair contends that this is not a proper affirmative defense because proximate cause is an element of his claims. Dkt. # 168 at 5 (citing *Zhang v. Energy Auth.*, 2024 WL 3091848, at *10). They say that Fair has "provided no specific authority for his argument that the Redmond Defendants cannot assert proximate cause as an affirmative defense." Dkt. # 179 at 3.

Causation is a prima facie element of Fair's claims. And a defense challenging actual or proximate causation is not a proper affirmative defense. *See supra* Sec. III.A.4. Moreover, contrary to the Redmond Defendants' assertion, Fair cites *Zhang* for the proposition that "[a] defense which demonstrates that plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense." *Zhang*, 2024 WL 3091848, at *10 (quoting *Zivkovic*, 302 F.3d at 1088.). Other district courts have relied on the Ninth Circuit's reasoning in *Zivkovic* for the proposition that an affirmative defense stating that a plaintiff proximately caused their own injuries is not proper. *See Acasio*, 2017 WL 1316537, at *16; *see also Hiramanek*, 2015 WL 693222, at *2.

Thus, the Court grants summary judgment as to Redmond Defendants' ninth affirmative defense.

7.      Apportionment of Fault (No. 10)

The Redmond Defendants' tenth affirmative defense states that Fair's "alleged damages, if any, were proximately caused by [Fair's] own acts and omissions and [Fair's] recovery, if any, must be proportionately reduced." Dkt. # 162 at 28. Fair says that he was found not guilty and acquitted of all charges against him. Dkt. # 168 at 12. He contends that the Redmond Defendants' "failure to accept his innocence is not a legal basis upon which they can mount a permissible defense." *Id.* He also argues that "the concept of apportioning fault among all liable parties" does not apply in Section 1983 actions. *Id.* (citing *Moreno*, 2019 WL 10733237, at *2).[17]

---

[17] Fair's motion directs an argument at the "[King] County Defendants" about his claims related to his conditions of confinement at King County Jail. Dkt. # 168 at 13. The Court disregards this argument as inapt.

Fair also contends that he was not provided with fair notice of the apportionment of fault defense because the "Redmond Defendants' discovery responses only indicate that [Fair] is one of the other parties at fault, yet they name 'others' beside [Fair] in the Answer." Dkt. # 168 at 12. The Redmond Defendants' affirmative defense says Fair's "alleged damages, if any, were proximately caused by [his] own acts and omissions." Dkt. # 162 at 28. The Redmond Defendants' Answer does not say that anyone

The Redmond Defendants respond that the jury may find Fair "partially at fault for his own damages for any number of reasons." Dkt. # 179 at 8. They say, for example, that actions Fair took before his arrest, such as lying to the detectives about his cell phone use during the evening of Jinaga's murder, "could lead a jury to apportion fault to [Fair] as related to his state law claims." *Id.* (internal citations omitted).[18]

Fair has adduced no evidence negating an essential element of the Redmond Defendants' apportionment of fault defense nor has he shown that they do not have enough evidence of an essential element to carry their burden of persuasion at trial. *See Nissan Fire & Marine Ins. Co.*, 210 F.3d at 1102. Although Fair says that the Redmond Defendants' arguments about his waiver of a speedy trial may be relevant to a mitigation defense, and not to an apportionment of damages defense, he cites no evidence or authority to support his argument. *See* Dkt. # 187 at 7. Thus, Fair's motion as to the Redmond Defendants' tenth affirmative defense is denied with regard to the state-law claims.

---

besides Fair proximately caused his injuries. *See* Dkt. # 162. The Court disregards this argument as inapt as well.

[18] The Redmond Defendants concede that they are not "entitled to apportionment of fault" as to Fair's Section 1983 against Detective Coats. Dkt. # 179 at 8. But Fair points out that the Redmond Defendants failed to respond to his argument that the apportionment of fault defense does not apply to *all* of his Section 1983 claims, including his *Monell* claims against the City of Redmond. *See* Dkt. # 187 at 4. Thus, the Redmond Defendants have waived this argument. *See Samica Enterprises LLC v. Mail Boxes Etc., Inc.*, 460 F. App'x 664, 666 (9th Cir. 2011) ("Arguments not raised in opposition to summary judgment or in the opening brief before this court are waived.");*Qualey v. Pierce Cnty.*, No. 3:23-CV-05679-TMC, 2025 WL 306421, at *12 (W.D. Wash. Jan. 27, 2025), *reconsideration denied*, No. 3:23-CV-05679-TMC, 2025 WL 623669 (W.D. Wash. Feb. 26, 2025) (in resolving the defendants' motion for summary judgment, the court noted that "[w]hen a party fails to respond to an argument made to dismiss a claim, the argument is waived").

In any event, as other district courts in this Circuit have noted, "the concept of apportioning fault among all liable parties. . . do[es] not apply in [S]ection 1983 actions." *Moreno*, 2019 WL 10733237, at *2–3 ("Because [the] [p]laintiffs must prove intentional conduct on behalf of each [d]efendant in this case, and because comparative fault, contributory negligence, and apportionment do not apply to intentional conduct, affirmative defenses based on those concepts are impermissible in [S]ection 1983 actions."); *see also Logan*, 2006 WL 994759, at *2.

ORDER RE: FAIR'S MOTIONS FOR SUMMARY
JUDGMENT ON DEFENDANTS' AFFIRMATIVE
DEFENSES - 27

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

8.      Punitive Damages & Prejudgment Interest (No. 12)

The Redmond Defendants' twelfth affirmative defense states, "The City of Redmond is immune from liability for prejudgment interest on tort judgments and is immune from punitive damages." Dkt. # 162 at 28.  Fair says that prejudgment interest is presumptively available to victims of federal law violations.  Dkt. # 168 at 15 (quoting *Worthington v. City of New Haven*, No. 94-609, 1999 WL 958627, at *17 (D. Conn. Oct. 5, 1999).  The Redmond Defendants say that the decision of whether to award prejudgment interest is left to the Court's discretion.  Dkt. # 179 at 9–10.[19]

The cases Fair cites in his motion do not support his contention that summary judgment must be granted in his favor.  For example, in *Worthington*, the court noted that "[i]n a suit to enforce a federal right, the question of whether or not to award prejudgment interest is ordinarily left to the discretion of the district court."  *Worthington v. City of New Haven*, No. 3:94-CV-00609(EBB), 1999 WL 958627, at *17 (D. Conn. Oct. 5, 1999) (quoting *Gierlinger v. Gleason*, 160 F.3d 858, 873 (2d Cir.1998)).  As noted above, a defense stating that a plaintiff is not entitled to prejudgment interest is a valid affirmative defense because "it is an allegation 'unrelated to the plaintiff's prima facie case that den[ies] the plaintiff's right to relief, even if all allegations in the complaint are true.'" *Zelton*, 2024 WL 5169925, at *7 (internal quotation omitted); *see also* Sec. III.A.7.

---

[19] The parties agree that the City of Redmond is not subject to punitive damages.  *See* Dkt. ## 168 at 15, 179 at 9.

Fair also argues that Defendant Coats is not immune from punitive damages in his personal capacity.  Dkt. # 168 at 14.  The Redmond Defendants acknowledge this argument in their briefing but do not appear to respond to it.  Dkt. # 179 at 9.  In any event, "42 U.S.C. § 1983 authorizes punitive damages against individual defendants sued in their personal capacities 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Bacon v. Woodward*, 104 F.4th 744, 750 (9th Cir. 2024) (quoting *Ward v. City of San Jose*, 967 F.2d 280, 286 (9th Cir. 1991)).

Thus, the Court denies Fair's summary judgment motion as to the Redmond Defendants' twelfth affirmative defense.

IV

**CONCLUSION**

For these reasons, Fair's summary judgment motion regarding the King County Defendants' affirmative defenses, Dkt. # 166, as to

- Affirmative Defense No. 1 is DENIED as moot;

- Affirmative Defense No. 2 is DENIED;

- Affirmative Defense No. 3 is GRANTED;

- Affirmative Defense No. 4 is GRANTED;

- Affirmative Defense No. 5 is DENIED as moot;

- Affirmative Defense No. 6 is GRANTED with regard to the portion of the affirmative defense that says Fair proximately caused his own injuries; the portion of the affirmative defense that refers to "others" is DENIED as moot;

- Affirmative Defense No. 7 is DENIED. The portion of the affirmative defense that refers to a "third party or entity" is DENIED as moot;

- Affirmative Defense No 8 is GRANTED;

- Affirmative Defense No. 9 is DENIED as moot;

- Affirmative Defense No. 10 is DENIED;

- Affirmative Defense No. 11 is DENIED as moot;

- Affirmative Defense No. 12 is DENIED;

- Affirmative Defense No. 13 is DENIED as moot;

- Affirmative Defense No. 14 is DENIED as moot;

- Affirmative Defense No. 15 is GRANTED in part; the affirmative defense as it relates to Baird and KCPAO is DENIED as moot.

Fair's motion for summary judgment regarding the Redmond Defendants' affirmative defenses, Dkt. # 168, as to

- Affirmative Defense No. 1 is DENIED as moot;

- Affirmative Defense No. 2 is GRANTED;

- Affirmative Defense No. 3 is GRANTED as it relates to the malicious prosecution claim and DENIED with regard to the portion of the defense that refers to res judicata and collateral estoppel;

- Affirmative Defense No. 4 is DENIED.  The portion of the affirmative defense that refers to state-law qualified immunity is DENIED as moot;

- Affirmative Defense No. 5 is DENIED.  The portion of the affirmative defense that refers to laches is DENIED as moot;

- Affirmative Defense No. 6 is DENIED as moot;

- Affirmative Defense No. 7 is GRANTED;

- Affirmative Defense No. 8 is DENIED;

- Affirmative Defense No. 9 is GRANTED;

- Affirmative Defense No. 10 is GRANTED with regard to the Section 1983 claims and DENIED as to the state-law claims;

- Affirmative Defense No. 12 is DENIED.

/

/

/

ORDER RE: FAIR'S MOTIONS FOR SUMMARY
JUDGMENT ON DEFENDANTS' AFFIRMATIVE
DEFENSES - 30

Dated this 25th day of April, 2025.

John H. Chun
United States District Judge