UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMANUEL D. FAIR,<br><br>Plaintiff,<br><br>v.<br><br>KING COUNTY, a political subdivision of the State of Washington; CITY OF REDMOND, a municipal entity and political subdivision of the State of Washington; BRIAN COATS, in his personal capacity; JEFF BAIRD, in his personal capacity,<br><br>Defendants. | CASE NO. 2:21-cv-01706-JHC<br><br>ORDER |

# I

## INTRODUCTION

This matter comes before the Court on Plaintiff Emanuel D. Fair's Motion to Certify King County Defendants' and Defendant Brian Coats's Interlocutory Appeal as Frivolous. Dkt. # 229. The Court has reviewed the materials filed in support of and in opposition to the motion, the rest of the file, and the applicable law. Being fully advised, the Court GRANTS the motion.

ORDER - 1

# II

## BACKGROUND

The facts of this case are described at length in the Court's order resolving Defendants' motions for summary judgment. *See* Dkt. # 224 at 2–15. In brief, in 2010, Fair was charged with the murder of Arpana Jinaga. *See* Dkt. # 211-62 at 2. After nine years in pretrial detention at the King County Correctional Facility (King County Jail), Fair was acquitted. *Id.* at 4. In his Third Amended Complaint (TAC), Fair brings claims under 42 U.S.C. § 1983 and Washington law against Defendants King County, the City of Redmond, former Senior King County Deputy Prosecutor Jeff Baird, and Redmond Police Detective Brian Coats. *See* Dkt. # 147.

In 2023, the Court dismissed several parties and claims in resolving Defendants' first set of motions to dismiss. Dkt. # 85. In 2024, the Court dismissed more claims in resolving King County's second motion to dismiss. Dkt. # 143. In May 2025, the Court granted in part and denied in part Defendants' motions for summary judgment. Dkt. # 224. Of pertinence here, the Court denied Defendant Baird's and Coats's motions for summary judgment based on qualified immunity. Dkt. # 224 at 17–24, 48–53.[1]

*Baird.* In its summary judgment order, the Court noted that Baird's qualified immunity argument addressed only whether qualified immunity barred Fair's malicious prosecution claim. Dkt. # 224 at 20 n.13. The motion did not address whether qualified immunity barred Fair's judicial deception claim. *Id.* Thus, the Court did not reach this issue. *Id.* And Baird did not present any arguments about the "clearly established" prong of the qualified immunity analysis

---

[1] In his opposition brief, Baird does not challenge Fair's contention that Baird is not entitled to appellate review on the issue of absolute immunity. *See* Dkt. ## 229, 234. In its summary judgment order, the Court denied Baird's motion as to absolute immunity because a disputed issue of fact existed as to whether Baird was carrying out investigative functions typically performed by a detective or police officer. Dkt. # 224 at 18–19. Thus, because there does not appear to be a dispute on this issue, the Court does not address absolute immunity here.

in his motion. *Id.* at 24 n.18. Thus, the Court did not analyze this issue. *Id.* As to the first prong of the qualified immunity analysis (i.e., whether a constitutional right has been violated), the Court determined that there was a genuine issue of material fact as to whether Baird's actions during the homicide investigation were motivated, at least in part, by Fair's race. *Id.* at 24.

      *Coats.* Preliminarily, the Court notes that Coats argued in his summary judgment motion that he was "entitled to qualified immunity on Fair's § 1983 Fourth Amendment malicious prosecution claim, the sole remaining civil rights claim against Coats." Dkt. # 200 at 17–18. Coats repeatedly asserted that his qualified immunity defense concerned Fair's malicious prosecution claim but he recited the standard for a judicial deception claim and made arguments related to Fair's claim for judicial deception. *Compare* Dkt. # 200 at 13 ("Mr. Fair alleges DC Coats intentionally omitted exculpatory evidence from the [Probable Cause] Certification and intentionally or recklessly omitted facts required to prevent technically true statements from being misleading.") *with Pac. Marine Ctr., Inc. v. Silva*, 809 F. Supp. 2d 1266, 1276 (E.D. Cal. 2011), *aff'd*, 553 F. App'x 671 (9th Cir. 2014) ("To support a § 1983 claim of judicial deception, a plaintiff must show that the defendant deliberately or recklessly made false statements or omissions that were material to the finding of probable cause."). For the avoidance of any doubt, the Court clarified that Fair's TAC asserts *two* claims against Coats: a malicious prosecution claim based on an alleged Fourteenth Amendment violation and a judicial deception claim premised on a purported violation of the Fourth Amendment. Dkt. # 224 at 48–49 n.24–25. Despite Coats's apparent confusion regarding malicious prosecution and judicial deception, the Court evaluated his qualified immunity defense. Given that the substance of Coats's argument

concerned Fair's claim for judicial deception, the Court construed his argument as addressing this claim.[2]

As to the "constitutional violation" prong of the qualified immunity analysis, the Court noted that Coats cited no legal authority to support his contention that no constitutional violation existed because exculpatory information need not be included in a Probable Cause (PC) Certification. *Id.* at 50. And the Court observed that the parties' police practices experts have presented conflicting opinions on the types of information that must be included in a PC Certification. *Id.* Given the centrality of this issue, the Court concluded that summary judgment on this issue was not appropriate. *Id.*

As to the "clearly established" constitutional right prong, the Court determined that Ninth Circuit precedent clearly established that, a plaintiff can "survive summary judgment on a defense claim of qualified immunity if the plaintiff can *both* establish a substantial showing of a deliberate falsehood or reckless disregard and establish that, without the dishonestly included or omitted information, the magistrate would not have issued the warrant." *Id.* at 52–53 (quoting *Hervey v. Estes*, 65 F.3d 784 (9th Cir. 1995)) (emphasis in original).[3] Thus, the Court determined that Coats was not entitled to summary judgment based on qualified immunity for his actions during the homicide investigation. *Id.*

---

[2] Coats also argued that Fair could not prove his Fourth Amendment claim because no evidence showed that Coats acted in a racially discriminatory manner. Dkt. # 224 at n.23. Give that racial animus is not an element of Fair's Fourth Amendment judicial deception claim, the Court did not address this issue. *Id. See also Silva*, 809 F. Supp. 2d at 1276 ("To support a § 1983 claim of judicial deception, a plaintiff must show that the defendant deliberately or recklessly made false statements or omissions that were material to the finding of probable cause.").

[3] In the summary judgment order, the Court noted that Coats made no argument in his opening brief about whether the undisclosed information was material to the finding of probable cause. *See* Dkt. # 224 at 50 n.25.

ORDER - 4

Defendants Baird and Coats appealed the denial of their motions for summary judgment based on qualified immunity.[4]  Dkt. ## 226, 228.  Fair now requests that the Court certify these appeals as frivolous.  Dkt. # 229.

### III
#### DISCUSSION

A.    Legal Standards

Generally, an order denying a motion for summary judgment is "not a final decision within the meaning of § 1291 and is thus generally not immediately appealable."  *Plumhoff v. Rickard*, 572 U.S. 765, 771 (2014) (citation omitted).  But the denial of a defendant's motion for summary judgment based on qualified immunity is immediately appealable.  *Tennison v. City & Cnty. of San Francisco*, 570 F.3d 1078, 1081 (9th Cir. 2009).

That said, the Ninth Circuit has "authorized the district court to go forward in appropriate cases by certifying that an appeal is frivolous or waived."  *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 790 (9th Cir. 2018) (quoting *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992)).  An appeal is frivolous when it is "so baseless that it does not invoke appellate jurisdiction, such as when the disposition is so plainly correct that nothing can be said on the other side."  *Barbosa by & through Barbosa v. Shasta Cnty.*, No. 2:20-cv-02298-JAM-DMC, 2023 WL 1804093, at *2 (E.D. Cal. Feb. 7, 2023) (quoting *Schering Corp. v. First DataBank Inc.*, No. C 07-01142-WHA, 2007 WL 1747115, at *3 (N.D. Cal. June 18, 2007)).  An appellant "may not immediately appeal a *fact*-related dispute about the pretrial record, namely, whether or not the evidence in the pretrial record was sufficient to show a genuine issue of fact for trial."

---

[4] The Court notes that the notice of appeal stated that King County and Baird were appealing this Court's summary judgment order.  Dkt. # 226.  King County has since clarified that it was inadvertently included in the notice of appeal.  Dkt. # 234 at 1 n.1.

*Est. of Anderson v. Marsh*, 985 F.3d 726, 731 (9th Cir. 2021) (emphasis in original); *see also George v. Morris*, 736 F.3d 829, 835 (9th Cir. 2013) (reasoning that on a motion for interlocutory appeal, the circuit court may not decide whether the district court "properly" answered the question of "whether there is enough evidence in the record for a jury to conclude that certain facts are true").

Even when the appeal falls within the Ninth Circuit's jurisdiction, an appeal is frivolous "if the results are obvious, or the arguments of error are wholly without merit." *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015). "A district court may certify a qualified immunity appeal as frivolous even where it raises a purely legal argument, if the court determines that the argument is baseless." *Rubalcava v. Perez*, No. 20-CV-04191-BLF, 2024 WL 2701630, at *2 (N.D. Cal. May 24, 2024) (citing *Greer v. Cnty. of San Diego*, No. 19CV378-JO-DEB, 2023 WL 2145528, at *6 (S.D. Cal. Feb. 21, 2023) (certifying qualified immunity appeal as frivolous based on finding that "there is no merit to the argument that a reasonable jail official . . . would believe that it was lawful to ignore a lower bunk assignment for a detainee with epilepsy"); *Barbosa*, 2023 WL 1804093, at *3 (certifying qualified immunity appeal as frivolous after finding the defendants' legal argument "to be baseless such that the appeal is frivolous")).

B.     Whether Defendant Baird's Appeal is Frivolous

Fair contends that Baird's appeal is frivolous because the Court's summary judgment ruling on qualified immunity turns on factual disputes. Dkt. # 229 at 3. He says that the Ninth Circuit lacks jurisdiction to review such findings on interlocutory appeal. *Id.* He also points out that Baird waived appellate review of the "clearly established" prong of the qualified immunity analysis by failing to address this issue in his motion for summary judgment. *Id.* at 4.

Baird responds that he is appealing the "legal sufficiency" of the evidence of racial motive to create a genuine issue of material fact. Dkt. # 234 at 3. He says that the Ninth Circuit has jurisdiction to review his challenge regarding the "clearly established" prong of the qualified immunity analysis as to Fair's claim of judicial deception. *Id.* at 1–2, 7. Baird argues that he is entitled to qualified immunity because the Court's summary judgment order relied on Fair's *allegations* that Baird was motivated by racial bias. *See* Dkt. # 234 at 5-6. Although Baird asserts that he is not disputing the evidence that Fair presented to the Court concerning racial bias, he asserts that the evidence was not "legally sufficient." *Id.* at 6.

Both this Court and the Ninth Circuit must accept Fair's version of events, presented through evidence at the summary judgment phase, in evaluating whether Baird is entitled to qualified immunity. The Court, viewing the evidence in the light most favorable to Fair, determined that Fair presented evidence sufficient to create a triable issue of fact as to whether Baird acted with racial bias. For example, Fair presented evidence that Baird treated him differently as compared to other white suspects during the investigation. *See* Dkt. # 224 at 23 (citing Dkt. ## 211-18 at 2; Dkt. # 157-1 at 156). Baird also told a colleague that by investigating white suspects, the prosecutor's office could rebut any accusation that Fair was charged with Jinaga's murder because he was "the only black man at the Halloween party." *Id.* (citing Dkt. # 157-1 at 179). Fair's prosecution expert Maybell Moreno and his bias and data analysis expert Dr. Anthony Greenwald also provided their expert opinions about Baird's potential racial bias during the investigation. *Id.* at 23–24 (citing Dkt. ## 159-17 at 9–10; 159-2 at 26). For example, Dr. Greenwald concluded, based on his review of the evidence, that Baird "allowed his confirmation bias, accompanied by implicit and/or explicit racial bias, to focus [Redmond Police Department] investigators and detectives on . . . Fair as the prime suspect, to the exclusion of other, [w]hite, suspects." *Id.* at 24 (Dkt. # 159-2 at 26).

ORDER - 7

Baird cannot challenge this Court's determinations about those triable issues of fact in an interlocutory appeal. And given these triable issues, Baird's apparent failure to accept Fair's version of the facts as true at the summary judgment phase renders his qualified immunity appeal frivolous. *See Rubalcava*, 2024 WL 2701630, at *4; *see also Est. of Richard Risher v. City of Los Angeles*, No. EDCV 17-995-MWF (KKx), 2020 WL 13401583, at *3 (C.D. Cal. Nov. 2, 2020) (reasoning that the defendants' appeal "is frivolous because they fail to accept [the] [p]laintiffs' facts as true in asserting their entitlement to qualified immunity").

Last, the case Baird relies on is distinguishable. In *Jeffers v. Gomez*, 267 F.3d 895, 900 (9th Cir. 2001), the plaintiff-inmate was shot in the neck during a major prison disturbance. *Id.* The inmate brought § 1983 claims for Eight and Fourteenth Amendment violations against the prison guards. *Id.* In that case, at the summary judgment phase, the district court denied qualified immunity as to two of the prison guards because issues of fact remained regarding the defendants' motive. *Id.* at 907. The Ninth Circuit determined that it had jurisdiction to entertain the defendants' interlocutory appeal because the district court's denial of qualified immunity was based on "an *allegation* of bad motive, but *no evidence* of bad motive[.]" *Id.* (emphasis in original). As the court reasoned, "[a]lthough [it] must accept all the plaintiff's factual allegations as true, he must do more than simply allege that the defendants acted with an improper motive in order to survive summary judgment. He must put forward specific, nonconclusory factual allegations that establish improper motive." *Id*. (citation omitted). Here, Fair presented evidence in response to the summary judgment motion—not mere allegations—that Baird's actions during the homicide investigation were motivated, at least in part, by Fair's race.

As to Baird's second argument, he asserts that he will raise issues to the Ninth Circuit regarding the "clearly established" prong of the qualified immunity analysis as to Fair's judicial deception claim. But Baird never made any arguments concerning the "clearly established"

ORDER - 8

prong in his motion for summary judgment. *See* Dkt. # 224 at 24 n.18. And Baird sought qualified immunity only as to Fair's malicious prosecution claim. *Id.* at 20 n.13. He did not make any arguments in his motion related to Fair's judicial deception claim.[5] *Id.*

The Ninth Circuit has stated that as a "general rule" "an issue may not be raised for the first time on appeal." *Bitton v. United States Citizenship & Immigr. Servs.*, 817 F. App'x 329, 331 (9th Cir. 2020) (quoting *United States v. Carlson*, 900 F.2d 1346, 1349 (9th Cir. 1990)). The "narrow exceptions" to this rule are (1) "exceptional circumstances" exist as to why the issue was not raised in the district court; (2) the new issue arises while the appeal is pending because of a change in the law; or (3) the issue is purely one of law and the opposing party will suffer no prejudice. *Id.* (citing *Carlson*, 900 F.2d at 1349). No exception applies here; nor has Baird argued that any do.

Based on the above, the Court certifies Baird's interlocutory appeal as frivolous.

C.  Whether Defendant Coats's Appeal is Frivolous

Fair contends that any appellate argument Coats could make about Fair's judicial deception claim turns on factual disputes or is so wholly without merit as to be frivolous. Dkt. # 229 at 5. He also says that Coats's appeal regards disputes of material fact as to whether it was clearly established that it was unlawful to omit and misrepresent information in the PC Certification used to charge Fair. *Id.*

Coats asserts that he is raising a legal argument on appeal on the "clearly established" prong of the qualified immunity analysis. Dkt. # 233 at 3–4. He contends that he is seeking

---

[5] In his reply brief in support of his motion for summary judgment, and again in response to Fair's current motion, Baird asserts that he was unaware that Fair was bringing a judicial deception claim. Dkt. ## 219 at 9–11; 234 at 7 n.5. But as the Court pointed out in its summary judgment order, among other indicators, the first cause of action in the TAC is titled, "**42 U.S.C. § 1983 – CLAIMS RELATED TO MALICIOUS PROSECUTION AND JUDICIAL DECEPTION**." *See* Dkt. # 224 at 20 n. 13 (citing Dkt. # 147 at 42) (emphasis in original).

ORDER - 9

appellate review as to whether a reasonable officer would have known to describe DNA evidence in a PC Certification. *Id.* He asserts that the Court should have, at summary judgment, made factual findings on the materiality of the information excluded from the PC Certification. *Id.* He says that the Court "simply pointed to the competing arguments made by the parties as to the materiality of certain evidence and called those disputes of fact." *Id.* at 4.

As the Court noted in its summary judgment order, Coats failed to make any arguments in his motion that the information omitted from the PC Certification was immaterial to the probable cause determination. *See* Dkt. # 200.[6] Instead, he chose to make this argument for the first time in his reply brief. *See* Dkt. # 218 at 4. It is improper for parties to "raise new arguments in a reply brief because the opposing party is deprived of an opportunity to respond." *Eruchalu v. U.S. Bank, Nat'l Ass'n*, No. 2:12-CV-1264-RFB-VCF, 2014 WL 12776845, at *2 (D. Nev. Sept. 30, 2014) (citation omitted). Thus, the Court did not consider this argument. *See* Dkt. # 224 at 50 n.25 (citing *Zamani*, 491 F.3d at 997). And as mentioned above, the Ninth Circuit's "general rule" is that an issue may not be raised for the first time on appeal. *Bitton*, 817. App'x at 331 (quoting *United States v. Carlson*, 900 F.2d 1346, 1349 (9th Cir. 1990)). None of the exceptions to waiver apply here; nor has Coats argued that any do.

Furthermore, Coats's challenge to the Court's finding of a "clearly established" constitutional right is frivolous. *See Barbosa*, 2023 WL 1804093, at *3 (while noting that the defendant's argument about the "clearly established" prong is appropriate for an interlocutory appeal, the court determined that the defendants' "argument in support of this issue to be baseless such that the appeal is frivolous"); *Porio v. City of Tustin*, No. 8:22-CV-00812-RGK-

---

[6] In his motion, Coats primarily argued that exculpatory information need not be included in a PC Certification. Dkt. # 200 at 13. As noted in the Court's summary judgment order, Coats offered no legal authority to support this argument. Dkt. # 224 at 50 (noting that "the court ha[d] no obligation to consider an argument for which a party has cited no legal authority") (citation omitted) (cleaned up).

ORDER - 10

ADS, 2024 WL 5317311, at *2 (C.D. Cal. Nov. 7, 2024) (determining that the defendants' challenge to the court's finding of a "clearly established" right was frivolous and that the defendants were not entitled to an interlocutory appeal). The Court explained in its summary judgment order that "a Fourth Amendment violation occurs where the affiant intentionally or recklessly omitted facts required to prevent technically true statements in the affidavit from being misleading." *Liston v. Cnty. of Riverside*, 120 F.3d 965, 973 (9th Cir. 1997), *as amended* (Oct. 9, 1997) (quoting *United States v. Stanert,* 762 F.2d 775, *as amended,* 769 F.2d 1410 (1985)). And it is "objectively unreasonable for a law enforcement officer to omit facts that are material to the determination of probable cause." *Lombardi v. City of El Cajon*, 117 F.3d 1117 (9th Cir. 1997). Coats provides no legal basis for determining that he is entitled to qualified immunity if the Court views the facts in the light most favorable to Fair. *See Barbosa*, 2023 WL 1804093, at *3; *Rubalcava*, 2024 WL 2701630, at *5. Coats appears to argue that omitting information about DNA evidence, and exculpatory information more broadly, from a PC Certification is somehow distinguishable from omitting facts material to the determination of probable cause. Dkt. # 233 at 3–4. As other courts have observed, "[t]he right [at issue] cannot be defined so narrowly; for a right to be clearly established, there need not be a case with an identical or nearly identical factual basis." *See Porio v. City of Tustin*, 2024 WL 5317311, at *2 (citing *Nicholson v. City of Los Angeles*, 935 F.3d 685, 690 (9th Cir. 2019)).

Thus, the Court certifies Coats's interlocutory appeal as frivolous. *Risher*, 2020 WL 13401583, at *7 (C.D. Cal. Nov. 2, 2020) (certifying the defendants' interlocutory appeal as frivolous because allowing "the appeal to go forward would do nothing but unreasonably delay the case, as [the] [d]efendants' claims are wholly without merit").

ORDER - 11

# IV

## Conclusion

Based on the above, the Court GRANTS Fair's motion. The Court CERTIFIES Defendants' appeals as frivolous.

The Court DENIES Defendants' motion to stay. Dkt. # 232.

Given that the trial date in this matter conflicts with multiple other trials on the Court's calendar, the Court CONTINUES trial in this matter to November 17, 2025. The Court DIRECTS the Clerk to issue a new case scheduling order that includes deadlines from the Order at Dkt. # 149 that have not yet passed.

Dated this 16th day of July, 2025.

John H. Chun
United States District Judge