UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 4 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EMANUEL D. FAIR,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JEFF BAIRD, in his personal capacity,<br><br>Defendant - Appellant,<br><br>and<br><br>CITY OF REDMOND and BRIAN COATS, in his personal capacity,<br><br>Defendants. | No. 25-3750<br><br>D.C. No.<br>2:21-cv-01706-JHC<br>Western District of Washington, Seattle<br><br>ORDER |
| EMANUEL D. FAIR,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>BRIAN COATS, in his personal capacity,<br><br>Defendant - Appellant,<br><br>and<br><br>JEFF BAIRD, in his personal capacity and CITY OF REDMOND, a municipal entity and political subdivision of the State of Washington, | No. 25-3751<br>D.C. No.<br>2:21-cv-01706-JHC<br>Western District of Washington, Seattle |

Defendants.

Defendants-Appellants Jeff Baird and Brian Coats's motion to stay district court proceedings is **GRANTED** with respect to the 42 U.S.C. § 1983 claims brought against them. Dkt. No. 21.

The four stay factors favor Defendants-Appellants. *See Mi Familia Vota v. Fontes*, 111 F.4th 976, 981 (9th Cir. 2024) (per curiam). Defendants-Appellants have made a strong showing that they are likely entitled to qualified immunity based on the existence of probable cause.[1] Qualified immunity is an "entitlement not to stand trial or face the other burdens of litigation," and such right "is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). If litigation of the § 1983 claims is allowed to erroneously proceed, Defendants-Appellants will be irreparably harmed because they will forever lose their right to avoid trial and any remaining pre-trial litigation burdens. Finally, Plaintiff-Appellee Emanuel Fair will suffer no injury because his § 1983 claims are likely barred by qualified immunity, and the public interest favors upholding Defendants-Appellants' right to qualified immunity.

[1] Nothing in this order forecloses the possibility that Defendants-Appellants may prevail on other grounds.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT