UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EMANUEL D. FAIR,

        Plaintiff,

      v.

KING COUNTY, a political subdivision of
the State of Washington; CITY OF
REDMOND, a municipal entity and political
subdivision of the State of Washington,

        Defendants.

CASE NO. 2:21-cv-01706-JHC

ORDER RE: DEFENDANTS' JOINT
MOTION FOR RECONSIDERATION

This matter comes before the Court on Defendants' Joint Motion for Reconsideration. Dkt. # 296. For the reasons below, the Court DENIES the Motion.

Reconsideration is an "extraordinary remedy" and is generally disfavored. *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also* LCR 7(h)(1) ("Motions for reconsideration are disfavored."). District courts thus ordinarily deny motions for reconsideration "unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence." *Munoz v. Locke*, 2013 WL 12177035, at *2 (W.D. Wash. Feb. 8, 2013) (citing LCR 7(h)(1)). "'[M]anifest error' is 'an error that is plain and indisputable, and that

ORDER RE: DEFENDANTS' JOINT MOTION FOR
RECONSIDERATION - 1

amounts to a complete disregard of the controlling law or the credible evidence in the record.'" *Id.* (quoting *Black's Law Dictionary* (9th ed. 2009)). "Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision." *Id*. Reconsideration should also "not be used to ask the Court to 'rethink what it had already thought through—rightly or wrongly.'" *Innovative Sols. Int'l, Inc. v. Houlihan Trading Co.*, 2025 WL 1135037, at *1 (W.D. Wash. Apr. 17, 2025) (quoting *Wilcox v. Hamilton Constr., LLC*, 426 F. Supp. 3d 788, 791 (W.D. Wash. 2019)).

Defendants present five arguments for reconsideration. *See generally* Dkt. # 296. For the reasons below, each fails.

### (1) "The Court's ruling misapprehended the record for two pieces of evidence."

Defendants argue that reconsideration is warranted because the Court's ruling is based on a "misunderstanding of the undisputed facts relating to two pieces of evidence: the shoelace and the bathrobe." Dkt. # 296 at 2. They say that the Order ignores "undisputed evidence" in the record: (1) "disproving that the shoelace was the 'potential ligature'"; and (2) showing that the PC Cert's statement about Jinaga wearing the bathrobe when attacked "was not 'unsupported.'" *See id.* at 2–3. The Court disagrees.

Contrary to Defendants' assertion, the record does not contain "undisputed evidence" disproving that the shoelace was the potential ligature or supporting the bathrobe statement in the PC Cert. As for the shoelace evidence, the record, as cited by Defendants' Motion, indicates that Jinaga was excluded as a substantial contributor to the DNA mixture on the shoelace. Dkt. # 197 at 230. While this statement supports the theory that the shoelace was not used as a ligature, it does not *disprove* Plaintiff's assertion that the shoelace was the potential ligature. Likewise, Defendants' citation to the record does not "show" that the bathrobe statement "was not

ORDER RE: DEFENDANTS' JOINT MOTION FOR
RECONSIDERATION - 2

'unsupported'; it merely shows that there was a physical link between Jinaga and the bathrobe. *Id.* at 220, 305. The Court also does not view its ruling to be "premised" on these purported "misunderstandings," as opposed to premised on the cumulative effect of the material misrepresentations and omissions in the PC Cert, when the evidence is viewed in the light most favorable to Plaintiff. *See* Dkt. # 292 at 25–26.

More generally, the record indicates that the roles of both the bathrobe and the shoelace in the murder are disputed. *See, e.g.*, Dkt. ## 285 at 11 (Plaintiff characterizing the shoelace as the "potential ligature" and stating that there was no factual support for the PC Cert's statement that Jinaga was "wearing the bathrobe when she was attacked"); 282-14 at 4 (Detective Coats confirming that the shoelace was "potentially linked to the crime" and initially "thought to be a potential ligature"); 211-53 at 2–3 (Detective Sowers stating that Jinaga was wearing the bathrobe when murdered in an email prefaced by the phrase "WARNING SPECULATION FOLLOWS"); 289 (Defense counsel conceding at oral argument that no specific evidence supports the fact that Jinaga was wearing the bathrobe when murdered). And as this was a motion for summary judgment, the Court was obligated to view the evidence in the light most favorable to Plaintiff and draw all reasonable inferences in his favor. *See* Dkt. # 292 at 4–5 (outlining the standards for summary judgment). In other words, the Court was required to accept Plaintiff's reasonable inferences concerning the bathrobe and shoelace evidence for the purposes of resolving Defendants' motion at Dkt. # 277. The Court also sees no reason to re-evaluate probable cause based on these purportedly "undisputed facts," especially when Defendants had the opportunity to argue such facts at oral argument and in their briefing but chose not to. *See generally* Dkt. ## 277, 286, 289, 296 at 3 n.2. The Court thus declines to grant reconsideration on this basis.

ORDER RE: DEFENDANTS' JOINT MOTION FOR
RECONSIDERATION - 3

*(2) "The Court failed to determine materiality as to the Probable Cause Finding."*

Defendants argue that the Court committed a manifest error of law by failing "to determine materiality as to the Probable Cause finding." Dkt. # 296 at 4. Specifically, Defendants take aim at the Court's citation to *Youker v. Douglas Cnty.*, 162 Wash. App. 448, 258 P.3d 60 (2011), arguing that the Court's citation to this case in the legal standards section indicates that the Court improperly evaluated materiality and probable cause in the analysis section. This argument, however, fails to account for the Order's actual analysis and conclusions.

To begin, the Court acknowledges that its citation to *Youker* in the legal standards section was confusing and failed to properly convey the principle that it sought to communicate—that a court cannot grant summary judgment if a genuine factual dispute exists as to any material fact underlying the probable cause determination, as such a factual dispute means that probable cause has not been established as a matter of law and so the dispute must be submitted to the jury. The Court did not mean to suggest that whether an omission or misrepresentation is material to the magistrate's probable cause finding is a question for the jury, as shown by the Order elsewhere stating that this question belongs to the court. *See, e.g.*, Dkt. # 292 at 14 n.25 ("[W]hether any omissions or misstatements are material [to a finding of probable cause] is a mixed question of law and fact.") (quoting *United States v. Garza*, 980 F.2d 546, 551 (9th Cir. 1992)); *id*. at 7 ("The materiality element is 'a question for the court[.]'") (quoting *Smith v. Almada*, 640 F.3d 931, 937 (9th Cir. 2011)). And the Order does not elsewhere rely on or cite to *Youker*. *See generally id*. The Order's single citation to *Youker* thus fails to constitute "manifest error."

As for Defendants' broader argument—that the Court manifestly erred by failing to determine materiality as to the probable cause finding—this too fails to warrant reconsideration. Granted, the Order could have perhaps benefited from a sentence explicitly stating that the Court

ORDER RE: DEFENDANTS' JOINT MOTION FOR
RECONSIDERATION - 4

finds certain misrepresentations and omissions in the PC Cert to be "material."  But the Order does say that "there were material misrepresentations and omissions in the PC Cert." *Id.* at 26; *see also id*. at 21 ("[T]he Court finds that the PC Cert's unsupported statement about Jinaga wearing the bathrobe when attacked is material."); *id*. at 22 (referring to the facts concerning the bathrobe and other suspects as "material facts").  And while the Court agrees with Defendants that there is a clerical error in the Order—page 26 states that "there is a triable issue of fact as to whether the PC Cert would still support *probable cause*" instead of "there is a triable issue of fact as to whether the PC Cert would still support *the magistrate's probable cause finding*"— such an error is not "manifest error" in light of the analysis that the Court actually conducted on pages 17 through 26 of the Order.

According to the Ninth Circuit, "determination of probable cause is a mixed question of law and fact in which the legal issues predominate[.]" *Garza*, 980 F.2d at 550.  A court can thus grant summary judgment on probable cause only if there are no triable issues or genuine disputes concerning any material facts that underlie the probable cause determination.  *See Conner v. Heiman*, 672 F.3d 1126, 1131 (9th Cir. 2012).  In the context of a malicious prosecution or judicial deception action, a court must consider whether the probable cause affidavit that was put before the magistrate would still establish probable cause to arrest the plaintiff once corrected and supplemented to account for any challenged omissions and misrepresentations.  *See Smith*, 640 F.3d at 937; *United States v. Perkin*s, 850 F.3d 1109, 1119 (9th Cir. 2017); *Johnson v. Barr*, 79 F.4th 996, 1004 (9th Cir. 2023).  This is a question for the court, *see id*., but it relies on a mixed question—whether the updated affidavit supports probable cause.

To answer this question, courts are instructed to evaluate the affidavit and determine whether the magistrate would have issued the arrest warrant had the challenged omissions been included or the challenged misrepresentations corrected.  *See id*.  As this is a hypothetical

ORDER RE: DEFENDANTS' JOINT MOTION FOR
RECONSIDERATION - 5

inquiry, a court cannot determine as a matter of law that the magistrate *would not* have issued the warrant; it can only determine whether the updated affidavit still establishes a "fair probability" or "substantial chance" that the accused is responsible for the crime alleged.  As a result, when courts grant or affirm summary judgment in such cases, they say that the updated affidavit, once corrected and supplemented, supports probable cause or contains sufficient facts to establish probable cause.[1]  In contrast, when courts deny summary judgment (or reverse grants of summary judgment), they say that there is a "genuine dispute" as to whether the warrant would issue, a "triable issue" as to a fundamental element of the plaintiff's claim, or, in more clear cut cases, that the updated affidavit "would not support probable cause."[2]  In these denial scenarios, any omission or misrepresentation that prevents the court from finding that the updated affidavit establishes a "fair probability" or "substantial chance" of criminal activity, either on its own or when considered alongside other omissions and misrepresentations is, by definition, "material"

---

[1] *See, e.g.*, *Smith*, 640 F.3d at 938 (affirming grant of summary judgment because "the corrected report and warrant application would still have contained facts sufficient to establish probable cause to arrest [the plaintiff]"); *Ewing v. City of Stockton*, 588 F.3d 1218, 1224 (9th Cir. 2009) (affirming grant of summary judgment because "[n]either of the problematic representations was critical to the probable cause determination"); *Poole v. City of Vancouver*, 2025 WL 2880137, at *11 (W.D. Wash. Oct. 9, 2025) (granting summary judgment because "removing or correcting the erroneous statement [in the affidavit] would make no difference to the probable cause determination").

[2] *See, e.g.*, *Turngren v. King Cnty.*, 104 Wash. 2d 293, 309, 705 P.2d 258 (1985) (denying summary judgment because "Petitioners' affidavits in opposition to the motion for summary judgment appear sufficient to raise a genuine issue of material fact as to the existence of probable cause for issuance of the warrants"); *Navarrete v. City of Kent*, 2025 WL 2855362, at *14 (W.D. Wash. Oct. 8, 2025) (denying summary judgment because "disputed facts exist regarding probable cause" and so "[i]ssues of material fact preclude summary judgment"); *Spencer v. Peters*, 966 F. Supp. 2d 1146, 1164 (W.D. Wash. 2013), *on reconsideration in part* (Oct. 2, 2013) (denying summary judgment because "there are genuine issues of fact" concerning evidence that was relied upon in the probable cause determination); *Perkins*, 850 F.3d at 1119 (reversing the district court's decision because "a corrected warrant application would not support probable cause"); *Palacios v. Cnty. of Los Angeles*, 2022 WL 19241159, at *4 (C.D. Cal. Dec. 7, 2022) (denying summary judgment because there "is a genuine factual dispute about the accuracy of the statements in the affidavit" and thus a "triable issue" as to a fundamental element of the plaintiff's claim); *Chism v. Washington State*, 661 F.3d 380, 389 (9th Cir. 2011) (reversing summary judgment because "a corrected version of [the officer's] affidavit would not have provided the magistrate with a substantial basis for finding probable cause").

ORDER RE: DEFENDANTS' JOINT MOTION FOR
RECONSIDERATION - 6

to the magistrate's probable cause finding. *See Chism*, 661 F.3d at 389; *Smith*, 640 F.3d at 937; *United States v. Kiser*, 716 F.2d 1268, 1274 (9th Cir. 1983).

Here, the Court's Order accords with these principles. As stated in the Order, Plaintiff's Response argued that "the PC Cert contains material omissions and misrepresentations that, when corrected, would negate probable cause to arrest Plaintiff for Jinaga's murder" or in the alternative, raise "a triable issue of fact" as to whether such omissions and misrepresentations "impacted the magistrate's probable cause determination." Dkt. # 292 at 15. The Order then goes on to analyze "each purportedly material omission and misrepresentation raised by Plaintiff's Response," concluding that some are "immaterial" whereas some raise a "genuine dispute of material fact as to whether a warrant would have been issued" or whether "the PC Cert would still support a probable cause finding." *See id*. at 17–25. The Order then states that the omissions and misrepresentations related to the bathrobe, neck swab, and other suspects, when considered cumulatively, were material to the magistrate's probable cause determination. *See id*. at 22 ("[T]he Court cannot find that the PC Cert would still support probable cause as a matter of law if it were updated to include [this evidence.]"); *id*. at 26 ("Plaintiff has shown that there were material misrepresentations and omissions in the PC Cert that cast doubt on the existence of probable cause.") (citation omitted). And it concludes by answering the question before it— "whether probable cause as to Fair existed after accounting for any facts that were omitted from the [PC Cert,]" *see* Dkt. # 296 at 4–5—in the negative, stating: "Plaintiff has affirmatively rebutted Defendants' showing that probable cause existed as a matter of law to arrest Plaintiff for the murder of Jinaga." Dkt. # 292 at 26.

Defendants' Motion thus fails to show manifest error with respect to materiality, and so the Court declines to grant reconsideration on this basis.

ORDER RE: DEFENDANTS' JOINT MOTION FOR
RECONSIDERATION - 7

*(3) "Applying the correct standard for materiality would have required granting summary judgment."*

Defendants argue that "[t]he Court manifestly erred in not finding that probable cause existed as a matter of law even after accounting for the omitted evidence" because the "mere existence of evidence inculpating another suspect does not negate probable cause." Dkt. # 296 at 5 (citation and internal quotation marks omitted). In making this argument, Defendants rely on *Aguirre v. Seminole County*, 158 F.4th 1276 (11th Cir. 2025)—an Eleventh Circuit case that holds that "the suggestion of an alternative suspect does not, on its own, vitiate probable cause." *Id.* at 1307. But this Court is not bound by Eleventh Circuit caselaw. And even if it were, *Aguirre* does not hold that evidence inculpating another suspect can *never* negate probable cause. *See id.* at 1308 n.16 ("We do not suggest that the existence of evidence that an alternative person committed an offense can never vitiate probable cause.").

Defendants also cite no Ninth Circuit case that suggests, let alone clearly holds, that a court may deny summary judgment only if the omitted evidence "obviously and irrefutably" establishes the plaintiff's innocence. *See generally* Dkt. # 296. Instead, Defendants' cited cases—*Yousefian v. City of Glendale*, 779 F.3d 1010 (9th Cir. 2015) and *United States v. Adams*, 2020 WL 3125914 (D. Or. June 12, 2020)—merely hold that the existence of *some* evidence inculpating another suspect does not necessarily defeat probable cause. As here, the Court's Order is not based on some evidence, but rather, a careful evaluation of probable cause based on the totality of the circumstances and the cumulative effect of all the material omissions and misrepresentations in the PC Cert, the Court cannot be said to have disregarded any controlling law. Defendants have thus failed to show "manifest error," and so the Court declines to grant reconsideration on this basis.

ORDER RE: DEFENDANTS' JOINT MOTION FOR
RECONSIDERATION - 8

*(4) "The Court's ruling, if not reconsidered, could adversely affect ongoing investigations."*

Defendants argue that reconsideration is necessary because the Court's Order "plows new ground and may well compromise ongoing law enforcement investigations by requiring disclosure of 'other-suspect' evidence that does not irrefutably disprove probable cause relating to the suspect at issue." Dkt. # 296 at 6–7. But such an argument is not a recognized basis for reconsideration. *See* LCR 7(h)(1); *Munoz*, 2013 WL 12177035, at *2. Nor is it a proper characterization of the Court's ruling.[3] The Court thus declines to grant reconsideration on this ground.

*(5) "The Court's ruling is inconsistent with the Ninth Circuit's findings."*

Defendants contend that the Order should be reconsidered because it is "inconsistent with the Ninth Circuit's findings." Dkt. # 296 at 7. But contrary to Defendants' assertions, *see id.*, the Ninth Circuit never found that Defendants were "likely to prevail"; it found that Defendants "have made a strong showing that they are likely entitled to qualified immunity based on the existence of probable cause." *See* Dkt. # 254 at 2; *see also* Appeal Dkt. # 76 at 2. The Ninth Circuit also did not "reject" Plaintiff's material omission arguments or make a "determination regarding probable cause[,]" Dkt. # 296 at 7; the Ninth Circuit's Order did not explain what it meant by "strong showing," did not discuss the merits of the parties' arguments, and did not hold as a matter of law that probable cause did or did not exist as to Plaintiff. *See generally* Dkt. # 254; Appeal Dkt. # 76. There is thus no "inconsistency" between the Ninth Circuit's written

---

[3] The Order does not "require" disclosure of all "other suspect" evidence in all cases; it states that under the totality of the circumstances, probable cause has not been established as a matter of law *as to Plaintiff* because there were material omissions and misrepresentations in the PC Cert that, when viewed cumulatively and in the light most favorable to Plaintiff, cast doubt on the magistrate's probable cause determination. *See generally* Dkt. # 292.

ORDER RE: DEFENDANTS' JOINT MOTION FOR
RECONSIDERATION - 9

ruling and the Court's Order, *see* Dkt. # 292 at 26 n.42, and so the Court shall not grant reconsideration on this basis.

Dated this 17th day of June, 2026.

John H. Chun
United States District Judge

ORDER RE: DEFENDANTS' JOINT MOTION FOR
RECONSIDERATION - 10