IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| EMANUEL D. FAIR,<br><br>Plaintiff,<br><br>v.<br><br>KING COUNTY, a political subdivision of the State of Washington; and CITY OF REDMOND, a municipal entity and political subdivision of the State of Washington,<br><br>Defendants. | NO. 21-cv-01706-JHC<br><br>ORDER GRANTING JOINT MOTION FOR PRETRIAL JUROR QUESTIONNAIRES |

This matter comes before the Court on the parties' Joint Motion for Pretrial Juror Questionnaires. Dkt. # 310. Having considered the motion, the Court finds that the parties' joint request should be granted and hereby orders as follows:

The Court will provide a written pretrial questionnaire to prospective jurors to be completed by them prior to trial with the completed questionnaires to be provided to counsel by Thursday, September 10, 2026. The following procedures shall govern:

**Length**: The questionnaire shall be limited to no more than twenty questions in total. Plaintiff shall propose up to ten questions. Defendants collectively shall propose up to ten questions. The questions that are selected for the questionnaire shall be phrased as questions from the Court and shall not refer to one party or the other having asked or suggested them.

**Non-Argument**: All questions must be non-argumentative. The questions shall not refer to the case by name or cause number. The questions shall not refer to any parties in the case, to the case itself, nor to any facts of the case.

**Meet and Confer to Agree on Proposed Questions**: No later than thirty days before trial (August 14), counsel for the parties shall meet and confer in a good-faith effort to reach agreement on the proposed contents of the written questionnaire. The parties shall exchange their proposed questions with each other in advance of the meet and confer to make the conference as productive as possible.

**Filing Proposed Questions**: After the parties' meet and confer, and no later than twenty-five days before trial (August 21), the parties shall file a joint proposed questionnaire for the Court's review which contains all agreed questions. Any questions proposed by one side or the other to which the parties cannot agree shall be addressed in a joint memorandum to the Court, not to exceed ten pages, concisely stating the parties' positions with respect to any questions in dispute or the phrasing of those questions.

**Pretrial Conference/Ruling on Contents of Questionnaire**: The Court will hear any final argument or discussion from counsel at the August 31 pretrial conference. It will make a final ruling on the contents of the questionnaire at the August 31 pretrial conference or as soon as practicable thereafter. The Court will provide a copy of the final approved questionnaire to counsel at, or shortly following the pretrial conference.

**Distribution of Questionnaire to Prospective Jurors**: The Court will direct the Clerk to distribute the final questionnaire to prospective jurors in advance of trial with instructions to prospective jurors to complete the questionnaire and return it by a date certain, sufficiently in advance of 4:00 p.m. on Thursday, September 10 so that completed questionnaires can be distributed to counsel by that time and date.

**Providing Completed Questionnaires to Counsel**: By 4:00 p.m. on Thursday, September 10, the Court and/or Clerk will provide counsel with a single copy of all completed questionnaires returned from the prospective jurors.

**Confidentiality/Privacy/Post-Trial Destruction**: The completed questionnaires shall be filed under seal. If the contents of questionnaires become part of the record, relevant portions shall be filed under seal or with appropriate redactions to protect juror privacy. Counsel for the parties must keep the contents of the questionnaires confidential. The questionnaires may only be used by counsel, one party representative, and any person specifically employed by a party for the purpose of assisting with jury selection. Within thirty days following the completion of any post-trial motions, counsel for the parties shall file declarations certifying that all questionnaires in their possession or the possession of any party or agent have been destroyed.

**Prohibition on Invasive Jury Research or Contact**: The parties may conduct reasonable *non-invasive* research of *publicly* available information about potential jurors under strict limitations consistent with the ABA Model Rules of Professional Conduct and the Washington Rules of Professional Conduct. No party or person employed by any party shall: (1) communicate directly or indirectly with any prospective juror or any person potentially associated or affiliated with any prospective juror; (2) employ any technique that notifies a juror that their publicly available information has been accessed, viewed, seen, researched or considered; (3) send access requests through social media or attempt to view any information which is not in the public realm; or (4) otherwise attempt to contact or influence any prospective juror.

//

//

//

DATED this 21st day of July, 2026.

John H. Chun
United States District Judge