UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMANUEL D. FAIR,<br><br>Plaintiff,<br><br>v.<br><br>KING COUNTY, a political subdivision of the State of Washington; CITY OF REDMOND, a municipal entity and political subdivision of the State of Washington,<br><br>Defendants. | CASE NO. 2:21-cv-01706-JHC<br><br>ORDER RE: DEFENDANT CITY OF REDMOND'S MOTIONS IN LIMINE |

Before the Court are Defendant City of Redmond's Motions in Limine. Dkt. # 317. The Court has considered the materials filed in support of and in response to the motions, the rest of the file, and the governing law. Being fully advised, Court rules as follows:

1. **Exclude evidence of alleged malice by Brian Coats.**

DENIED. Plaintiff's state law malicious prosecution claim is not legally barred by the voluntary dismissal of Brian Coats. *See Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1158 (9th Cir. 2002) (explaining the legal effect of a voluntary dismissal with prejudice); *see also Bender v. City of Seattle*, 99 Wn.2d 582, 602, 664, P.2d 492 (1983) (affirming judgment against the city-defendant on the plaintiff's malicious prosecution claim based on a vicarious

liability theory). Nor is a motion in limine the proper vehicle to seek such a ruling. *See Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013), *aff'd*, 574 U.S. 418 (2015) ("A motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed.").

**2. Limit the scope of evidence to support plaintiff's Monell claim to Coats's actions, not other employees.**

DENIED.

**3. Bar Plaintiff from asserting his §1983 Monell claim to the extent it is premised on malicious prosecution.**

DENIED. *See* Ruling re: Motion in Limine No. 1.

**4. Limit scope of testimony relating to the PC Certification, consistent with the Court's Order at Dkt. # 292.**

DENIED.

**5. Exclude "malice" evidence.**

DENIED. *See* Ruling re: Motion in Limine No. 1.

**6. Limit the scope of expert testimony for the failure to train claim.**

RESERVED. Untimely *Daubert* arguments will not be considered.

**7. Exclude evidence of FBI/BAU involvement.**

DENIED.

**8. Prohibit Plaintiff from offering Coats's deposition testimony as a party opponent statement or under Rule 32.**

DENIED.

**9. Exclude evidence of Redmond consulting with a psychic.**

DENIED.

**10. Exclude Plaintiff's childhood photos.**

RESERVED.

**11. Exclude the alleged statement from Plaintiff to his cellmate.**

GRANTED.

**12. Agreed Motions in Limine.**

The Court GRANTS the three agreed-upon motions in limine: (1) No evidence or argument concerning insurance coverage available to Defendants; (2) No evidence not produced in discovery; and (3) Exclusion of non-party witnesses until called at trial. These rulings shall apply to all parties.

Dated this 8th day of September, 2026.

John H. Chun
United States District Judge