UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EMANUEL D. FAIR,

Plaintiff,

v.

KING COUNTY, a political subdivision of the State of Washington; CITY OF REDMOND, a municipal entity and political subdivision of the State of Washington,

Defendants.

CASE NO. 2:21-cv-01706-JHC

ORDER RE: PLAINTIFF'S OFFER OF PROOF REGARDING THE TESTIMONY OF BEN GOLDSMITH

This matter comes before the Court on Plaintiff's Offer of Proof Regarding the Testimony of Ben Goldsmith. Dkt. # 362. The Court has considered the offer as well as the parties' filings at Dkt. ## 364 & 365, the rest of the file, and the governing law. Being fully advised, the Court ORDERS as follows:

Mr. Goldsmith's testimony shall be limited to his personal observations of Plaintiff's demeanor and/or emotional state during their time together and shall not include medical opinion.[1] Mr. Goldsmith may also testify about: (1) the relevant procedural steps in the case, including his retention, the dates of the trials and/or motions in the case; and (2) the length of

[1] But the Court does not understand Plaintiff to be calling Mr. Goldsmith as an ultracrepidarian.

Plaintiff's incarceration due to the volume of materials and complexity of the investigation in the underlying criminal matter. Such testimony may encompass events related to Plaintiff's *detention* that occurred after the initial detention decision, as Plaintiff's alleged Fourth Amendment injury stemming from the purportedly wrongful decision to detain him does not necessarily end just because a legal proceeding began. *See Manuel v. City of Joliet*, 580 U.S. 357, 368 (2017). But such testimony may not encompass events exclusively related to Plaintiff's legal proceedings and prosecution—for example, the challenges of sitting through testimony at trial—as those are injuries stemming from the decision to prosecute Plaintiff, which is a decision that is beyond the scope of this case.

As with all witness testimony here, the Federal Rules of Evidence shall govern the ultimate admissibility of Mr. Goldsmith's testimony, including, without limitation, the rules governing relevance, non-expert testimony, hearsay, and any application exceptions to the hearsay rule. The Court also notes that should Mr. Goldsmith disclose privileged communications, it may find waiver of the attorney-client privilege.

Dated this 21st day of September, 2026.

John H. Chun
United States District Judge