UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMANUEL D. FAIR,<br><br>Plaintiff,<br><br>v.<br><br>KING COUNTY, a political subdivision of the State of Washington; CITY OF REDMOND, a municipal entity and political subdivision of the State of Washington,<br><br>Defendants. | CASE NO. 2:21-cv-01706-JHC<br><br>ORDER |

## I
## INTRODUCTION

This matter comes before the Court on: (1) "Defendant King County's Motion for Judgment as a Matter of Law Pursuant to Rule 50(a)" (Dkt. # 368); (2) "Defendant City of Redmond's Motion for Directed Verdict Pursuant to Fed. R. Civ. P. 50(a)" (Dkt. # 370); and (3) Defendant City of Redmond's Oral Motion to Strike (made during trial day at Dkt. # 372). The Court has reviewed the materials filed in support of and in opposition to the motions, the parties' oral presentations, the record, and the governing law. Being fully advised, for the reasons below, the Court: (1) GRANTS IN PART and RESERVES IN PART as to King County's Motion for Judgment as a Matter of Law (Dkt. # 368); (2) GRANTS IN PART and RESERVES IN PART

as to City of Redmond's Motion for Directed Verdict (Dkt. # 370); and (3) DENIES City of Redmond's Oral Motion to Strike (made during trial day at Dkt. # 372).[1]

## II
## DISCUSSION

Under Federal Rule of Civil Procedure 50(a), a district court "should render judgment as a matter of law when 'a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149 (2000) (quoting Fed. R. Civ. P. 50(a)). "A party seeking judgment as a matter of law has a 'very high' standard to meet." *Applied Med. Res. Corp. v. U.S. Surgical Corp.*, 549 F. Supp. 2d 1208, 1209 (C.D. Cal. 2008), *aff'd,* 312 F. App'x 326 (Fed. Cir. 2009) (quoting *Costa v. Desert Palace*, 299 F.3d 838, 859 (9th Cir. 2002)). And the district court cannot make credibility determinations or weigh evidence; it must consider all the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in their favor. *See Hartzell v. Marana Unified Sch. Dist.*, 130 F.4th 722, 734 (9th Cir. 2025); *Costa*, 299 F.3d at 859.

A. King County's Motion for Judgment as a Matter of Law (Dkt. # 368)

At the outset of trial, Plaintiff asserted a 42 U.S.C. § 1983 failure to train claim and a state-law malicious prosecution claim against King County. *See* Dkt. # 332 at 1. King County now moves for judgment as a matter of law on both claims, asserting that "a reasonable jury would not have a legally sufficient evidentiary basis to find in Plaintiff's favor" on either claim. Dkt. # 368 at 1.

[1] The Court also GRANTS Defendants' motions to strike overlength portions of Plaintiff's response briefs and DENIES Plaintiff's requests for leave. Dkt. ## 368 at 17 n.8; 377 at 15 n.6; 379 at 1–2; 380 at 1–2; LCR 7(d)(3); LCR 7(e)(3); LCR 7(f). The Court need not address the County's motion to strike evidence offered for a limited purpose, *see* Dkt. # 379 at 2, as the evidence plays no role in the Court's analysis.

As for the § 1983 claim, Plaintiff "concedes that he has not marshalled sufficient evidence to prove that Defendant King County is liable for training or supervision failures that were so 'patently obvious' as to prevail on his § 1983 claims against [King County.]" Dkt. # 376 at 1. Accordingly, the Court GRANTS King County's motion as to this claim and DISMISSES Plaintiff's remaining § 1983 claim against King County with prejudice.

As for the state-law claim, the Court RESERVES its ruling pursuant to Federal Rule of Civil Procedure 50(b), and the County may renew its motion under that rule.

B. City of Redmond's Motion for Directed Verdict (Dkt. # 370)

At the outset of trial, Plaintiff asserted a 42 U.S.C. § 1983 failure to train claim and a state-law malicious prosecution claim against the City of Redmond. *See* Dkt. # 332 at 1. The City of Redmond now moves for judgment as a matter of law, contending that it is entitled to judgment as a matter of law on both claims because of various evidentiary and legal defects. *See* Dkt. # 370 at 3–4.

As for the § 1983 claim, viewing the evidence in the light most favorable to Plaintiff—and drawing all reasonable inferences in his favor—the Court concludes that the claim must be dismissed. Simply put, as a matter of law, the evidence does not support a single-incident theory claim for failure to train against Redmond. *See, e.g.*, *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1154 (9th Cir. 2021) (explaining that "[s]ingle acts may trigger municipal liability" only "where fault and causation [are] clearly traceable to a municipality's legislative body or some other authorized decisionmaker") (cleaned up and citations omitted); *Perez v. City of Fresno*, 98 F.4th 919, 932 (9th Cir. 2024) (concluding that "[t]he possible inadequate training of two [ ] officers . . . is insufficient to support a *Monell* [failure to train] claim"); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390–91 (1989) ("That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have

resulted from factors other than a faulty training program."). The Court thus GRANTS Redmond's motion as to this claim and DISMISSES Plaintiff's remaining § 1983 claim against Redmond with prejudice.

As for the state-law claim, the Court RESERVES its ruling pursuant to Federal Rule of Civil Procedure 50(b), and the City may renew its motion under that rule.

C. City of Redmond's Oral Motion to Strike

At trial, the City of Redmond moved to strike evidence and testimony elicited by Plaintiff's counsel from defense witness Erin Ehlert relating to searches of Cameron Johnson's home and car as irrelevant and unfairly prejudicial. As the Court suggested at the end of the trial day on September 25, 2026, Dkt. # 375, the Court finds this evidence relevant to Plaintiff's malicious prosecution claims against both the County and the City. *See* Fed. R. Evid. 401 & 402. It also does not find this information unfairly prejudicial. *See* Fed. R. Evid. 403. Thus, the Court DENIES the motion.

## III
## CONCLUSION

For these reasons, the Court:

(1) GRANTS IN PART and RESERVES IN PART as to Defendants' Motions at Dkt. ## 368 & 370;

(2) DISMISSES Plaintiff's remaining 42 U.S.C. § 1983 failure to train claims against Defendants with prejudice;[2]

(3) DENIES City of Redmond's Oral Motion to Strike; and

[2] Notwithstanding the dismissal of all federal claims in this action, given the case's posture (i.e., the middle of trial), principles of fairness and efficiency strongly favor the Court continuing to exercise supplemental jurisdiction over the state-law claims. *See Trustees of the Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 926 (9th Cir. 2003).

(4) DIRECTS the parties to file an updated joint statement concerning proposed final jury instructions and verdict forms by end of day Monday, September 28, 2026. The updated statement should take into account this Order, the Court's evidentiary rulings throughout trial (e.g., the parties may propose limiting instructions to be included in the final jury instructions), and any other court order that may bear on the contents of the final jury instructions and verdict form. The Court also DIRECTS counsel to email Word versions of proposed jury instructions and verdict forms to chunorders@wawd.uscourts.gov.

Dated this 28th day of September, 2026.

John H. Chun
United States District Judge