UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EMANUEL D. FAIR,

Plaintiff,

v.

KING COUNTY, a political subdivision of the State of Washington; CITY OF REDMOND, a municipal entity and political subdivision of the State of Washington,

Defendants.

CASE NO. 2:21-cv-01706-JHC

**FINAL JURY INSTRUCTIONS**

Dated this 30th day of September, 2026.

John H. Chun
United States District Judge

**JURY INSTRUCTION NO. 1**

**Duty of Jury**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**JURY INSTRUCTION NO. 2**

**Two or More Parties—Different Legal Rights**

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

**JURY INSTRUCTION NO. 3**

**Burden of Proof—Preponderance of the Evidence**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## JURY INSTRUCTION NO. 4

### What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are admitted into evidence;

(3) any facts to which the lawyers have agreed; and

(4) any facts that I may instruct you to accept as proved.

**JURY INSTRUCTION NO. 5**

**What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**JURY INSTRUCTION NO. 6**

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

## JURY INSTRUCTION NO. 7

### Ruling on Objections

There are rules of evidence that control what can be received into evidence. During trial, when a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer was entitled to object. If I overruled the objection, the question could be answered, or the exhibit received. If I sustained the objection, the question could not be answered, and the exhibit could not be received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**JURY INSTRUCTION NO. 8**

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else they said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## JURY INSTRUCTION NO. 9

### Taking Notes

You were permitted to take notes to help you remember the evidence. If you did take notes, please keep them to yourself until you go to the jury room to decide the case. When you leave at the end of the day or at the conclusion of your deliberations, your notes should be left in the jury room. No one will read your notes. Your notes will be destroyed after you render your verdict.

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

## JURY INSTRUCTION NO. 10

### Bench Conferences and Recesses

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence should be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I do not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**JURY INSTRUCTION NO. 11**

**Evidence in Electronic Format**

Exhibits capable of being displayed electronically will be provided to you in the jury room. A computer, large screen monitor, and accessory equipment will be available.

The courtroom deputy or IT staff will show you how to operate the computer, locate and view the exhibits. A paper list of exhibits received in evidence will also be provided. If you need additional equipment or supplies, you may make a request by sending a note to the courtroom deputy.

If technical problems or questions about how to operate the computer occur, send a note to the courtroom deputy, signed by your foreperson or by one or more members of the jury. Be as brief as possible in describing the problem. Do not refer to or discuss any exhibit you were attempting to view.

If technical problems or questions require hands-on maintenance or instruction, IT staff will enter the jury room with the courtroom deputy. The only matter to be discussed is the technical problem. When a court technician or any non-juror is in the room, the jury shall not deliberate. Jurors should only describe the technical problem or seek information about operation of equipment, not discuss any exhibit or any aspect of the case.

The purpose of providing the computer in the jury room is to view the exhibits received in evidence. You may not use the computer for any other purpose. Per court policy, technicians have taken steps to make sure that the computer does not permit access to the internet or to any "outside" material. Do not attempt to alter the computer to gain access to other material. If you discover that the computer provides or allows access to outside sources, you must inform the courtroom deputy immediately and stop viewing the information. Do not remove the computer or any electronic data from the jury room, and do not copy any data.

## JURY INSTRUCTION NO. 12

### Introduction to Claims & Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff, Emanuel Fair, asserts claims for malicious prosecution against the City of Redmond and King County. The plaintiff has the burden of proving his claims by a preponderance of the evidence.

The defendants, King County and the City of Redmond, deny the plaintiff's claims. King County raises the defense of prosecutorial immunity. The City of Redmond asserts that it fully and fairly disclosed to the King County Prosecuting Attorney's Office all material information to make a charging decision. The plaintiff denies these defenses.

**Claims No Longer in Case**. At the beginning of trial, the Court mentioned that Mr. Fair had also claimed that the City of Redmond and King County violated his rights as a result of failing to properly train their employees. These claims are no longer in the case and so you need not decide them.

# JURY INSTRUCTION NO. 13

## Stipulations of Facts

The parties have agreed to certain facts that I will now read to you. You must therefore treat these facts as having been proved.

(1) Jeff Baird was a Senior Deputy Prosecuting Attorney at the King County Prosecuting Attorney's Office at the time of the investigation into the murder of Arpana Jinaga and at the time Emanuel Fair was charged and jailed for that murder.

(2) Defendant City of Redmond is a municipal corporation that manages the Redmond Police Department. Brian Coats was, at all times relevant, a detective with the Redmond Police Department. Brian Coats participated in the investigation of Ms. Jinaga's murder.

(3) At all relevant times Jeff Baird and Brian Coats were acting within the scope of their employment with King County and the City of Redmond respectively and were acting under color of law.

(4) Ms. Jinaga was murdered in her home at the Valley View Apartments in Redmond, Washington sometime in the morning hours of November 1, 2008, after she hosted a Halloween party with other residents of her apartment complex on the night of October 31, 2008. The King County medical examiner ruled Ms. Jinaga's cause of death to be asphyxiation by strangulation.

(5) Jeff Baird was the prosecutor who responded to the crime scene. Mr. Baird, and other members of the prosecutor's office worked with Redmond Police throughout the investigation and prosecution of Ms. Jinaga's murder.

(6) Brian Coats was one of the lead detectives in the investigation into Ms. Jinaga's murder.

(7) Brian Coats signed the certification for determination of probable cause that was reviewed by the judge who found probable cause existed to charge Emmanuel Fair with Murder and who set bail.

(8) Mr. Fair remained in the King County Jail while his case was pending. Mr. Fair's first trial in 2017 ended in a mistrial. Mr. Fair's second trial in 2019 resulted in an acquittal when the jury unanimously found him not guilty.

**JURY INSTRUCTION NO. 14**

**Plaintiff's State Law Malicious Prosecution Claim Against Defendant King County**

Mr. Fair brings a claim for malicious prosecution against King County under Washington State law. To prevail on this claim, Mr. Fair must prove the following elements by a preponderance of the evidence:

(1) That King County initiated a criminal proceeding against Mr. Fair (as explained in Instruction No. 16);

(2) That the criminal proceeding was initiated without probable cause (as defined in Instruction No. 17);

(3) That the criminal proceeding was initiated with malice (as defined in Instruction No. 19);

(4) That the criminal proceeding terminated in Mr. Fair's favor; and

(5) That Mr. Fair suffered injury or damage as a result of the criminal proceeding (as explained in Instruction No. 20).

The parties have stipulated that the criminal proceeding terminated in plaintiff's favor. Element four is therefore established, and I instruct you to treat it as proven.

## JURY INSTRUCTION NO. 15

**Plaintiff's State Law Malicious Prosecution Claim Against Defendant City of Redmond**

Mr. Fair brings a claim for malicious prosecution against the City of Redmond under Washington State law. To prevail on this claim, Mr. Fair must prove the following elements by a preponderance of the evidence:

(1) That the City of Redmond initiated a criminal proceeding against Mr. Fair;

(2) That the criminal proceeding was initiated without probable cause (as defined in Instruction Nos. 17 & 18);

(3) That the criminal proceeding was initiated with malice (as defined in Instruction No. 19);

(4) That the criminal proceeding terminated in Mr. Fair's favor; and

(5) That Mr. Fair suffered injury or damage as a result of the criminal proceeding (as explained in Instruction No. 20).

The parties have stipulated that the City of Redmond initiated a criminal proceeding against plaintiff. The parties have also stipulated that the criminal proceeding terminated in plaintiff's favor. Elements one and four are therefore established, and I instruct you to treat them as proven.

**JURY INSTRUCTION NO. 16**

**Element One: "That King County initiated a criminal proceeding against Mr. Fair"**

A prosecuting attorney may initiate a criminal proceeding through a prosecutorial role; for example, by filing charges against an accused individual or by deciding to take a case to trial. A prosecuting attorney may also initiate a criminal proceeding through an investigative role; for example, by supplying the factual basis used to obtain a warrant or charge a person with a crime.

For purposes of plaintiff's claim against King County, you must find that a prosecuting attorney at the King County Prosecuting Attorney's Office, while acting through an investigative role, initiated a criminal proceeding against Mr. Fair. If you find that Jeff Baird or any other prosecuting attorney for the King County Prosecuting Attorney's Office initiated the proceeding while acting in an investigative role, you may find the first element of plaintiff's claim established.

In this case, you have also heard evidence concerning certain acts that were performed by prosecuting attorneys at the King County Prosecuting Attorney's Office in their prosecutorial roles. These acts include, for example: (1) the decision to charge—or not to charge—Emanuel Fair or anyone else with the murder of Arpana Jinaga; and (2) the decision about whether to take Emanuel Fair's case to trial. Because these actions are protected by prosecutorial immunity, you may not decide that King County is liable for initiating a criminal proceeding against Mr. Fair based on any of these actions, or any other actions by the prosecutors that involve their prosecutorial roles.

**JURY INSTRUCTION NO. 17**

**Element Two: "That the criminal proceeding was initiated without probable cause"**

Probable cause exists when, under all of the circumstances known to the officer or prosecutor at the time, an objectively reasonable officer or prosecutor would conclude there is a fair probability that a particular person has committed the crime.

Those facts known by the defendant need not meet the "beyond a reasonable doubt" standard that a jury uses for deciding whether to convict a person on trial for a crime. Mere suspicion or common rumor is not enough. There must be evidence that would allow a reasonable officer or prosecutor to conclude that a particular individual has committed the criminal offense.

**JURY INSTRUCTION NO. 18**

**Element Two: Full & Fair Disclosure**

For purposes of plaintiff's claim against the City of Redmond, if you find that, prior to Emanuel Fair being charged with murder, the City of Redmond, through its investigators, fully and fairly disclosed all material facts known to it to the King County Prosecuting Attorney's Office then you must find the City of Redmond not liable.

A "material fact" is a fact that would negate the existence of probable cause, meaning that after accounting for the fact, an objectively reasonable officer, under all of the circumstances known to them at the time, would not conclude that there is a fair probability that the plaintiff had committed the crime.

**JURY INSTRUCTION NO. 19**

**Element Three: "That the criminal proceeding was initiated with malice"**

The word "malice" is a term of law that has a broader definition than its ordinary conversational use.

The element of malice may be satisfied by showing that the criminal proceeding was undertaken from improper or wrongful motives or in reckless disregard of the rights of the plaintiff. Malice cannot be inferred from a lack of probable cause alone. But malice can be inferred from a lack of probable cause, if it is also accompanied by proof that the investigation or prosecution was undertaken with improper motives or reckless disregard for the plaintiff's rights.

**JURY INSTRUCTION NO. 20**

**Element Five: "That Mr. Fair suffered injury or damage as a result of the criminal proceeding"**

An injury or damage is the "result of the criminal proceeding" if the proceeding is a proximate cause of the claimed injury or damage.

The term "proximate cause" means a cause which in a direct sequence unbroken by any superseding cause, produces the injury complained of and without which such injury would not have happened. A superseding cause is a new independent cause that breaks the chain of proximate causation between a defendant's actions and the injury.

There may be more than one proximate cause of an injury.

**JURY INSTRUCTION NO. 21**

**Damages—Proof & Measures of Types of Damages**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered. If you find for Mr. Fair on any of his claims, then you must decide Mr. Fair's damages. Damages means the amount of money that will reasonably and fairly compensate Mr. Fair for any injury you find was caused by King County and/or the City of Redmond. Mr. Fair has the burden of proving damages by a preponderance of the evidence.

In determining the measure of compensatory damages, you should consider the following:

- The nature and extent of the injuries caused;
- The loss of enjoyment of life experienced by Mr. Fair and with reasonable probability to be experienced in the future; and
- The physical, mental, and emotional pain and suffering experienced by Mr. Fair and with reasonable probability to be experienced in the future.

It is your job to decide what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture. The law has not furnished us with any fixed standards by which to measure these damages. With reference to these matters, you must be governed by your own judgment, by the evidence in the case, and by these instructions.

**JURY INSTRUCTION NO. 22**

**Deposition in Lieu of Live Testimony**

During trial, the plaintiff played a deposition of Brian Coats. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of Brian Coats was taken on February 7, 2024. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

**JURY INSTRUCTION NO. 23**

**Opinion Testimony**

During trial, you heard testimony from multiple witnesses who testified about their opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of the witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

**JURY INSTRUCTION NO. 24**

**Evidence for Limited Purpose**

During trial, some evidence was admitted for a limited purpose only.

When I instructed you that an item of evidence was admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

In addition, you must consider the following evidence only for a limited purpose:

(1) Exhibits that experts relied on.

You have been instructed throughout trial about exhibits that expert witnesses relied upon in forming their opinions. These exhibits were admitted only for the limited purpose of helping you understand the basis for the experts' opinions. You may consider this evidence only to evaluate the strength and reliability of the experts' opinions. You may not consider it as substantive evidence—that is, you may not treat the evidence as proof of the truth of the matter asserted.

(2) Evidence concerning Mr. Fair's prior criminal history and other prior acts.

You have heard evidence concerning Mr. Fair's prior criminal history and other prior acts. This evidence may be considered by you only for the purposes of: (1) evaluating the totality of the circumstances known to law enforcement or prosecutors for purposes of determining probable cause; (2) determining what information law enforcement or prosecutors knew about Plaintiff Emanuel Fair for purposes of evaluating their motives and states of mind; (3) determining what damages, if any, are attributable to the claimed malicious prosecution; and (4) assessing the credibility of witnesses, including Plaintiff Emanuel Fair, to the extent they offered testimony about Plaintiff Emanuel Fair's character or indicated that they either had knowledge or lacked knowledge of his prior convictions. This evidence may not be considered by you to assume that Mr. Fair has a propensity to commit crimes or for any other purpose not listed

above. Any discussion of the evidence during your deliberations should be consistent with these limitations.

(3) Evidence of Mr. Fair's acquittal.

You have heard that Mr. Fair was acquitted of the criminal charges against him in his criminal trial. An acquittal means that the prosecution did not establish Mr. Fair's guilt beyond a reasonable doubt during his criminal trial, and he was therefore found not guilty by the jury in that trial. The beyond-a-reasonable-doubt standard required for a criminal conviction is a different, and higher standard, than the standard for probable cause. Mr. Fair's acquittal therefore does not, standing alone, establish that probable cause was lacking.

(4) Evidence concerning the King County Prosecuting Attorney's Office's charging decisions.

You have heard evidence in this case concerning the charging decisions of King County and its prosecutors. Such evidence includes the decision to charge Emanuel Fair with the murder of Arpana Jinaga, the decision not to charge anyone else for that crime, and the decision to take Emanuel Fair's case to trial on two separate occasions. Such decisions, while relevant to this case, are protected by prosecutorial immunity. You therefore cannot decide that King County is liable for malicious prosecution based on any of these actions or any other actions reasonably related to the criminal court cases against Plaintiff Emanuel Fair.

**JURY INSTRUCTION NO. 25**

**Duty to Deliberate**

Before you begin your deliberations, elect one member of the jury as your Presiding Juror. The Presiding Juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**JURY INSTRUCTION NO. 26**

**Consideration of Evidence—Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you

happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**JURY INSTRUCTION NO. 27**

**Communications with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**JURY INSTRUCTION NO. 28**

**Return of Verdict**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the clerk that you are ready to return to the courtroom.